ORIGINAL

FILED
NOV 19 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

Martin R. Boles (S.B.N. 124159)
Mark T. Cramer (S.B.N. 198952)
Linda Bassett (S.B.N. 250279)
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STANFORD, individually and on behalf of all other persons similarly situation and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 07-CV-2193 LAB (WMC)<br><br>**Class Action**<br><br>**DEFENDANT HOME DEPOT U.S.A., INC.'S CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** |

BY FAX

ORIGINAL

CR

I, Vanjo Lickhalter, certifies and declares as follows:

I am over the age of 18 years and not a party to this action.

My business address is 777 South Figueroa St., Los Angeles, CA 90017.

On November 16, 2007, I caused the following document to be personally served in such envelope by hand-delivery:

(1) A copy of Defendant Home Depot U.S.A., Inc.'s Notice to Adverse Party of Removal to Federal Court dated November 16, 2007 filed in the Superior Court of the State of California for the County of San Diego, Central Division, attached to this Certificate as Exhibit 1.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 19, 2007.

Vanjo Lickhalter

EXHIBIT 1

COPY

Martin R. Boles (S.B.N. 124159)
mboles@kirkland.com
Mark T. Cramer (S.B.N. 198952)
mcramer@kirkland.com
Linda Bassett (S.B.N. 250279)
lbassett@kirkland.com
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

NOV 16 '07 PM 3:35

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO, CENTRAL DIVISION

BY FAX

| | |
|---|---|
| RICHARD STANFORD, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 37-2007-00077691-CU-BC-CTL<br><br>**Class Action**<br><br>**DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** |

TO PLAINTIFF RICHARD STANFORD AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United States District Court for the Southern District of California on November 16, 2007.

A copy of the said Notice of Removal is attached to this Notice, and is served and filed forthwith.

DATED: November 16, 2007

KIRKLAND & ELLIS LLP

By: Mark T. Cramer

Martin R. Boles (S.B.N. 124159)
Mark T. Cramer (S.B.N. 198952)
Linda Bassett (S.B.N. 250279)

Attorneys for Defendant
HOME DEPOT, U.S.A., INC.

COPY
FILED

07 NOV 16 PM 2:49

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: DEPUTY

Martin R. Boles (S.B.N. 124159)
Mark T. Cramer (S.B.N. 198952)
Linda Bassett (S.B.N. 250279)
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BY FAX

| | |
|---|---|
| RICHARD STANFORD, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. '07 CV 2193 LAB (WMC)<br><br>**Class Action**<br><br>**DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1441, 1332(d), AND 1453** |

**EXHIBIT 1**

PLEASE TAKE NOTICE that Defendant Home Depot U.S.A., Inc. hereby removes to this Court the Superior Court of California action described below.

**RELEVANT STATE COURT PROCEEDINGS**

1. On October 12, 2007, Plaintiff Richard Stanford commenced this putative class action against Home Depot in the Superior Court of the State of California, County of San Diego, entitled *Richard Stanford, individually and on behalf of all other persons similarly situated and on behalf of the general public, v. Home Depot U.S.A., Inc., a Delaware corporation; and DOES 1 through 100, inclusive*, Case No. 37-2007-00077691-CU-BC-CTL. Home Depot was first served with a copy of the Summons and the Complaint on October 19, 2007. A copy of the Complaint is attached as **Exhibit A** and a copy of the Proof of Service of Summons is attached as **Exhibit B**.

2. Plaintiff Stanford purports to bring this action on behalf of himself and a Class consisting of "[a]ll persons in California who purchased hot water heaters from defendant Home Depot U.S.A., Inc. for delivery and installation and paid a municipal permit fee ("the Class") from October 15, 2003 to the date of the trial." (Ex. A at ¶ 15.) Plaintiff alleges that Defendant failed to fulfill its obligation to obtain the municipal permits for water heaters advertised in the store and sold to consumers, in violation of Consumers Legal Remedies Act (California Civil Code §§ 1750 *et seq.*) and California Business & Professions Code §§ 17200 *et seq*. (Ex. A. at ¶¶ 23-46.) Plaintiff also asserts common law claims for breach of contract and breach of the implied covenant of good faith and fair dealing. (Ex. A at ¶¶ 47-54.)

3. Plaintiff seeks statutory, general, special, compensatory and consequential damages; injunctive relief; disgorgement of allegedly ill-gotten gains; and attorneys' fees. (Ex. A, Prayer, ¶¶ A-K.)

**THE COURT HAS JURISDICTION UNDER**
**THE PROVISIONS OF THE CLASS ACTION FAIRNESS ACT**

4. Home Depot hereby removes this action in good faith under 28 U.S.C. § 1332(d), 28 U.S.C. § 1441, and 28 U.S.C. § 1453.

5. This removal is timely and within the 30-day removal period established by 28 U.S.C. § 1446(b).

6. This Court has original jurisdiction under 28 U.S.C. § 1332(d)(2) over any civil action in which the matter in controversy exceeds the sum or value of $5,000,000 and in which any class member is a citizen of a state different from any defendant. These requirements for this Court's original jurisdiction exist here.

7. First, diversity of citizenship exists. The named Plaintiff is a citizen of the State of California (Ex. A at ¶ 8.) Home Depot is a Delaware corporation with its principal place of business in Georgia. (*See* Ex. A at ¶ 12; *see also Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102, 1105-08 (S.D. Cal. 2003) (finding that California does not contain a "substantial preponderance of Home Depot's business activities," and that Home Depot is not a citizen of California for federal jurisdictional purposes, but a citizen of Georgia and Delaware)). This diversity of citizenship meets the requirements of 28 U.S.C. § 1332(d)(2)(A).

8. Second, the amount in controversy exceeds the sum or value of $5,000,000 when the class claims are aggregated. *See* 28 U.S.C. § 1332(d)(6). "The calculation of the amount in controversy takes into account claims for 'general' damages, 'special' damages, punitive damages if recoverable as a matter of law, and attorneys' fees recoverable by statute or contract." *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005). Home Depot denies that Plaintiff or the proposed Class are entitled to any of the relief sought in the Complaint, but the monetary damages, restitution, disgorgement, and other relief sought in the Complaint exceeds $5,000,000, exclusive of interest and costs.

9. Plaintiff's disgorgement claim alone exceeds the $5,000,000 amount in

controversy requirement. Plaintiff seeks disgorgement of "all monies" Home Depot obtained for municipal permit fees in connection with water heater sales and installations from October 15, 2003 to the date of trial. (Ex. A at ¶ 15 & Prayer, ¶ B.) These monies include revenue from a "substantial" number of class members over a four year period. Ex. A. ¶¶ 15, 16. Home Depot has not yet located data for the entire class period but, from January 31, 2005 to October 28, 2007 alone, Home Depot sold more than 60,000 water heater installations in California. (*See* Ex. C (Donaldson Decl. ¶ 3.)) Plaintiff alleges that he paid $112.00 for his permit fee and that his claims "are typical of the claims of other class members." (Ex. A at ¶¶ 10, 18) Because Plaintiff seeks disgorgement of these fees for each class member, the $5,000,000 amount in controversy requirement is satisfied based on Plaintiff's disgorgement claim alone, even before taking into account the value of any of the other relief sought in the Complaint.

10. But the Court can and should take into account the value of the other relief sought in the Complaint for purposes of determining whether the amount in controversy requirement is met. *See Rippee*, 408 F. Supp. 2d at 984. Here, in addition to monetary damages and restitution, Plaintiff seeks injunctive relief and attorneys' fees. (Ex. A, Prayer, ¶¶ C, J.) Although it is difficult at this point to quantify the cost of the injunctive relief Plaintiff seeks or the amount of attorneys' fees Plaintiff will ultimately request in this case, both add significant amounts that should be taken into account in calculating the jurisdictional minimum. In sum, Plaintiff's claims for compensatory damages, disgorgement, injunctive relief, and other relief exceed the $5,000,000 amount in controversy requirement, exclusive of interest and costs.

11. Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1332(d) and removal is proper here under 28 U.S.C. §§ 1441(a) and 1453. This case does not fall within the provisions of 28 U.S.C. § 1332(d)(3) or (4) because Home Depot is not a citizen of California.

12. There are no other named defendants who need to be joined in this Notice of Removal.

13. In compliance with 28 U.S.C. § 1446(a), Home Depot has attached to this Notice of Removal a copy of all process, pleadings, and orders served upon it in the Superior Court of California action. (*See* Ex. D.)

14. In compliance with 28 U.S.C. § 1446(d), Home Depot is providing notice of this removal to the Plaintiff, and is filing a copy of this Notice of Removal with the Superior Court for the State of California, thereby effecting removal of this action to this Court.

DATED: November 16, 2007

KIRKLAND & ELLIS LLP

By: Mark T. Cramer

Martin R. Boles (S.B.N. 124159)
Mark T. Cramer (S.B.N. 198952)
Linda Bassett (S.B.N. 250279)

Attorneys for Defendant
HOME DEPOT, INC.

# Exhibit A

Patrick N. Keegan, Esq. (SBN: 167698)
Brent Jex, Esq. (SBN: 235261)
KEEGAN & BAKER, LLP
4370 La Jolla Village Drive, Suite 640
San Diego, California 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749

Attorneys for Representative Plaintiff
RICHARD STANFORD

CENTRAL DIVISION
2007 OCT 12 PM 5:31
SAN DIEGO COUNTY, CA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION**

| | |
|---|---|
| RICHARD STANFORD, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | ) Case No. 37-2007-00077691-CU-BC-CTL<br>)<br>) **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br>)<br>) (1) **Breach of Contract;**<br>) (2) **Breach of Implied Covenant of Good Faith & Fair Dealing;**<br>) (3) **Deceptive Trade Practices in Violation of California Civil Code §§ 1750 *et. seq.* (Consumers Legal Remedies Act); and**<br>) (4) **Unlawful, Fraudulent and Unfair Business Acts and Practices in Violation of California Business & Professions Code §§ 17200, *et seq.*** |

## TABLE OF CONTENTS


NATURE OF ACTION . . . . . . . . . . 1

JURISDICTION AND VENUE . . . . . . . . . . 2

PARTY ALLEGATIONS . . . . . . . . . . 3

A. Plaintiff Richard Stanford . . . . . . . . . . 3

B. Defendant Home Depot U.S.A., Inc. . . . . . . . . . . 4

C. Does 1-100. . . . . . . . . . . 4

CLASS ALLEGATIONS . . . . . . . . . . 5

FACTUAL ALLEGATIONS . . . . . . . . . . 7

FIRST CAUSE OF ACTION
Breach of Written Contract . . . . . . . . . . 9

SECOND CAUSE OF ACTION
Breach of Implied Covenant Of Good Faith & Fair Dealing . . . . . . . . . . 10

THIRD CAUSE OF ACTION
Deceptive Trade Practices in Violation of California Civil Code §§ 1750 *et. seq.* (Consumers Legal Remedies Act) . . . . . . . . . . 11

FOURTH CAUSE OF ACTION
Unlawful, Fraudulent and Unfair Business Acts and Practices in Violation of California Business & Professions Code §§17200 *et seq.* . . . . . . . . . . 14

PRAYER . . . . . . . . . . 16

DEMAND FOR JURY TRIAL . . . . . . . . . . 18

Plaintiff Richard Stanford (hereinafter "Stanford" or "Plaintiff"), by his attorneys, individually and on behalf of all others similarly situated, alleges upon personal knowledge as to himself and his acts stated herein, and as to all other matters upon information and belief upon, as follows:

## NATURE OF ACTION

1. This is a class action for damages, equitable and/or injunctive relief on behalf of a class of all California residents who paid Defendant Home Depot U.S.A., Inc. (hereinafter "Defendant" or "Home Depot") monies for a bundled package of goods and services, including but not limited to a "permit fee", that was supposed to include both the purchase, delivery and installation of a hot water heater, ***and*** any and all "required" municipal permits relating to the installation of the hot water heater in the class members' residences, but actually did not include the municipal permit.

2. As a result of the conduct described above, Home Depot has been and continues to be unjustly enriched at the expense of Plaintiff, and others similarly situated. Specifically, Defendant has received and retained a substantial excess profits earned from charging the class members for a service that was never provided: the acquiring and filing of any and all "required" municipal permits relating to the installation of a hot water heater in the class members' residences.

3. Accordingly, Plaintiff, on behalf of himself and all others similarly situated, seeks damages for recovery of all charges, fees, costs, and other expenses related to the acquiring and filing of any and all "required" municipal permits for the installation of a hot water heater purchased from Home Depot. In addition, Plaintiff, on behalf of himself and all others similarly situated, alleges violations of the California Civil Code §§ 1750 *et seq.* and California Business & Professions Code §§ 17200 *et seq.* by Home Depot, and seeks for equitable and/or injunctive relief in the form of requiring Defendant to (1) identify and refund all charges, fees, costs, and other expenses incurred by Plaintiff and all others similarly situated related to the acquiring and filing of any and all "required" municipal permits for the installation of a hot water heater purchased from Defendant and/or remit the charges or fees collected from Plaintiff and all others similarly situated to the municipal governments that are responsible for issuing the "required" municipal permits, and

otherwise take all necessary steps to ensure that Plaintiff and others similarly situated actually receive the "required" municipal permits relating to the installation of a hot water heater in the Plaintiff's and class members' residences within a reasonable time; (2) stop the collection of all charges, fees, costs, and other expenses for the acquiring and filing of any and all municipal permits for the installation of a hot water heater purchased from Defendant not required; (3) create a policy to timely refund all charges, fees, costs, and other expenses related to the acquiring and filing of any and all "required" municipal permits for the installation of a hot water heater purchased from Defendant never obtained, acquired, prepared, filed, applied for, or otherwise caused to recorded with the applicable municipal governments in California within a reasonable time; (4) create a policy to timely remit the charges or fees collected from Plaintiff and all others similarly situated to the municipal governments that are responsible for issuing the "required" municipal permits, and otherwise take all necessary steps to ensure that Plaintiff and others similarly situated actually receive the "required" municipal permits relating to the installation of a hot water heater in the Plaintiff's and class members' residences within a reasonable time; (5) publicize a corrective notice of these wrongful practices and the corrective action taken to stop these wrongful practices to all of Defendant's customers, at Defendant's expense; and (6) paying Plaintiff's attorneys' fees and costs of litigation pursuant to the California Civil Code § 1780(d) and the California Code of Civil Procedure § 1021.5.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendant and jurisdiction over this action pursuant to the Code of Civil Procedure § 410.10, since Defendant is qualified and registered to do business, and in fact does business, in the State of California, including the receipt of payments from Plaintiffs and the Class at Home Depot's stores from locations within California.

5. Venue as to the Defendant is proper in this judicial district pursuant to the provisions of the Civil Code § 1780(c), the Business & Professions Code § 17203, and the Code of Civil Procedure §§ 395(a) and 395.5. Plaintiff is located and resides within this judicial district; all acts and/or omissions occurred in this judicial district and throughout the State of California; and Defendant is licensed to, and do, conduct significant business with Class members within this

judicial district. Specifically, at Home Depot's store located at 4255 Genesee Avenue, San Diego, CA 92117, Plaintiff paid Home Depot monies for a bundled package of goods and services, including but not limited to a "permit fee", that was supposed to include both the purchase, delivery and installation of a hot water heater, ***and*** any and all "required" municipal permits relating to the installation of the hot water heater in the class members' residences, but actually did not include the municipal permit. Moreover, by doing business in this judicial district of California, Defendants are alleged to have committed violations of the California Civil Code and the California Business & Professions Code, in addition to numerous common law causes of action, in this judicial district, which have had an adverse effect upon the finances of residents of the County of San Diego.

6. No federal question jurisdiction exists because each cause of action alleged arises solely under California law. No portion of this Complaint is brought pursuant to federal law.

7. There is no federal diversity jurisdiction because the amount in controversy for the individual claim of Plaintiff is less than $75,000.00.

## PARTY ALLEGATIONS

**A. Plaintiff Richard Stanford.**

8. Plaintiff Richard Stanford (hereinafter "Stanford" or "Plaintiff") is an adult residing at 5961 La Jolla Scenic Drive, La Jolla, CA 92037, within the municipal district of the city of San Diego, California. On May 29, 2007, Plaintiff went to the Home Depot store located at 4255 Genesee Avenue, San Diego, California 92117 (the "Store") with the intention of purchasing a hot water heater for his residence.

9. When Plaintiff went to the Store on May 29, 2007, Plaintiff saw and read Home Depot's two uniformed advertisements for water heaters and their installation posted in the Store's aisle for water heaters as more fully set forth *infra*.

10. Relying on Home Depot's two uniformed advertisements, and with the expectation that, if he paid for a hot water heater, delivery, installation, and a "permit fee," he would indeed receive both the purchase, delivery and installation of a hot water heater, and any and all "required" municipal permits relating to the installation of the hot water heater in his residence, and with the expectation that defendant Home Depot would take all necessary steps to obtain, acquire, prepare,

file, apply for, or otherwise caused to recorded with the city of San Diego, all the "required" municipal permits relating to the installation of the hot water heater in his residence, Plaintiff paid a total sum of $835.01 to Home Depot for a bundled package of goods and services that was supposed to include both the purchase, delivery and installation of a hot water heater, and the acquisition of any and all "required" municipal permits relating to the installation of the hot water heater in Plaintiff's residence. Specifically, as set forth in his receipt and written contract with Home Depot dated "05/29/07", Plaintiff was charged for $698.00 for a GE SmartWater water heater "50 GL TALL 12 YR (SKU #185-191)", and $112.00 for a "PERMIT FEE AS REQUIRED- (SEE PRICE LIST)/LA JOLLA, LINDA VISTA", and $25.00 for a "SEDIMENT TRAP (DRIP TEE FOR GAS ONLY) *REQUIRED FOR CITY OF SAN DIEGO*", on which amounts no sales tax was charged.

11. As of the date of filing of this complaint and notwithstanding his payment of the "permit fee," Home Depot has never prepared, filed, applied for, or otherwise caused to recorded with the city of San Diego any "required" municipal permit relating to the installation of the hot water heater in Plaintiff's residence.

**B. Defendant Home Depot U.S.A., Inc.**

12. Defendant Home Depot U.S.A., Inc. ("Home Depot"), is a corporation organized under the laws of the State of Delaware and is doing business throughout the state of California and the County of San Diego, including a store located at 4255 Genesee Avenue, San Diego, CA 92117. Home Depot's headquarters and principal place of business are located at 2455 Paces Ferry Road, Atlanta, GA 30339.

**C. Does 1-100.**

13. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under the Code of Civil Procedure § 474. Each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES 1 through 100 when such

identities become known. Any reference made to a named defendant by specific name or otherwise, individually or plural, is also a reference to the actions or inactions of DOES 1 through 100, inclusive.

14. Each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

## CLASS ALLEGATIONS

15. Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated pursuant to the Code of Civil Procedure § 382 and the Civil Code §§ 1781(b) and (c)(1). The plaintiff class which Plaintiff seeks to represent is composed of,

> All persons in California who purchased hot water heaters from defendant Home Depot U.S.A., Inc. for delivery and installation and paid a municipal permit fee ("the Class") from October 15, 2003 to the date of trial (the "Class Period").

16. Plaintiff does not, as yet, know the exact size of the class. Based upon the nature of the trade and commerce involved, Plaintiff believes that the number of class members is substantial and that class members are geographically dispersed throughout the State of California. Thus, the Class is sufficiently numerous to make joinder impracticable, if not completely impossible. The disposition of their claims in a class action will benefit both the parties and the Court.

17. There is a well-defined community of interest in the questions of law and fact involving and affecting all members of the Class and common questions of law and fact predominate over questions which may affect only individual Class members. Among the questions of law and fact common to the Class are as follows:

a. Whether defendant Home Depot misrepresented that the Class members were required to obtain a municipal permit relating to the installation of the hot water heater in the Class members' purchases for their residences;

b. Whether defendant Home Depot misrepresented that the Class members would receive any and all "required" municipal permits relating to the installation of the hot water heater in the Class members' residences when they paid a "permit fee";

c. Whether defendant Home Depot failed to obtained, acquired, prepared, filed, applied for, or otherwise caused to recorded with the applicable municipal governments in California all "required" municipal permits relating to the installation of the hot water heater in Class members' residences when they paid a "permit fee";

d. Whether defendant Home Depot's conduct was deceptive in violation of the Civil Code §§ 1750 *et seq.*; and

e. Whether defendant Home Depot's conduct was unlawful, fraudulent and/or unfair constituting violations of the Business & Professions Code §§ 17200 *et seq.*

18. Plaintiff's claims are typical of the claims of the other members of the Class because Plaintiff's claims and the claims of each member of the Class arise from the purchase of a bundled package of goods and services that was supposed to include both the purchase, delivery and installation of a hot water heater, and any and all "required" municipal permits relating to the installation of the hot water heater in the class members' residences, but actually did not include the municipal permit. During the Class Period, defendant Home Depot made uniform written statements to Plaintiff and the Class misrepresenting that Plaintiff and class members would receive both the purchase, delivery and installation of a hot water heater, and any and all "required" municipal permits relating to the installation of the hot water heater in the class members' residences, but actually did not include the municipal permit. As a result, the evidence and the legal theories regarding Defendant's alleged wrongful conduct are identical for the named Plaintiff and each Class member.

19. Plaintiff will fairly and adequately protect the interests of the Class. Moreover, Plaintiff has no interests which are contrary to or in conflict with those of the Class he seeks to represent during the Class Period. In addition, Plaintiff has retained competent counsel experienced in class action litigation to further ensure such protection and intend to prosecute this action vigorously.

20. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the defendants in the State of California and would lead to repetitious trials of the numerous common questions of fact and law in the State of California. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

///

21. Proper and sufficient notice of this action may be provided to the Class members by direct mail and/or through notice published on the Internet, in television, radio, and/or print media outlets, and/or at defendants' retail locations and/or on defendants' web sites.

22. Moreover, each Class member's individual claims are insufficient to justify the cost of litigation, so that in the absence of class treatment, defendants' continuing violations of law inflicting substantial damages in the aggregate would go unremedied without certification of the Class. Absent certification of his action as a class action, Plaintiff and the members of the Class will continue to be deceived and damaged, thereby allowing these violations of law to proceed without remedy, and allowing defendants to retain the proceeds of their ill-gotten gains.

## FACTUAL ALLEGATIONS

23. Home Depot disseminated and continues to disseminate two uniform advertisements posted in its stores on the aisle displaying different models of hot water heaters stating that, municipal permits are required for the installation of a new hot water heater, and for an additional "permit fee," the purchaser of a hot water heater including delivery and installation, would receive any and all "required" municipal permits relating to the installation of the hot water heater in the purchaser's residence. Specifically, one Home Depot uniform advertisement states as follows:

**Water Heater**
**Installations:**
**Did You Know ???**

<u>For the safety of your family and home, if your current water heater does not meet local code requirements.....</u>

Additional costs will be necessary to bring your installation "up to code."

Some of the most frequent requirements include...

1) A <u>local permit is required</u> in most cities and counties, see store for charges in your area.

2) A <u>temperature and pressure relief line must be installed</u> to either exit your home or garage, or the water heater must have a "Watts 210" valve to shut off the gas valve if pressure or temperature exceeds safe levels. If this valve is required, there are additional charges for the installation see Associate for details. A "Watts 210" valve (typically installed when the water heater is located in the center of a home on a concrete slab, or in a basement) must be installed.

3) If the <u>water shut-off valve doesn't operate properly</u>, the valve must be replaced.

The replacement of this valve (material and labor) is required at an additional cost.

4) <u>Venting the water heater.</u> Typically, a new water heater will not be the same dimensions as the old unit. This size difference will require modifying your existing venting. Typical straight venting modifications run between $5.00 - $8.00 per foot (depending on the type of existing vent pipe).
Note: Additional costs may occur depending on the specific requirements of your [illegible].

ASK A SALES ASSOCIATE FOR DETAILS

The other Home Depot uniform advertisement stated:

**Water Heater**
**Installed for**
**$299.00 plus permit fee***

Does not include cost of water heater or materials

CALL 1-800-HOME DEPOT

**<u>Basic Installation Includes</u>**

Delivery of hot water heater

Haul-away of old hot water heater

Installation of hot water heater up to 50 gallons gas or electric (Larger sizes additional cost)

Installation kit for gas or electric hot water heater

Earthquake straps and foam insulation included

Permit fee additional

Price includes "Service Protection Plus" See Associate
*See Associate
*Additional work and materials may be required at an additional cost
Home Depot U.S.A. Inc. #602331

Furthermore, the advertisements are misleading because a reasonable person would believe that municipal permits are in fact "required" to ensure "the safety of your family and home", and that defendant Home Depot will take all necessary steps to prepare, file, apply for, or otherwise cause to be recorded with the local municipality all the "required" municipal permits relating to the installation of the hot water heater in the purchaser's residence, when in fact Home Depot is neither taking these necessary steps nor intends to take these necessary steps to obtain municipal permits for its customers.

24. During the Class Period, Plaintiff and the Class paid Home Depot monies for a bundled package of goods and services, including a "permit fee," that was supposed to include both the purchase, delivery and installation of a hot water heater, ***and*** any and all "required" municipal permits relating to the installation of the hot water heater in Plaintiff's and the Class members' residences.

25. However, after Plaintiff and the Class purchased these goods and services, Home Depot has thereafter never obtained, acquired, prepared, filed, applied for, or otherwise caused to recorded with the applicable municipal governments in California all "required" municipal permits relating to the installation of the hot water heater in Plaintiff's and the Class members' residences. Instead, Home Depot has retained all of charges collected from Plaintiff and the Class for itself and has refused and continues to refuse to acquire or obtain municipal permits relating to the installation of the hot water heater for Plaintiff and the Class.

26. As a result, Home Depot has received and retained a substantial excess profits earned from charging the class members for a service that was never provided: the acquiring and filing of any and all "required" municipal permits relating to the installation of a hot water heater in Plaintiff's and the Class members' residences.

**<u>FIRST CAUSE OF ACTION</u>**
**Breach of Written Contract**
(Against All Defendants)

27. Plaintiff incorporates by reference to all preceding paragraphs as if fully set forth here and further alleges as follows:

28. During the Class Period, Home Depot enter into uniform written contract with Plaintiff and the Class in which Home Depot agreed to:

a. Charge an agreed to price to acquire any and all "required" municipal permits relating to the installation of the hot water heater in the purchaser's residence; and

b. Prepare, file, apply for, or otherwise cause to record the "required" municipal permits for the installation of the hot water heater in the purchaser's residence with the applicable municipal government in California.

29. Plaintiff and the Class has completed all, or substantially all of the significant things that the contract required Plaintiff and the Class to do in that Plaintiff and the Class paid the agreed

price for the purchase, delivery and installation of a hot water heater, including "PERMIT FEE AS REQUIRED" charges, in consideration of and in full performance under the terms of the uniformed written contracts for the purchase, delivery and installation of a new hot water heater in their residences.

30. All conditions required for Defendant's performance have occurred. Home Depot breached the written contract by:

a. Charging "permit fee[s]" for acquiring of "required" municipal permits relating to the installation of a hot water heater in Plaintiff's and the Class members' residences Home Depot never intended to be obtained, acquired, prepared, filed, applied for, or otherwise caused to recorded with the applicable municipal governments;

b. Never taking any action to obtain, acquire, prepare, file, apply for, or otherwise cause to recorded with the applicable municipal governments permits relating to the installation of a hot water heater in Plaintiff's and the Class members' residences;

c. Failing to obtain within a reasonable time all "required" municipal permits relating to the installation of the hot water heater in Plaintiff's and the Class members' residences from the applicable municipal governments in California; and

d. Failing to refund the fees charged for acquiring of any and all "required" municipal permits relating to the installation of a hot water heater in Plaintiff's and the Class members' residences never actually obtained within a reasonable time after installation.

31. In refusing to fulfill its obligations under the contract, Home Depot acted in violation of the covenant of good faith and fair dealing contained within the uniform written contracts for the purchase, delivery and installation of new hot water heaters.

32. Plaintiff and the Class were damaged in that they paid Home Depot for "permit fee[s]" for acquiring of "required" municipal permits relating to the installation of a hot water heater in Plaintiff's and the Class members' residences which were never obtained from and/or never required by the applicable municipal governments in California.

**SECOND CAUSE OF ACTION**
**Breach of Implied Covenant Of Good Faith & Fair Dealing**
(Against All Defendants)

33. Plaintiff incorporates by reference to all preceding paragraphs as if fully set forth here and further alleges as follows:

34. During the Class Period, Home Depot enter into uniform written contract with Plaintiff and the Class in which Home Depot agreed to:

a. Charge an agreed to price to acquire any and all "required" municipal permits relating to the installation of the hot water heater in the purchaser's residence; and

b. Prepare, file, apply for, or otherwise cause to record the "required" municipal permits for the installation of the hot water heater in the purchaser's residence with the applicable municipal government in California.

35. Plaintiff and the Class has completed all, or substantially all of the significant things that the contract required Plaintiff and the Class to do in that Plaintiff and the Class paid the agreed price for the purchase, delivery and installation of a hot water heater, including "PERMIT FEE AS REQUIRED" charges, in consideration of and in full performance under the terms of the uniformed written contracts for the purchase, delivery and installation of a new hot water heater in their residences. As such, all conditions required for Defendant's performance have occurred.

36. Defendant Home Depot unfairly interfered with Plaintiff's right to receive the benefits of the contract because Plaintiff is informed and believes, and thereon alleges, that Defendant Home Depot has never prepared, filed, applied for, or otherwise caused to recorded with the proper municipal authority any "required" municipal permit relating to the installation of the hot water heater in Plaintiff's and Class members' residences.

37. Plaintiff and the Class were damaged in that they paid Home Depot for "permit fee[s]" for acquiring of "required" municipal permits relating to the installation of a hot water heater in Plaintiff's and the Class members' residences which were never obtained from and/or never required by the applicable municipal governments in California.

## THIRD CAUSE OF ACTION

**Deceptive Trade Practices in Violation of California Civil Code §§ 1750 *et. seq.* (Consumers Legal Remedies Act)**

(Against All Defendants)

38. Plaintiff incorporates by reference to all preceding paragraphs as if fully set forth here and further alleges as follows:

39. Defendant Home Depot is a "person" within the meaning of the Civil Code §§ 1761(c) and 1770, and offered and provided a bundled package of goods and services that was supposed to include both the purchase, delivery and installation of a hot water heater, and any and

all "required" municipal permits relating to the installation of the hot water heater in Plaintiff's residence, a "service" and "goods" within the meaning of the Civil Code §§ 1761(a), 1761(b) and 1770.

40. As a purchaser of the goods and services described above, Plaintiff and the Class are "consumers" within the meaning of Civil Code §§ 1761(d), 1780, and 1781. Furthermore, each payment for the goods and services by Plaintiff and the Class constitutes a "transaction" within the meaning of the Civil Code §§ 1761(e) and 1780.

41. As set forth herein, defendant Home Depot's acts, practices, representations, omissions, and course of conduct with respect to the promotion and sale of bundled package of goods and services that was supposed to include both the purchase, delivery and installation of a hot water heater, and any and all "required" municipal permits relating to the installation of the hot water heater, violated Civil Code §1750, *et seq.*, in that: (a) defendant Home Depot passed off its services as those of another in violation of the Civil Code §1770(a)(1); (b) defendant Home Depot misrepresented the affiliation, connection, or association with, or certification by, another in violation of the Civil Code §1770(a)(3); (c) defendant Home Depot represented that its services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have in violation of the Civil Code §1770(a)(5); (d) defendant Home Depot represented that its services are of a particular standard, quality, or grade when they are of another in violation of the Civil Code §1770(a)(7); and (e) defendant Home Depot advertised its services with intent not to sell them as advertised in violation of the Civil Code §1770(a)(9).

42. As a result of defendant Home Depot's above described conduct, and Plaintiff's and the Class' purchase of a bundled package of goods and services that was supposed to include both the purchase, delivery and installation of a hot water heater, and any and all "required" municipal permits relating to the installation of the hot water heater, Plaintiff and the Class have suffered damages from the use or employment of a "method, act, or practice" made unlawful by Civil Code § 1770. Accordingly, Plaintiff and the Class seek relief under the Civil Code § 1780(a).

43. Pursuant to the provision of Civil Code § 1780(a)(2), Plaintiff seeks injunctive relief in the form of a restitution order requiring defendant Home Depot to refund all charges incurred for

obtaining and filing the "required" municipal permits for the installation of the hot water heater by Plaintiff and the Class.

44. Plaintiff delivered to Defendant Home Depot a notice of its violations of the Consumers Legal Remedies Act, sent by certified mail on July 2, 2007, and received no reply from Defendant Home Depot. To date, Defendant Home Depot has not and Plaintiff seeks injunctive relief in the form of an order requiring Home Depot to adopt procedures to (1) identify and refund all charges, fees, costs, and other expenses incurred by Plaintiff and all others similarly situated related to the acquiring and filing of any and all "required" municipal permits for the installation of a hot water heater purchased from Defendant and/or remit the charges or fees collected from Plaintiff and all others similarly situated to the municipal governments that are responsible for issuing the "required" municipal permits, and otherwise take all necessary steps to ensure that Plaintiff and others similarly situated actually receive the "required" municipal permits relating to the installation of a hot water heater in the Plaintiff's and class members' residences within a reasonable time; (2) stop the collection of all charges, fees, costs, and other expenses for the acquiring and filing of any and all "required" municipal permits for the installation of a hot water heater purchased from Defendant not required; (3) create a policy to timely refund all charges, fees, costs, and other expenses related to the acquiring and filing of any and all "required" municipal permits for the installation of a hot water heater purchased from Defendant never obtained, acquired, prepared, filed, applied for, or otherwise caused to recorded with the applicable municipal governments in California within a reasonable time; (4) create a policy to timely remit the charges or fees collected from Plaintiff and all others similarly situated to the municipal governments that are responsible for issuing the "required" municipal permits, and otherwise take all necessary steps to ensure that Plaintiff and others similarly situated actually receive the "required" municipal permits relating to the installation of a hot water heater in the Plaintiff's and class members' residences within a reasonable time; (5) publicized a corrective notice of these wrongful practices and the corrective action taken to stop these wrongful practices to all of Defendant's customers, at Defendant's expense; and (6) paid Plaintiff's attorneys' fees and costs of litigation pursuant to the California Civil Code § 1780(d) and the California Code of Civil Procedure § 1021.5.

45. Pursuant to the provision of Civil Code § 1780(a)(1), Plaintiff and the Class seeks actual damages of all charges, fees, costs, and other expenses incurred by Plaintiff and the Class for acquiring of any and all "required" municipal permits for the installation of hot water heaters purchased from Defendant in Plaintiff's and the Class members' residences which were never obtained from and/or never required by the applicable municipal governments in California, in amount not less than $1,000 to be proven at trial.

46. Plaintiff seeks recovery of attorneys' fees and costs of litigation pursuant to the Civil Code § 1780(d).

**FOURTH CAUSE OF ACTION**
**Unlawful, Fraudulent and Unfair Business Acts and Practices**
**in Violation of California Business & Professions Code §§17200 *et seq.***
(Against All Defendants)

47. Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

48. The acts, misrepresentations, omissions, practices, and non-disclosures of defendant as alleged herein constituted unlawful, fraudulent and unfair business acts and practices within the meaning of the Business & Professions Code §§ 17203 *et seq.*

49. Defendants have engaged in "unlawful" business acts and practices by advertising that for the payment of certain fees and charges, including but not limited to a "permit fee," Plaintiff and class members would receive a bundled package of goods and services that would include both the purchase, delivery and installation of a hot water heater, and any and all "required" municipal permits relating to the installation of the hot water heater in the class members' residences, when, in fact, Defendants never acquired, obtained, or caused to be recorded any "required" municipal permits. Plaintiff reserves the right to allege other violations of law which constitute unlawful acts or practices.

50. Defendant Home Depot has also engaged in "unfair" business acts or practices in that the harm caused by the collection of charges, fees, costs, and other expenses, including but not limited to a "permit fee," for acquiring and filing any and all "required" municipal permits relating to the installation of the hot water heater for Plaintiff and class members outweighs the utility of

such conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, and causes substantial injury to Plaintiff and the Class.

51. As a result of the conduct described above, defendant Home Depot has been and will be unjustly enriched at the expense of Plaintiff and the Class. Specifically, defendant Home Depot has been unjustly enriched by the retention of thousands of dollars in excess profits from the sale of a bundled package of goods and services that was represented by Defendants to include both the purchase, delivery and installation of a hot water heater, and the acquisition of any and all "required" municipal permits relating to the installation of the hot water heater in the class members' residences to Plaintiff and the Class, but instead did not include the acquisition of any and all "required" municipal permits.

52. The aforementioned unlawful, fraudulent and unfair business acts or practices conducted by defendant Home Depot has been committed in the past and continues to this day. Defendant has failed to acknowledge the wrongful nature of its actions. Defendant has not corrected or publicly issued individual and comprehensive corrective notices to Plaintiff and the Class or provided full restitution and disgorgement of all ill-gotten monies either acquired or retained by defendants as a result thereof, thereby depriving Plaintiff and the Class the benefit of their bargain.

53. Pursuant to Business & Professions Code § 17203, Plaintiff and the Class seek an order of this Court requiring defendant Home Depot to disgorge all ill-gotten gains and awarding Plaintiff and the Class full restitution of all monies wrongfully acquired by the defendant by means of such unlawful, fraudulent and unfair conduct, plus interest and attorneys' fees pursuant to, *inter alia*, Code of Civil Procedure § 1021.5, so as to restore any and all monies to Plaintiff and the Class and the general public which were acquired and obtained by means of such unlawful, fraudulent and unfair conduct, and which ill-gotten gains are still retained by defendants. Plaintiff and the Class additionally request that such funds be impounded by the Court or that an asset freeze or constructive trust be imposed upon such revenues and profits to avoid dissipation and/or fraudulent transfers or concealment of such monies by defendants. Both Plaintiff and the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

54. Pursuant to the Business & Professions Code § 17203, Plaintiff and the Class seek an order of this Court for equitable and/or injunctive relief in the form of requiring defendant Home Depot to adopt procedures to (1) stop the business practice of charging an additional fee to obtain municipal permits that are not required or never actually obtained; (2) create a policy to timely refund all additional charges for municipal permits that are not required or never obtained, when they do occur; and (3) publicize corrective notice of these unlawful, fraudulent and unfair practices and the corrective action taken to stop these unlawful, fraudulent and unfair practices to all of Defendants' customers, at Defendants' expense.

**PRAYER**

WHEREFORE, Plaintiff requests of this Court the following relief, on behalf of himself and all others similarly situated:

A. That this action be certified as a class action on behalf of the proposed plaintiff class and Plaintiff be appointed as the representative of the Class;

B. Injunctive relief in the form of an order requiring defendants to disgorge all ill-gotten gains and awarding Plaintiff and the Class full restitution of all monies wrongfully acquired by the defendants by means of such unlawful, fraudulent and unfair conduct, plus interest and attorneys' fees pursuant to, *inter alia*, Code of Civil Procedure § 1021.5;

C. Injunctive relief in the form of an order requiring defendants to adopt procedures to (1) identify and refund all fees paid by Plaintiff, and others similarly situated, for obtaining municipal permits that were not required or never actually obtained; (2) stop the business practice of charging an additional fee to obtain municipal permits that are not required or never actually obtained; (3) create a policy to timely refund all additional charges for municipal permits that are not required or never obtained, when they do occur; (4) publicize corrective notice of these wrongful practices and the corrective action taken to stop these wrongful practices to all of Defendants' customers, at Defendants' expense; (5) remit the charges or fees collected from Plaintiff and all others similarly situated to the municipal governments that are responsible for issuing the "required" municipal permits, and otherwise take all necessary steps to ensure that Plaintiff and others similarly situated actually receive the "required" municipal permits relating to

the installation of a hot water heater in the Plaintiff's and class members' residences; and (6) cease from engaging, or, within a reasonable time, agreed to cease to engage, in the illegal, unlawful, fraudulent and unfair methods, act, or practices as set forth in this complaint;

D. Damages as provided by statute;

E. General damages according to proof;

F. Special damages according to proof;

G. Compensatory damages according to proof;

H. Consequential damages according to proof;

I. Prejudgment and post-judgment interest as provided by statute;

J. Attorneys' fees, expenses, and costs of this action pursuant to statute; and

K. Such further relief as this Court deems necessary, just, and proper.

Dated: October 11, 2007

Patrick N. Keegan, Esq.
Brent Jex, Esq.
**KEEGAN & BAKER, LLP**

Attorneys for Representative Plaintiff
RICHARD STANFORD

**DEMAND FOR JURY TRIAL**

Plaintiff and the Class hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: October 11, 2007

Patrick N. Keegan, Esq.
Brent Jex, Esq.
**KEEGAN & BAKER, LLP**

Attorneys for Representative Plaintiff
RICHARD STANFORD

# Exhibit B

SUM-100

# SUMMONS
## (CITACIÓN JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
CIVIL BUSINESS OFFICE 1
CENTRAL DIVISION

2007 OCT 12 PM 5:31

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
RICHARD STANFORD, individually and on behalf of all other persons similarly situated and on behalf of the general public

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN DIEGO SUPERIOR COURT
330 West Broadway
San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):* 37-2007-00077891-CU-BC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Patrick N. Keegan, Esq., SBN 167698 (858) 552-6750
KEEGAN & BAKER, LLP, 4370 La Jolla Village Drive, Suite 640, San Diego, CA 92122

DATE: OCT 12 2007 Clerk, by C. BOYLE, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: HOME DEPOT U.S.A., INC., a Delaware corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. | www.USCourtForms.com

CSC.

CORPORATION SERVICE COMPANY®

SLM / ALL
Transmittal Number: 5400288
Date Processed: 10/19/2007

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Nancy Bunker<br>The Home Depot, Inc.<br>2455 Paces Ferry Rd SE<br>Atlanta, GA 30339-1834 |
| **Copy of transmittal only provided to:** | Quinessa Malcolm |

RECEIVED
OCT 23 2007
LEGAL DEPT.

| | |
|---|---|
| **Entity:** | Home Depot U.S.A., Inc.<br>Entity ID Number 2453807 |
| **Entity Served:** | Home Depot U.S.A., Inc. |
| **Title of Action:** | Richard Stanford vs. Home Depot U.S.A., Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court:** | San Diego Superior Court, California |
| **Case Number:** | 37-2007-00077691-CU-BC-CTL |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 10/19/2007 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | Patrick N. Keegan<br>888-552-8750 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

# Exhibit C

Martin R. Boles (S.B.N. 124159)
Mark T. Cramer (S.B.N. 198952)
Linda Bassett (S.B.N. 250279)
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STANFORD, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.<br><br>**Class Action**<br><br>**DECLARATION OF SCOTT DONALDSON IN SUPPORT OF DEFENDANT HOME DEPOT U.S.A, INC.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1441, 1332(d), AND 1453** |

I, Scott Donaldson, declare as follows:

1. I am the Manager of Home Services Finance for Home Depot U.S.A., Inc. ("Home Depot"), Defendant in the above-entitled action. I have personal knowledge of the facts stated in this declaration and I could testify competently to them if called upon to do so.

2. As Manager of Home Services Finance, my responsibilities include financial reporting for the Home Services Division.

3. On November 15, 2007, I reviewed Home Depot's records to determine how many water heater installations Home Depot sold in California from January 31, 2005, to October 28, 2007. From January 31, 2005, to October 28, 2007, Home Depot sold more than 60,000 water heaters installations in California.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 15th day of November, 2007 at Atlanta, Georgia.

Scott Donaldson

# Exhibit D

# SUPERIOR COURT OF CALIFORNIA

**Name and Address of Court:**
**Superior Court of California, County of SAN DIEGO**
330 W Broadway
San Diego, CA 92101-3827

## Case Header

| | | | |
|---|---|---|---|
| Case Number: | 37-2007-00077691-CU-BC-CTL | Filing Date: | 10/12/2007 |
| Case Title: | Richard Stanford vs. Home Depot USA Inc | Case Status: | Pending |
| Case Category: | Civil - Unlimited | Location: | Central |
| Case Type: | Breach of Contract/Warranty | Judicial Officer: | Joan M. Lewis |
| Case Age: | 32 days | Department: | C-65 |
| Next Event Type: | | Next Event Date: | |

## Register of Actions Notice

| | | |
|---|---|---|
| Richard Stanford | Plaintiff | Patrick N Keegan |
| Home Depot USA Inc | Defendant | |

## Attorney Contact Information

| | | |
|---|---|---|
| Patrick N Keegan | 4370 LA JOLLA VILLAGE DR #640 SAN DIEGO, CA 92122 | 858-552-6749 |
| Patrick N Keegan | 4370 LA JOLLA VILLAGE DR #640 SAN DIEGO, CA 92122 | 858-552-6750 |

This printout does not constitute a Register of Actions

**Case Header**

Case Number: 37-2007-00077691-CU-BC-CTL
Case Title: Richard Stanford vs. Home Depot USA Inc

Case Category: Civil - Unlimited
Case Type: Breach of Contract/Warranty

Case Age: 32 days
Next Event Type:

Filing Date: 10/12/2007
Case Status: Pending

Location: Central

Judicial Officer: Joan M. Lewis
Department: C-65
Next Event Date:

## Register of Actions Notice

| | | | |
|---|---|---|---|
| 2 | 10/12/2007 | Complaint filed by Stanford, Richard on 10/12/2007. Refers to: Home Depot USA Inc | Stanford Richard (Plaintiff) |
| 3 | 10/12/2007 | Original Summons filed by Stanford, Richard on 10/12/2007. Refers to: Home Depot USA Inc | Stanford Richard (Plaintiff) |
| 4 | 10/12/2007 | Civil Case Cover Sheet filed by Stanford, Richard on 10/12/2007. Refers to: Home Depot USA Inc | Stanford Richard (Plaintiff) |
| 1 | 10/12/2007 | Summons issued. Refers to: | |
| 5 | 10/12/2007 | Case assigned to Judicial Officer Lewis, Joan. Refers to: | |
| 6 | 10/31/2007 | Proof of Service of 30-day Summons & Complaint - Personal filed by Stanford, Richard on 10/31/2007. Refers to: Home Depot USA Inc | Stanford Richard (Plaintiff) |

This printout does not constitute a Register of Actions

Patrick N. Keegan, Esq. (SBN: 167698)
Brent Jex, Esq. (SBN: 235261)
KEEGAN & BAKER, LLP
4370 La Jolla Village Drive, Suite 640
San Diego, California 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749

Attorneys for Representative Plaintiff
RICHARD STANFORD

CENTRAL DIVISION
2007 OCT 12 PM 5:31
SAN DIEGO COUNTY, CA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION**

| | |
|---|---|
| RICHARD STANFORD, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 37-2007-00077691-CU-BC-CTL<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**(1) Breach of Contract;**<br>**(2) Breach of Implied Covenant of Good Faith & Fair Dealing;**<br>**(3) Deceptive Trade Practices in Violation of California Civil Code §§ 1750 *et. seq.* (Consumers Legal Remedies Act); and**<br>**(4) Unlawful, Fraudulent and Unfair Business Acts and Practices in Violation of California Business & Professions Code §§ 17200, *et seq.*** |

# TABLE OF CONTENTS


NATURE OF ACTION .... 1

JURISDICTION AND VENUE .... 2

PARTY ALLEGATIONS .... 3

- A. Plaintiff Richard Stanford .... 3
- B. Defendant Home Depot U.S.A., Inc. .... 4
- C. Does 1-100. .... 4

CLASS ALLEGATIONS .... 5

FACTUAL ALLEGATIONS .... 7

FIRST CAUSE OF ACTION
Breach of Written Contract .... 9

SECOND CAUSE OF ACTION
Breach of Implied Covenant Of Good Faith & Fair Dealing .... 10

THIRD CAUSE OF ACTION
Deceptive Trade Practices in Violation of California Civil Code §§ 1750 *et. seq.* (Consumers Legal Remedies Act) .... 11

FOURTH CAUSE OF ACTION
Unlawful, Fraudulent and Unfair Business Acts and Practices in Violation of California Business & Professions Code §§17200 *et seq.* .... 14

PRAYER .... 16

DEMAND FOR JURY TRIAL .... 18

Plaintiff Richard Stanford (hereinafter "Stanford" or "Plaintiff"), by his attorneys, individually and on behalf of all others similarly situated, alleges upon personal knowledge as to himself and his acts stated herein, and as to all other matters upon information and belief upon, as follows:

## NATURE OF ACTION

1. This is a class action for damages, equitable and/or injunctive relief on behalf of a class of all California residents who paid Defendant Home Depot U.S.A., Inc. (hereinafter "Defendant" or "Home Depot") monies for a bundled package of goods and services, including but not limited to a "permit fee", that was supposed to include both the purchase, delivery and installation of a hot water heater, ***and*** any and all "required" municipal permits relating to the installation of the hot water heater in the class members' residences, but actually did not include the municipal permit.

2. As a result of the conduct described above, Home Depot has been and continues to be unjustly enriched at the expense of Plaintiff, and others similarly situated. Specifically, Defendant has received and retained a substantial excess profits earned from charging the class members for a service that was never provided: the acquiring and filing of any and all "required" municipal permits relating to the installation of a hot water heater in the class members' residences.

3. Accordingly, Plaintiff, on behalf of himself and all others similarly situated, seeks damages for recovery of all charges, fees, costs, and other expenses related to the acquiring and filing of any and all "required" municipal permits for the installation of a hot water heater purchased from Home Depot. In addition, Plaintiff, on behalf of himself and all others similarly situated, alleges violations of the California Civil Code §§ 1750 *et seq.* and California Business & Professions Code §§ 17200 *et seq.* by Home Depot, and seeks for equitable and/or injunctive relief in the form of requiring Defendant to (1) identify and refund all charges, fees, costs, and other expenses incurred by Plaintiff and all others similarly situated related to the acquiring and filing of any and all "required" municipal permits for the installation of a hot water heater purchased from Defendant and/or remit the charges or fees collected from Plaintiff and all others similarly situated to the municipal governments that are responsible for issuing the "required" municipal permits, and

otherwise take all necessary steps to ensure that Plaintiff and others similarly situated actually receive the "required" municipal permits relating to the installation of a hot water heater in the Plaintiff's and class members' residences within a reasonable time; (2) stop the collection of all charges, fees, costs, and other expenses for the acquiring and filing of any and all municipal permits for the installation of a hot water heater purchased from Defendant not required; (3) create a policy to timely refund all charges, fees, costs, and other expenses related to the acquiring and filing of any and all "required" municipal permits for the installation of a hot water heater purchased from Defendant never obtained, acquired, prepared, filed, applied for, or otherwise caused to recorded with the applicable municipal governments in California within a reasonable time; (4) create a policy to timely remit the charges or fees collected from Plaintiff and all others similarly situated to the municipal governments that are responsible for issuing the "required" municipal permits, and otherwise take all necessary steps to ensure that Plaintiff and others similarly situated actually receive the "required" municipal permits relating to the installation of a hot water heater in the Plaintiff's and class members' residences within a reasonable time; (5) publicize a corrective notice of these wrongful practices and the corrective action taken to stop these wrongful practices to all of Defendant's customers, at Defendant's expense; and (6) paying Plaintiff's attorneys' fees and costs of litigation pursuant to the California Civil Code § 1780(d) and the California Code of Civil Procedure § 1021.5.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendant and jurisdiction over this action pursuant to the Code of Civil Procedure § 410.10, since Defendant is qualified and registered to do business, and in fact does business, in the State of California, including the receipt of payments from Plaintiffs and the Class at Home Depot's stores from locations within California.

5. Venue as to the Defendant is proper in this judicial district pursuant to the provisions of the Civil Code § 1780(c), the Business & Professions Code § 17203, and the Code of Civil Procedure §§ 395(a) and 395.5. Plaintiff is located and resides within this judicial district; all acts and/or omissions occurred in this judicial district and throughout the State of California; and Defendant is licensed to, and do, conduct significant business with Class members within this

judicial district. Specifically, at Home Depot's store located at 4255 Genesee Avenue, San Diego, CA 92117, Plaintiff paid Home Depot monies for a bundled package of goods and services, including but not limited to a "permit fee", that was supposed to include both the purchase, delivery and installation of a hot water heater, ***and*** any and all "required" municipal permits relating to the installation of the hot water heater in the class members' residences, but actually did not include the municipal permit. Moreover, by doing business in this judicial district of California, Defendants are alleged to have committed violations of the California Civil Code and the California Business & Professions Code, in addition to numerous common law causes of action, in this judicial district, which have had an adverse effect upon the finances of residents of the County of San Diego.

6. No federal question jurisdiction exists because each cause of action alleged arises solely under California law. No portion of this Complaint is brought pursuant to federal law.

7. There is no federal diversity jurisdiction because the amount in controversy for the individual claim of Plaintiff is less than $75,000.00.

## PARTY ALLEGATIONS

**A. Plaintiff Richard Stanford.**

8. Plaintiff Richard Stanford (hereinafter "Stanford" or "Plaintiff") is an adult residing at 5961 La Jolla Scenic Drive, La Jolla, CA 92037, within the municipal district of the city of San Diego, California. On May 29, 2007, Plaintiff went to the Home Depot store located at 4255 Genesee Avenue, San Diego, California 92117 (the "Store") with the intention of purchasing a hot water heater for his residence.

9. When Plaintiff went to the Store on May 29, 2007, Plaintiff saw and read Home Depot's two uniformed advertisements for water heaters and their installation posted in the Store's aisle for water heaters as more fully set forth *infra*.

10. Relying on Home Depot's two uniformed advertisements, and with the expectation that, if he paid for a hot water heater, delivery, installation, and a "permit fee," he would indeed receive both the purchase, delivery and installation of a hot water heater, and any and all "required" municipal permits relating to the installation of the hot water heater in his residence, and with the expectation that defendant Home Depot would take all necessary steps to obtain, acquire, prepare,

file, apply for, or otherwise caused to recorded with the city of San Diego, all the "required" municipal permits relating to the installation of the hot water heater in his residence, Plaintiff paid a total sum of $835.01 to Home Depot for a bundled package of goods and services that was supposed to include both the purchase, delivery and installation of a hot water heater, and the acquisition of any and all "required" municipal permits relating to the installation of the hot water heater in Plaintiff's residence. Specifically, as set forth in his receipt and written contract with Home Depot dated "05/29/07", Plaintiff was charged for $698.00 for a GE SmartWater water heater "50 GL TALL 12 YR (SKU #185-191)", and $112.00 for a "PERMIT FEE AS REQUIRED- (SEE PRICE LIST)/LA JOLLA, LINDA VISTA", and $25.00 for a "SEDIMENT TRAP (DRIP TEE FOR GAS ONLY) *REQUIRED FOR CITY OF SAN DIEGO*", on which amounts no sales tax was charged.

11. As of the date of filing of this complaint and notwithstanding his payment of the "permit fee," Home Depot has never prepared, filed, applied for, or otherwise caused to recorded with the city of San Diego any "required" municipal permit relating to the installation of the hot water heater in Plaintiff's residence.

**B. Defendant Home Depot U.S.A., Inc.**

12. Defendant Home Depot U.S.A., Inc. ("Home Depot"), is a corporation organized under the laws of the State of Delaware and is doing business throughout the state of California and the County of San Diego, including a store located at 4255 Genesee Avenue, San Diego, CA 92117. Home Depot's headquarters and principal place of business are located at 2455 Paces Ferry Road, Atlanta, GA 30339.

**C. Does 1-100.**

13. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under the Code of Civil Procedure § 474. Each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES 1 through 100 when such

identities become known. Any reference made to a named defendant by specific name or otherwise, individually or plural, is also a reference to the actions or inactions of DOES 1 through 100, inclusive.

14. Each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

**CLASS ALLEGATIONS**

15. Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated pursuant to the Code of Civil Procedure § 382 and the Civil Code §§ 1781(b) and (c)(1). The plaintiff class which Plaintiff seeks to represent is composed of,

> All persons in California who purchased hot water heaters from defendant Home Depot U.S.A., Inc. for delivery and installation and paid a municipal permit fee ("the Class") from October 15, 2003 to the date of trial (the "Class Period").

16. Plaintiff does not, as yet, know the exact size of the class. Based upon the nature of the trade and commerce involved, Plaintiff believes that the number of class members is substantial and that class members are geographically dispersed throughout the State of California. Thus, the Class is sufficiently numerous to make joinder impracticable, if not completely impossible. The disposition of their claims in a class action will benefit both the parties and the Court.

17. There is a well-defined community of interest in the questions of law and fact involving and affecting all members of the Class and common questions of law and fact predominate over questions which may affect only individual Class members. Among the questions of law and fact common to the Class are as follows:

a. Whether defendant Home Depot misrepresented that the Class members were required to obtain a municipal permit relating to the installation of the hot water heater in the Class members' purchased for their residences;

b. Whether defendant Home Depot misrepresented that the Class members would receive any and all "required" municipal permits relating to the installation of the hot water heater in the Class members' residences when they paid a "permit fee";

c. Whether defendant Home Depot failed to obtained, acquired, prepared, filed, applied for, or otherwise caused to recorded with the applicable municipal governments in California all "required" municipal permits relating to the installation of the hot water heater in Class members' residences when they paid a "permit fee";

d. Whether defendant Home Depot's conduct was deceptive in violation of the Civil Code §§ 1750 *et seq.*; and

e. Whether defendant Home Depot's conduct was unlawful, fraudulent and/or unfair constituting violations of the Business & Professions Code §§ 17200 *et seq.*

18. Plaintiff's claims are typical of the claims of the other members of the Class because Plaintiff's claims and the claims of each member of the Class arise from the purchase of a bundled package of goods and services that was supposed to include both the purchase, delivery and installation of a hot water heater, and any and all "required" municipal permits relating to the installation of the hot water heater in the class members' residences, but actually did not include the municipal permit. During the Class Period, defendant Home Depot made uniform written statements to Plaintiff and the Class misrepresenting that Plaintiff and class members would receive both the purchase, delivery and installation of a hot water heater, and any and all "required" municipal permits relating to the installation of the hot water heater in the class members' residences, but actually did not include the municipal permit. As a result, the evidence and the legal theories regarding Defendant's alleged wrongful conduct are identical for the named Plaintiff and each Class member.

19. Plaintiff will fairly and adequately protect the interests of the Class. Moreover, Plaintiff has no interests which are contrary to or in conflict with those of the Class he seeks to represent during the Class Period. In addition, Plaintiff has retained competent counsel experienced in class action litigation to further ensure such protection and intend to prosecute this action vigorously.

20. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the defendants in the State of California and would lead to repetitious trials of the numerous common questions of fact and law in the State of California. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

///

21. Proper and sufficient notice of this action may be provided to the Class members by direct mail and/or through notice published on the Internet, in television, radio, and/or print media outlets, and/or at defendants' retail locations and/or on defendants' web sites.

22. Moreover, each Class member's individual claims are insufficient to justify the cost of litigation, so that in the absence of class treatment, defendants' continuing violations of law inflicting substantial damages in the aggregate would go unremedied without certification of the Class. Absent certification of his action as a class action, Plaintiff and the members of the Class will continue to be deceived and damaged, thereby allowing these violations of law to proceed without remedy, and allowing defendants to retain the proceeds of their ill-gotten gains.

## FACTUAL ALLEGATIONS

23. Home Depot disseminated and continues to disseminate two uniform advertisements posted in its stores on the aisle displaying different models of hot water heaters stating that, municipal permits are required for the installation of a new hot water heater, and for an additional "permit fee," the purchaser of a hot water heater including delivery and installation, would receive any and all "required" municipal permits relating to the installation of the hot water heater in the purchaser's residence. Specifically, one Home Depot uniform advertisement states as follows:

**Water Heater**
**Installations:**
**Did You Know ???**

For the safety of your family and home, if your current water heater does not meet local code requirements.....

Additional costs will be necessary to bring your installation "up to code."

Some of the most frequent requirements include...

1) A local permit is required in most cities and counties, see store for charges in your area.

2) A temperature and pressure relief line must be installed to either exit your home or garage, or the water heater must have a "Watts 210" valve to shut off the gas valve if pressure or temperature exceeds safe levels. If this valve is required, there are additional charges for the installation, see Associate for details. A "Watts 210" valve (typically installed when the water heater is located in the center of a home or a concrete slab, or in a basement) must be installed.

3) If the water shut-off valve doesn't operate properly, the valve must be replaced.

The replacement of this valve (material and labor) is required at an additional cost.

4) Venting the water heater. Typically, a new water heater will not be the same dimensions as the old unit. This size difference will require modifying your existing venting. Typical straight venting modifications run between $5.00 - $8.00 per foot (depending on the type of existing vent pipe).
Note: Additional costs may occur depending on the specific requirements of your [illegible].

ASK A SALES ASSOCIATE FOR DETAILS

The other Home Depot uniform advertisement stated:

**Water Heater**
**Installed for**
**$299.00 plus permit fee***

Does not include cost of water heater or materials

CALL 1-800-HOME DEPOT

**Basic Installation Includes**

Delivery of hot water heater

Haul-away of old hot water heater

Installation of hot water heater up to 50 gallons gas or electric (Larger sizes additional cost)

Installation kit for gas or electric hot water heater

Earthquake straps and foam insulation included

Permit fee additional

Price includes "Service Protection Plus" See Associate
*See Associate
*Additional work and materials may be required at an additional cost
Home Depot U.S.A. Inc. #602331

Furthermore, the advertisements are misleading because a reasonable person would believe that municipal permits are in fact "required" to ensure "the safety of your family and home", and that defendant Home Depot will take all necessary steps to prepare, file, apply for, or otherwise cause to be recorded with the local municipality all the "required" municipal permits relating to the installation of the hot water heater in the purchaser's residence, when in fact Home Depot is neither taking these necessary steps nor intends to take these necessary steps to obtain municipal permits for its customers.

24. During the Class Period, Plaintiff and the Class paid Home Depot monies for a bundled package of goods and services, including a "permit fee," that was supposed to include both the purchase, delivery and installation of a hot water heater, *and* any and all "required" municipal permits relating to the installation of the hot water heater in Plaintiff's and the Class members' residences.

25. However, after Plaintiff and the Class purchased these goods and services, Home Depot has thereafter never obtained, acquired, prepared, filed, applied for, or otherwise caused to recorded with the applicable municipal governments in California all "required" municipal permits relating to the installation of the hot water heater in Plaintiff's and the Class members' residences. Instead, Home Depot has retained all of charges collected from Plaintiff and the Class for itself and has refused and continues to refuse to acquire or obtain municipal permits relating to the installation of the hot water heater for Plaintiff and the Class.

26. As a result, Home Depot has received and retained a substantial excess profits earned from charging the class members for a service that was never provided: the acquiring and filing of any and all "required" municipal permits relating to the installation of a hot water heater in Plaintiff's and the Class members' residences.

**<u>FIRST CAUSE OF ACTION</u>**
**Breach of Written Contract**
(Against All Defendants)

27. Plaintiff incorporates by reference to all preceding paragraphs as if fully set forth here and further alleges as follows:

28. During the Class Period, Home Depot enter into uniform written contract with Plaintiff and the Class in which Home Depot agreed to:

a. Charge an agreed to price to acquire any and all "required" municipal permits relating to the installation of the hot water heater in the purchaser's residence; and

b. Prepare, file, apply for, or otherwise cause to record the "required" municipal permits for the installation of the hot water heater in the purchaser's residence with the applicable municipal government in California.

29. Plaintiff and the Class has completed all, or substantially all of the significant things that the contract required Plaintiff and the Class to do in that Plaintiff and the Class paid the agreed

price for the purchase, delivery and installation of a hot water heater, including "PERMIT FEE AS REQUIRED" charges, in consideration of and in full performance under the terms of the uniformed written contracts for the purchase, delivery and installation of a new hot water heater in their residences.

30. All conditions required for Defendant's performance have occurred. Home Depot breached the written contract by:

a. Charging "permit fee[s]" for acquiring of "required" municipal permits relating to the installation of a hot water heater in Plaintiff's and the Class members' residences Home Depot never intended to be obtained, acquired, prepared, filed, applied for, or otherwise caused to recorded with the applicable municipal governments;

b. Never taking any action to obtain, acquire, prepare, file, apply for, or otherwise cause to recorded with the applicable municipal governments permits relating to the installation of a hot water heater in Plaintiff's and the Class members' residences;

c. Failing to obtain within a reasonable time all "required" municipal permits relating to the installation of the hot water heater in Plaintiff's and the Class members' residences from the applicable municipal governments in California; and

d. Failing to refund the fees charged for acquiring of any and all "required" municipal permits relating to the installation of a hot water heater in Plaintiff's and the Class members' residences never actually obtained within a reasonable time after installation.

31. In refusing to fulfill its obligations under the contract, Home Depot acted in violation of the covenant of good faith and fair dealing contained within the uniform written contracts for the purchase, delivery and installation of new hot water heaters.

32. Plaintiff and the Class were damaged in that they paid Home Depot for "permit fee[s]" for acquiring of "required" municipal permits relating to the installation of a hot water heater in Plaintiff's and the Class members' residences which were never obtained from and/or never required by the applicable municipal governments in California.

**<u>SECOND CAUSE OF ACTION</u>**
**Breach of Implied Covenant Of Good Faith & Fair Dealing**
(Against All Defendants)

33. Plaintiff incorporates by reference to all preceding paragraphs as if fully set forth here and further alleges as follows:

34. During the Class Period, Home Depot enter into uniform written contract with Plaintiff and the Class in which Home Depot agreed to:

a. Charge an agreed to price to acquire any and all "required" municipal permits relating to the installation of the hot water heater in the purchaser's residence; and

b. Prepare, file, apply for, or otherwise cause to record the "required" municipal permits for the installation of the hot water heater in the purchaser's residence with the applicable municipal government in California.

35. Plaintiff and the Class has completed all, or substantially all of the significant things that the contract required Plaintiff and the Class to do in that Plaintiff and the Class paid the agreed price for the purchase, delivery and installation of a hot water heater, including "PERMIT FEE AS REQUIRED" charges, in consideration of and in full performance under the terms of the uniformed written contracts for the purchase, delivery and installation of a new hot water heater in their residences. As such, all conditions required for Defendant's performance have occurred.

36. Defendant Home Depot unfairly interfered with Plaintiff's right to receive the benefits of the contract because Plaintiff is informed and believes, and thereon alleges, that Defendant Home Depot has never prepared, filed, applied for, or otherwise caused to recorded with the proper municipal authority any "required" municipal permit relating to the installation of the hot water heater in Plaintiff's and Class members' residences.

37. Plaintiff and the Class were damaged in that they paid Home Depot for "permit fee[s]" for acquiring of "required" municipal permits relating to the installation of a hot water heater in Plaintiff's and the Class members' residences which were never obtained from and/or never required by the applicable municipal governments in California.

**THIRD CAUSE OF ACTION**
**Deceptive Trade Practices in Violation of California Civil Code §§ 1750 *et. seq.* (Consumers Legal Remedies Act)**
(Against All Defendants)

38. Plaintiff incorporates by reference to all preceding paragraphs as if fully set forth here and further alleges as follows:

39. Defendant Home Depot is a "person" within the meaning of the Civil Code §§ 1761(c) and 1770, and offered and provided a bundled package of goods and services that was supposed to include both the purchase, delivery and installation of a hot water heater, and any and

all "required" municipal permits relating to the installation of the hot water heater in Plaintiff's residence, a "service" and "goods" within the meaning of the Civil Code §§ 1761(a), 1761(b) and 1770.

40. As a purchaser of the goods and services described above, Plaintiff and the Class are "consumers" within the meaning of Civil Code §§ 1761(d), 1780, and 1781. Furthermore, each payment for the goods and services by Plaintiff and the Class constitutes a "transaction" within the meaning of the Civil Code §§ 1761(e) and 1780.

41. As set forth herein, defendant Home Depot's acts, practices, representations, omissions, and course of conduct with respect to the promotion and sale of bundled package of goods and services that was supposed to include both the purchase, delivery and installation of a hot water heater, and any and all "required" municipal permits relating to the installation of the hot water heater, violated Civil Code §1750, *et seq.*, in that: (a) defendant Home Depot passed off its services as those of another in violation of the Civil Code §1770(a)(1); (b) defendant Home Depot misrepresented the affiliation, connection, or association with, or certification by, another in violation of the Civil Code §1770(a)(3); (c) defendant Home Depot represented that its services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have in violation of the Civil Code §1770(a)(5); (d) defendant Home Depot represented that its services are of a particular standard, quality, or grade when they are of another in violation of the Civil Code §1770(a)(7); and (e) defendant Home Depot advertised its services with intent not to sell them as advertised in violation of the Civil Code §1770(a)(9).

42. As a result of defendant Home Depot's above described conduct, and Plaintiff's and the Class' purchase of a bundled package of goods and services that was supposed to include both the purchase, delivery and installation of a hot water heater, and any and all "required" municipal permits relating to the installation of the hot water heater, Plaintiff and the Class have suffered damages from the use or employment of a "method, act, or practice" made unlawful by Civil Code § 1770. Accordingly, Plaintiff and the Class seek relief under the Civil Code § 1780(a).

43. Pursuant to the provision of Civil Code § 1780(a)(2), Plaintiff seeks injunctive relief in the form of a restitution order requiring defendant Home Depot to refund all charges incurred for

obtaining and filing the "required" municipal permits for the installation of the hot water heater by Plaintiff and the Class.

44. Plaintiff delivered to Defendant Home Depot a notice of its violations of the Consumers Legal Remedies Act, sent by certified mail on July 2, 2007, and received no reply from Defendant Home Depot. To date, Defendant Home Depot has not and Plaintiff seeks injunctive relief in the form of an order requiring Home Depot to adopt procedures to (1) identify and refund all charges, fees, costs, and other expenses incurred by Plaintiff and all others similarly situated related to the acquiring and filing of any and all "required" municipal permits for the installation of a hot water heater purchased from Defendant and/or remit the charges or fees collected from Plaintiff and all others similarly situated to the municipal governments that are responsible for issuing the "required" municipal permits, and otherwise take all necessary steps to ensure that Plaintiff and others similarly situated actually receive the "required" municipal permits relating to the installation of a hot water heater in the Plaintiff's and class members' residences within a reasonable time; (2) stop the collection of all charges, fees, costs, and other expenses for the acquiring and filing of any and all "required" municipal permits for the installation of a hot water heater purchased from Defendant not required; (3) create a policy to timely refund all charges, fees, costs, and other expenses related to the acquiring and filing of any and all "required" municipal permits for the installation of a hot water heater purchased from Defendant never obtained, acquired, prepared, filed, applied for, or otherwise caused to recorded with the applicable municipal governments in California within a reasonable time; (4) create a policy to timely remit the charges or fees collected from Plaintiff and all others similarly situated to the municipal governments that are responsible for issuing the "required" municipal permits, and otherwise take all necessary steps to ensure that Plaintiff and others similarly situated actually receive the "required" municipal permits relating to the installation of a hot water heater in the Plaintiff's and class members' residences within a reasonable time; (5) publicized a corrective notice of these wrongful practices and the corrective action taken to stop these wrongful practices to all of Defendant's customers, at Defendant's expense; and (6) paid Plaintiff's attorneys' fees and costs of litigation pursuant to the California Civil Code § 1780(d) and the California Code of Civil Procedure § 1021.5.

45. Pursuant to the provision of Civil Code § 1780(a)(1), Plaintiff and the Class seeks actual damages of all charges, fees, costs, and other expenses incurred by Plaintiff and the Class for acquiring of any and all "required" municipal permits for the installation of hot water heaters purchased from Defendant in Plaintiff's and the Class members' residences which were never obtained from and/or never required by the applicable municipal governments in California, in amount not less than $1,000 to be proven at trial.

46. Plaintiff seeks recovery of attorneys' fees and costs of litigation pursuant to the Civil Code § 1780(d).

**FOURTH CAUSE OF ACTION**
**Unlawful, Fraudulent and Unfair Business Acts and Practices in Violation of California Business & Professions Code §§17200 *et seq.***
(Against All Defendants)

47. Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

48. The acts, misrepresentations, omissions, practices, and non-disclosures of defendant as alleged herein constituted unlawful, fraudulent and unfair business acts and practices within the meaning of the Business & Professions Code §§ 17203 *et seq.*

49. Defendants have engaged in "unlawful" business acts and practices by advertising that for the payment of certain fees and charges, including but not limited to a "permit fee," Plaintiff and class members would receive a bundled package of goods and services that would include both the purchase, delivery and installation of a hot water heater, and any and all "required" municipal permits relating to the installation of the hot water heater in the class members' residences, when, in fact, Defendants never acquired, obtained, or caused to be recorded any "required" municipal permits. Plaintiff reserves the right to allege other violations of law which constitute unlawful acts or practices.

50. Defendant Home Depot has also engaged in "unfair" business acts or practices in that the harm caused by the collection of charges, fees, costs, and other expenses, including but not limited to a "permit fee," for acquiring and filing any and all "required" municipal permits relating to the installation of the hot water heater for Plaintiff and class members outweighs the utility of

such conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, and causes substantial injury to Plaintiff and the Class.

51. As a result of the conduct described above, defendant Home Depot has been and will be unjustly enriched at the expense of Plaintiff and the Class. Specifically, defendant Home Depot has been unjustly enriched by the retention of thousands of dollars in excess profits from the sale of a bundled package of goods and services that was represented by Defendants to include both the purchase, delivery and installation of a hot water heater, and the acquisition of any and all "required" municipal permits relating to the installation of the hot water heater in the class members' residences to Plaintiff and the Class, but instead did not include the acquisition of any and all "required" municipal permits.

52. The aforementioned unlawful, fraudulent and unfair business acts or practices conducted by defendant Home Depot has been committed in the past and continues to this day. Defendant has failed to acknowledge the wrongful nature of its actions. Defendant has not corrected or publicly issued individual and comprehensive corrective notices to Plaintiff and the Class or provided full restitution and disgorgement of all ill-gotten monies either acquired or retained by defendants as a result thereof, thereby depriving Plaintiff and the Class the benefit of their bargain.

53. Pursuant to Business & Professions Code § 17203, Plaintiff and the Class seek an order of this Court requiring defendant Home Depot to disgorge all ill-gotten gains and awarding Plaintiff and the Class full restitution of all monies wrongfully acquired by the defendant by means of such unlawful, fraudulent and unfair conduct, plus interest and attorneys' fees pursuant to, *inter alia*, Code of Civil Procedure § 1021.5, so as to restore any and all monies to Plaintiff and the Class and the general public which were acquired and obtained by means of such unlawful, fraudulent and unfair conduct, and which ill-gotten gains are still retained by defendants. Plaintiff and the Class additionally request that such funds be impounded by the Court or that an asset freeze or constructive trust be imposed upon such revenues and profits to avoid dissipation and/or fraudulent transfers or concealment of such monies by defendants. Both Plaintiff and the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

54. Pursuant to the Business & Professions Code § 17203, Plaintiff and the Class seek an order of this Court for equitable and/or injunctive relief in the form of requiring defendant Home Depot to adopt procedures to (1) stop the business practice of charging an additional fee to obtain municipal permits that are not required or never actually obtained; (2) create a policy to timely refund all additional charges for municipal permits that are not required or never obtained, when they do occur; and (3) publicize corrective notice of these unlawful, fraudulent and unfair practices and the corrective action taken to stop these unlawful, fraudulent and unfair practices to all of Defendants' customers, at Defendants' expense.

## PRAYER

WHEREFORE, Plaintiff requests of this Court the following relief, on behalf of himself and all others similarly situated:

A. That this action be certified as a class action on behalf of the proposed plaintiff class and Plaintiff be appointed as the representative of the Class;

B. Injunctive relief in the form of an order requiring defendants to disgorge all ill-gotten gains and awarding Plaintiff and the Class full restitution of all monies wrongfully acquired by the defendants by means of such unlawful, fraudulent and unfair conduct, plus interest and attorneys' fees pursuant to, *inter alia*, Code of Civil Procedure § 1021.5;

C. Injunctive relief in the form of an order requiring defendants to adopt procedures to (1) identify and refund all fees paid by Plaintiff, and others similarly situated, for obtaining municipal permits that were not required or never actually obtained; (2) stop the business practice of charging an additional fee to obtain municipal permits that are not required or never actually obtained; (3) create a policy to timely refund all additional charges for municipal permits that are not required or never obtained, when they do occur; (4) publicize corrective notice of these wrongful practices and the corrective action taken to stop these wrongful practices to all of Defendants' customers, at Defendants' expense; (5) remit the charges or fees collected from Plaintiff and all others similarly situated to the municipal governments that are responsible for issuing the "required" municipal permits, and otherwise take all necessary steps to ensure that Plaintiff and others similarly situated actually receive the "required" municipal permits relating to

the installation of a hot water heater in the Plaintiff's and class members' residences; and (6) cease from engaging, or, within a reasonable time, agreed to cease to engage, in the illegal, unlawful, fraudulent and unfair methods, act, or practices as set forth in this complaint;

D. Damages as provided by statute;

E. General damages according to proof;

F. Special damages according to proof;

G. Compensatory damages according to proof;

H. Consequential damages according to proof;

I. Prejudgment and post-judgment interest as provided by statute;

J. Attorneys' fees, expenses, and costs of this action pursuant to statute; and

K. Such further relief as this Court deems necessary, just, and proper.

Dated: October 11, 2007

Patrick N. Keegan, Esq.
Brent Lee, Esq.
**KEEGAN & BAKER, LLP**

Attorneys for Representative Plaintiff
RICHARD STANFORD

## DEMAND FOR JURY TRIAL

Plaintiff and the Class hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: October 11, 2007

Patrick N. Keegan, Esq.
Brent [illegible], Esq.
**KEEGAN & BAKER, LLP**

Attorneys for Representative Plaintiff
RICHARD STANFORD

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CIVIL BUSINESS OFFICE 1
CENTRAL DIVISION
2007 OCT 12 PM 1:30
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
RICHARD STANFORD, individually and on behalf of all other persons similarly situated and on behalf of the general public

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN DIEGO SUPERIOR COURT
330 West Broadway
San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):*
37-2007-00077691-CU-BC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Patrick N. Keegan, Esq., SBN 167698 (858) 552-6750
KEEGAN & BAKER, LLP, 4370 La Jolla Village Drive, Suite 640, San Diego, CA 92122

DATE: OCT 12 2007
*(Fecha)*

Clerk, by C. BOYLE, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

SUPERIOR COURT • SAN DIEGO COUNTY, CA

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under:
- ☐ CCP 416.10 (corporation)
- ☐ CCP 416.20 (defunct corporation)
- ☐ CCP 416.40 (association or partnership)
- ☐ CCP 416.60 (minor)
- ☐ CCP 416.70 (conservatee)
- ☐ CCP 416.90 (authorized person)
- ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

EXHIBIT D

52

EXHIBIT 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Patrick N. Keegan, Esq., SBN 167698 KEEGAN & BAKER, LLP 4370 La Jolla Village Drive, Suite 640 San Diego, CA 92122 TELEPHONE NO.: (858) 552-6750 FAX NO.: (858) 552-6749 ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY CIVIL BUSINESS OFFICE 1 CENTRAL DIVISION 2007 OCT 12 PM 3:30 SUPERIOR COURT SAN DIEGO COUNTY, CA |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO STREET ADDRESS: 330 West Broadway MAILING ADDRESS: 330 West Broadway CITY AND ZIP CODE: San Diego, CA 92101 BRANCH NAME: Central | |
| CASE NAME: STANFORD v. HOME DEPOT U.S.A., INC. | |
| **CIVIL CASE COVER SHEET** [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) — **Complex Case Designation** [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER: 37-2007-00077691-CU-BC-CTL JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [✓] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (*specify*): Four
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: October 11, 2007

Patrick N. Keegan
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT D



EXHIBIT 1

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central<br>TELEPHONE NUMBER: (619) 685-6025 | |
| PLAINTIFF(S) / PETITIONER(S): Richard Stanford | |
| DEFENDANT(S) / RESPONDENT(S): Home Depot USA Inc | |
| STANFORD VS. HOME DEPOT USA INC | |
| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2007-00077691-CU-BC-CTL |

**Judge:** Joan M. Lewis **Department:** C-65

**COMPLAINT/PETITION FILED:** 10/12/2007

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

**PROOF OF SERVICE**

I, Vanjo Lickhalter, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 777 South Figueroa Street, Los Angeles, California 90017.

On November 16, 2007, I served a true copy of the following document(s) described as:

**DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1441, 1332(d), and 1453**

on the interested parties in this action as follows:

**By Personal or Messenger Service**
By causing the document(s) listed above to be personally served in such envelope by hand to the person at the address(s) set forth below:

Patrick N. Keegan, Esq.
Brent Jex, Esq.
KEEGAN & BAKER, LLP
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122

Phone: (858) 552-6750
Fax : (858) 552-6749

I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed November 16, 2007, at Los Angeles, California.

Vanjo Lickhalter
Print Name

[signature]
Signature

## PROOF OF SERVICE

I, Vanjo Lickhalter, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 777 South Figueroa Street, Los Angeles, California 90017.

On November 16, 2007, I served a true copy of the following document(s) described as:

**DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

on the interested parties in this action as follows:

**By Personal or Messenger Service**
By causing the document(s) listed above to be personally served in such envelope by hand to the person at the address(s) set forth below:

Patrick N. Keegan, Esq.
Brent Jex, Esq.
KEEGAN & BAKER, LLP
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122

Phone: (858) 552-6750
Fax : (858) 552-6749

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed November 16, 2007, at Los Angeles, California.

Vanjo Lickhalter
Print Name

Signature

**PROOF OF SERVICE**

I, Vanjo Lickhalter, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 777 South Figueroa Street, Los Angeles, California 90017.

On November 19, 2007, I served a true copy of the following document(s) described as:

**DEFENDANT HOME DEPOT U.S.A., INC.'S CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

on the interested parties in this action as follows:

**By U.S MAIL:**
By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

Patrick N. Keegan, Esq.
Brent Jex, Esq.
KEEGAN & BAKER, LLP
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122

Phone: (858) 552-6750
Fax : (858) 552-6749

I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed November 19, 2007, at Los Angeles, California.

Vanjo Lickhalter
Print Name

Signature