1   Patrick N. Keegan, Esq. (SBN: 167698)
    Brent Jex, Esq. (SBN: 235261)
2   **KEEGAN & BAKER, LLP**
    4370 La Jolla Village Drive, Suite 640
3   San Diego, California 92122
    Telephone: (858) 552-6750
4   Facsimile:  (858) 552-6749

5   Attorneys for Representative Plaintiff
    RICHARD STANFORD
6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10
    RICHARD STANFORD,  individually and on ) Case No. 07 CV-2193 LAB (WMC)
11  behalf of all other persons similarly situated and )
    on behalf of the general public,          ) **FIRST   AMENDED   CLASS   ACTION**
12                                             ) **COMPLAINT  FOR  DAMAGES  AND**
                   Plaintiff,                  ) **INJUNCTIVE RELIEF FOR:**
13                                             )
            vs.                                ) **(1)    Breach of Contract;**
14                                             ) **(2)    Breach of Implied Covenant of Good**
    HOME  DEPOT  U.S.A., INC., a Delaware )            **Faith & Fair Dealing;**
15  corporation;                               ) **(3)    Deceptive   Trade   Practices   in**
                                               )            **Violation of California Civil Code §§**
16                 Defendant.                  )            **1750  et . seq.  (Consumers  Legal**
                                               )            **Remedies Act); and**
17                                             ) **(4)    Unlawful, Fraudulent and Unfair**
                                               )            **Business  Acts  and  Practices  in**
18                                             )            **Violation of California Business &**
                                               )            **Professions Code §§ 17200, et seq.**
19  _____ )

20

21

22

23

24

25

26

27

28
    _____
    First Amended Class Action Complaint

1

## TABLE OF CONTENTS

2

NATURE OF ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

JURISDICTION AND VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PARTY ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.      Plaintiff Richard Stanford . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.      Defendant Home Depot U.S.A., Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CLASS ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

FACTUAL ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

FIRST CAUSE OF ACTION
    Breach of Written Contract . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

SECOND CAUSE OF ACTION
    Breach of Implied Covenant Of Good Faith & Fair Dealing . . . . . . . . . . . . . . . . . . . . . . . 11

THIRD CAUSE OF ACTION
    Deceptive Trade Practices in Violation of
    California Civil Code §§ 1750 et . seq. (Consumers Legal Remedies Act) . . . . . . . . . . . 12

FOURTH CAUSE OF ACTION
    Unlawful, Fraudulent and Unfair Business Acts and Practices
    in Violation of California Business & Professions Code §§17200 et seq. . . . . . . . . . . . 15

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

DEMAND FOR JURY TRIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

First Amended Class Action Complaint            ii

1    Plaintiff Richard Stanford (hereinafter "Stanford" or "Plaintiff"), by his attorneys,
2    individually and on behalf of all others similarly situated, alleges upon personal knowledge as to
3    himself and his acts stated herein, and as to all other matters upon information and belief upon, as
4    follows:

## NATURE OF ACTION

6    1.    This is a class action for damages, equitable and/or injunctive relief on behalf of a
7    class of all California residents who paid Defendant Home Depot U.S.A., Inc. (hereinafter
8    "Defendant" or "Home Depot") monies for a bundled package of goods and services, including but
9    not limited to a "permit fee", that was supposed to include both the purchase, delivery and
10   installation of a hot water heater, **and** any and all "required" municipal permits relating to the
11   installation of the hot water heater in the class members' residences, but actually did not include the
12   municipal permit. In addition, Home Depot also overcharges its customers for the "permit fee" by
13   charging an undisclosed, amount over and above what is charge by the municipal governments for
14   the "permit fee".

15   2.    As a result of the conduct described above, Home Depot has been and continues to
16   be unjustly enriched at the expense of Plaintiff, and others similarly situated. Specifically, Defendant
17   has received and retained a substantial excess profits earned from charging the class members for
18   a service that was never provided: the acquiring and filing of any and all "required" municipal
19   permits relating to the installation of a hot water heater in the class members' residences; and
20   overcharging for the "required" municipal permits relating to the installation of a hot water heater
21   in the class members' residences.

22   3.    Accordingly, Plaintiff, on behalf of himself and all others similarly situated, seeks
23   damages for recovery of all charges, fees, costs, and other expenses related to the acquiring and filing
24   of any and all "required" municipal permits for the installation of a hot water heater purchased from
25   Home Depot. In addition, Plaintiff, on behalf of himself and all others similarly situated, alleges
26   violations of the California Civil Code §§ 1750 *et seq.* and California Business & Professions Code
27   §§ 17200 *et seq.* by Home Depot, and seeks for equitable and/or injunctive relief in the form of
28   requiring Defendant to (1) identify and refund all charges, fees, costs, and other expenses incurred

First Amended Class Action Complaint                    1

1  by Plaintiff and all others similarly situated related to the acquiring and filing of any and all
2  "required" municipal permits for the installation of a hot water heater purchased from Defendant
3  and/or remit the charges or fees collected from Plaintiff and all others similarly situated to the
4  municipal governments that are responsible for issuing the "required" municipal permits, and
5  otherwise take all necessary steps to ensure that Plaintiff and others similarly situated actually
6  receive the "required" municipal permits relating to the installation of a hot water heater in the
7  Plaintiff's and class members' residences within a reasonable time; (2) stop the collection of all
8  charges, fees, costs, and other expenses for the acquiring and filing of any and all municipal permits
9  for the installation of a hot water heater purchased from Defendant not required; (3) create a policy
10 to timely refund all charges, fees, costs, and other expenses related to the acquiring and filing of any
11 and all "required" municipal permits for the installation of a hot water heater purchased from
12 Defendant never obtained, acquired, prepared, filed, applied for, or otherwise caused to recorded
13 with the applicable municipal governments in California within a reasonable time; (4) create a policy
14 to timely remit the charges or fees collected from Plaintiff and all others similarly situated to the
15 municipal governments that are responsible for issuing the "required" municipal permits, and
16 otherwise take all necessary steps to ensure that Plaintiff and others similarly situated actually
17 receive the "required" municipal permits relating to the installation of a hot water heater in the
18 Plaintiff's and class members' residences within a reasonable time; (5) publicize a corrective notice
19 of these wrongful practices and the corrective action taken to stop these wrongful practices to all of
20 Defendant's customers, at Defendant's expense; and (6) paying Plaintiff's attorneys' fees and costs
21 of litigation pursuant to the California Civil Code § 1780(d) and the California Code of Civil
22 Procedure § 1021.5.

23                              **JURISDICTION AND VENUE**

24      4.      Home Depot has alleged in its removal papers that this Court has jurisdiction over
25 the subject matter of this action since federal diversity jurisdiction exists under 28 U.S.C. §
26 1332(d)(2) because the amount in controversy exceeds the sum or value of $5,000,000 and the
27 Plaintiff and the Class are citizens of a state different from Home Depot.

28 / / /

First Amended Class Action Complaint                    2

1    5.    Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2), the provisions of
2 the Civil Code § 1780(c), and the Business & Professions Code § 17203. Plaintiff is located and
3 resides within this judicial district; all acts and/or omissions occurred in this judicial district and
4 throughout the State of California; and Defendant is licensed to, and do, conduct significant business
5 with Plaintiff and Class members within this judicial district, including at Home Depot's store
6 located at 4255 Genesee Avenue, San Diego, CA 92117. Moreover, by doing business in this
7 judicial district of California, Defendants are alleged to have committed violations of the California
8 Civil Code and the California Business & Professions Code, in addition to numerous common law
9 causes of action, in this judicial district, which have had an adverse effect upon the finances of
10 residents of the County of San Diego.

11                           **PARTY ALLEGATIONS**

12    **A.    Plaintiff Richard Stanford.**

13    6.    Plaintiff Richard Stanford (hereinafter "Stanford" or "Plaintiff") is an adult residing
14 at 5961 La Jolla Scenic Drive, La Jolla, CA 92037, within the municipal district of the city of San
15 Diego, California.  On May 29, 2007, Plaintiff went to the Home Depot store located at 4255
16 Genesee Avenue, San Diego, California 92117 (the "Store") with the intention of purchasing a hot
17 water heater for his residence.

18    7.    When Plaintiff went to the Store on May 29, 2007, Plaintiff saw and read Home
19 Depot's two uniformed advertisements  for water heaters and their installation posted in the Store's
20 aisle for water heaters as more fully set forth *infra*.

21    8.    Relying on Home Depot's two uniformed advertisements, and with the expectation
22 that, if he paid for a hot water heater, delivery, installation, and a "permit fee," he would indeed
23 receive both the purchase, delivery and installation of a hot water heater, and any and all "required"
24 municipal permits relating to the installation of the hot water heater in his residence, and with the
25 expectation that defendant Home Depot would take all necessary steps to obtain, acquire, prepare,
26 file, apply for, or otherwise caused to recorded with the city of San Diego, all the "required"
27 municipal permits relating to the installation of the hot water heater in his residence, Plaintiff paid
28 a total sum of $835.01 to Home Depot for a bundled package of goods and services that was

1  supposed to include both the purchase, delivery and installation of a hot water heater, and the
2  acquisition of any and all "required" municipal permits relating to the installation of the hot water
3  heater in Plaintiff's residence. Specifically, as set forth in his receipt and written contract with Home
4  Depot dated "05/29/07", Plaintiff was charged for $698.00 for a GE SmartWater water heater "50
5  GL TALL 12 YR (SKU #185-191)", and $112.00 for a "PERMIT FEE AS REQUIRED- (SEE
6  PRICE LIST)/LA JOLLA, LINDA VISTA", and $25.00 for a "SEDIMENT TRAP (DRIP TEE FOR
7  GAS ONLY) *REQUIRED FOR CITY OF SAN DIEGO*", on which amounts no sales tax was
8  charged.

9  9.      As of the date of filing of this complaint and notwithstanding his payment of the
10  "permit fee," Home Depot has never prepared, filed, applied for, or otherwise caused to recorded
11  with the city of San Diego any "required" municipal permit relating to the installation of the hot
12  water heater in Plaintiff's residence. Moreover, the amount the City of San Diego would actually
13  charge for all "required" municipal permits relating to the installation of a hot water heater in
14  Plaintiff's resident is only $93.00 not $122.00, resulting in an overcharge by Home Depot of $19.00.

15          B.      Defendant Home Depot U.S.A., Inc.

16  I0.     Defendant Home Depot U.S.A., Inc. ("Home Depot"), is a corporation organized
17  under the laws of the State of Delaware and is doing business throughout the state of California and
18  the County of San Diego, including a store located at 4255 Genesee Avenue, San Diego, CA 92117.
19  Home Depot's headquarters and principal place of business are located at 2455 Paces Ferry Road,
20  Atlanta, GA 30339.

21                                  CLASS ALLEGATIONS

22  11.     Plaintiff brings this action on his own behalf and on behalf of all other persons
23  similarly situated pursuant to the Code of Civil Procedure § 382 and the Civil Code §§ 1781(b) and
24  (c)(1). The plaintiff class which Plaintiff seeks to represent is composed of,

25          All persons in California who purchased hot water heaters from defendant Home
            Depot U.S.A., Inc. for delivery and installation and paid a municipal permit fee ("the
26          Class") from October 15, 2003 to the date of trial (the "Class Period").

27  12.     Plaintiff does not, as yet, know the exact size of the class. Based upon the nature of
28  the trade and commerce involved, Plaintiff believes that the number of class members is substantial

First Amended Class Action Complaint                    4

and that class members are geographically dispersed throughout the State of California. Thus, the Class is sufficiently numerous to make joinder impracticable, if not completely impossible. The disposition of their claims in a class action will benefit both the parties and the Court.

13. There is a well-defined community of interest in the questions of law and fact involving and affecting all members of the Class and common questions of law and fact predominate over questions which may affect only individual Class members. Among the questions of law and fact common to the Class are as follows:

a. Whether defendant Home Depot misrepresented that the Class members were required to obtain a municipal permits relating to the installation of the hot water heater in the Class members' purchased for their residences;

b. Whether defendant Home Depot misrepresented when the Class members would receive any and all "required" municipal permits relating to the installation of the hot water heater in the Class members' residences when they paid a "permit fee":

c. Whether defendant Home Depot failed to obtained, acquired, prepared, filed, applied for, or otherwise caused to recorded with the applicable municipal governments in California in a reasonable time all "required" municipal permits relating to the installation of the hot water heater in Class members' residences when they paid a "permit fee":

d. Whether defendant Home Depot overcharged the Class members for municipal permit fees by charging an undisclosed, amount over and above what is charge by the municipal governments for all "required" municipal permits relating to the installation of the hot water heater in Class members' residences when they paid a "permit fee":

e. Whether defendant Home Depot's conduct was deceptive in violation of the Civil Code §§ 1750 *et seq.*: and

f. Whether defendant Home Depot's conduct was unlawful, fraudulent and/or unfair constituting violations of the Business & Professions Code §§ 17200 *et seq.*

14. Plaintiff's claims are typical of the claims of the other members of the Class because Plaintiff's claims and the claims of each member of the Class arise from the purchase of a bundled package of goods and services that was supposed to include both the purchase, delivery and installation of a hot water heater, and any and all "required" municipal permits relating to the installation of the hot water heater in the class members' residences, but actually did not include the municipal permit at all or in a reasonable time. Similarly, Plaintiff and the Class paid an undisclosed or hidden additional charge to Home Depot for such municipal permits in an amount greater than the amount municipal governments actually charge for all "required" municipal permits

First Amended Class Action Complaint                      5

1   relating to the installation of a hot water heater in Plaintiff's and the Class members' residences.
2   During the Class Period. defendant Home Depot made uniform written statements to Plaintiff and
3   the Class misrepresenting that Plaintiff and class members would receive both the purchase. delivery
4   and installation of a hot water heater. and any and all "required" municipal permits relating to the
5   installation of the hot water heater in the class members' residences. but actually did not include the
6   municipal permit at all or in a reasonable time. and included an undisclosed or hidden surcharge.
7   As a result, the evidence and the legal theories regarding Defendant's alleged wrongful conduct are
8   identical for the named Plaintiff and each Class member.

9        15.     Plaintiff will fairly and adequately protect the interests of the Class.  Moreover.
10  Plaintiff has no interests which are contrary to or in conflict with those of the Class he seeks to
11  represent during the Class Period. In addition, Plaintiff has retained competent counsel experienced
12  in class action litigation to further ensure such protection and intend to prosecute this action
13  vigorously.

14       16.     The prosecution of separate actions by individual members of the Class would create
15  a risk of inconsistent or varying adjudications with respect to individual members of the Class, which
16  would establish incompatible standards of conduct for the defendants in the State of California and
17  would lead to repetitious trials of the numerous common questions of fact and law in the State of
18  California.  Plaintiff knows of no difficulty that will be encountered in the management of this
19  litigation that would preclude its maintenance as a class action. As a result, a class action is superior
20  to other available methods for the fair and efficient adjudication of this controversy.

21       17.     Proper and sufficient notice of this action may be provided to the Class members by
22  direct mail and/or through notice published on the Internet. in television. radio. and/or print media
23  outlets, and/or at defendants' retail locations and/or on defendants' web sites.

24       18.     Moreover. each Class member's individual claims are insufficient to justify the cost
25  of litigation. so that in the absence of class treatment. defendants' continuing violations of law
26  inflicting substantial damages in the aggregate would go unremedied without certification of the
27  Class.  Absent certification of his action as a class action. Plaintiff and the members of the Class will
28  continue to be deceived and damaged. thereby allowing these violations of law to proceed without

1 remedy, and allowing defendants to retain the proceeds of their ill-gotten gains.

2 <center>**FACTUAL ALLEGATIONS**</center>

3     19.    Home Depot disseminated and continues to disseminate two uniform advertisements

4 posted in its stores on the aisle displaying different models of hot water heaters stating that,

5 municipal permits are required for the installation of a new hot water heater, and for an additional

6 "permit fee," the purchaser of a hot water heater including delivery and installation, would receive

7 any and all "required" municipal permits relating to the installation of the hot water heater in the

8 purchaser's residence. Specifically, one Home Depot uniform advertisement states as follows:

9 <center>**Water Heater**</center>
<center>**Installations:**</center>
10 <center>**Did You Know ???**</center>

11 <center>For the safety of your family and home, if your current
water heater does not meet local code requirements.....</center>

12

<center>Additional costs will be necessary to bring your installation "up
13 to code."</center>
Some of the most frequent requirements include...

14
1) A local permit is required in most cities and counties, see store for charges in
15 your area.

16 2) A temperature and pressure relief line must be installed to either exit your
home or garage, or the water heater must have a "Watts 210" valve to shut off the
17 gas valve if pressure or temperature exceeds safe levels. If this valve is required,
there are additional charges for the installation, see Associate for details. A
18 "Watts 210" valve (typically installed when the water heater is located in the
center of a home or a concrete slab, or in a basement) must be installed.

19
3) If the water shut-off valve doesn't operate properly, the valve must be replaced.
20 The replacement of this valve (material and labor) is required at an additional
cost.

21
4) Venting the water heater. Typically, a new water heater will not be the same
22 dimensions as the old unit. This size difference will require modifying your
existing venting. Typical straight venting modifications run between $5.00 -
23 $8.00 per foot (depending on the type of existing vent pipe).
Note: Additional costs may occur depending on the specific requirements of your
24 [illegible].
<center>ASK A SALES ASSOCIATE FOR DETAILS</center>

25

26 The other Home Depot uniform advertisement stated:

27 <center>**Water Heater**</center>
<center>**Installed for**</center>
28 <center>**$299.00 plus permit fee***</center>

1                          Does not include cost of water heater or materials

2                             CALL 1-800-HOME DEPOT

3                             **Basic Installation Includes**

4        Delivery of hot water heater

5        Haul-away of old hot water heater

6        Installation of hot water heater up to 50 gallons gas or electric (Larger sizes
          additional cost)

7

        Installation kit for gas or electric hot water heater

8

        Earthquake straps and foam insulation included

9

        Permit fee additional

10

        Price includes "Service Protection Plus" See Associate

11             *See Associate
               *Additional work and materials may be required at an additional cost

12                    Home Depot U.S.A. Lic. #602331

13    The advertisements are misleading because a reasonable person would believe that municipal

14    permits are in fact "required" to ensure "the safety of your family and home", and that defendant

15    Home Depot will take all necessary steps to prepare, file, apply for, or otherwise cause to be

16    recorded with the local municipality in a reasonable time all the "required" municipal permits

17    relating to the installation of the hot water heater in the purchaser's residence, when in fact Home

18    Depot is either not taking any necessary steps and does not intend to take these necessary steps to

19    obtain municipal permits for its customers or is not taking any necessary steps within a reasonable

20    time. The advertisements are misleading since they fail to disclose that Home Depot is charging

21    an additional amount over and above what is charge by the municipal governments for all

22    "required" municipal permits relating to the installation of the hot water heater in Class members'

23    residences when they paid a "permit fee".

24            20.    During the Class Period, Plaintiff and the Class paid Home Depot monies for a

25    bundled package of goods and services, including a "permit fee," that was supposed to include both

26    the purchase, delivery and installation of a hot water heater, *and* any and all "required" municipal

27    permits relating to the installation of the hot water heater in Plaintiff's and the Class members'

28    residences. Moreover, the amount municipal governments actually charge for all "required"

First Amended Class Action Complaint            8

1   municipal permits relating to the installation of a hot water heater in Plaintiff's and the Class
2   members' residences is less than the amount charged by Home Depot, thus resulting in an
3   undisclosed overcharge by Home Depot to Plaintiff and the Class (and in Plaintiff's case, an
4   overcharge of $19.00).

5       21.    After Plaintiff and the Class purchased these goods and services, Home Depot has
6   thereafter either never obtained, acquired, prepared, filed, applied for, or otherwise caused to
7   recorded with the applicable municipal governments in California all "required" municipal permits
8   relating to the installation of the hot water heater in Plaintiff's and the Class members' residences
9   or failed to acquire such permits in a reasonable time. Instead, Home Depot has retained all of
10   charges collected from Plaintiff and the Class for itself and has refused and continues to refuse to
11   acquire or obtain municipal permits relating to the installation of the hot water heater for Plaintiff
12   and the Class.

13       22.    As a result, Home Depot has received and retained a substantial excess profits earned
14   from charging the class members for a service that was never provided: the acquiring and filing of
15   any and all "required" municipal permits relating to the installation of a hot water heater in
16   Plaintiff's and the Class members' residences; and overcharging for the "required" municipal
17   permits relating to the installation of a hot water heater in the class members' residences.

18
19
## FIRST CAUSE OF ACTION
### Breach of Written Contract
(Against All Defendants)

20       23.    Plaintiff incorporates by reference to all preceding paragraphs as if fully set forth
21   here and further alleges as follows:

22       24.    During the Class Period, Home Depot enter into uniform written contract with
23   Plaintiff and the Class in which Home Depot agreed to:

24       a.    Charge an agreed to price to acquire any and all "required" municipal permits
relating to the installation of the hot water heater in the purchaser's residence; and
25
26       b.    Prepare, file, apply for, or otherwise cause to record the "required" municipal
permits for the installation of the hot water heater in the purchaser's residence with
the applicable municipal government in California.
27   ///
28

25.     Plaintiff and the Class has completed all, or substantially all of the significant things that the contract required Plaintiff and the Class to do in that Plaintiff and the Class paid the agreed price for the purchase, delivery and installation of a hot water heater, including "PERMIT FEE AS REQUIRED" charges, in consideration of and in full performance under the terms of the uniformed written contracts for the purchase, delivery and installation of a new hot water heater in their residences.

26.     All conditions required for Defendant's performance have occurred. Home Depot breached the written contract by:

a.     Charging "permit fee[s]" for acquiring of "required" municipal permits relating to the installation of a hot water heater in Plaintiff's and the Class members' residences in amount greater than the actual permit fee charged by municipal governments in California for all "required" municipal permits relating to the installation of the hot water heater in Plaintiff's and the Class members' residences:

b.     Charging "permit fee[s]" for acquiring of "required" municipal permits relating to the installation of a hot water heater in Plaintiff's and the Class members' residences which Home Depot neither intended to obtained, acquired, prepared, filed, applied for, or otherwise caused to recorded with the applicable municipal governments in California all "required" municipal permits relating to the installation of the hot water heater in Plaintiff's and the Class members' residences nor intended to obtain in a reasonable time:

c.     Never taking any action to obtain, acquire, prepare, file, apply for, or otherwise cause to recorded with the applicable municipal governments permits relating to the installation of a hot water heater in Plaintiff's and the Class members' residences:

d.     Failing to obtain within a reasonable time all "required" municipal permits relating to the installation of the hot water heater in Plaintiff's and the Class members' residences from the applicable municipal governments in California; and

e.     Failing to refund the fees charged for acquiring of any and all "required" municipal permits relating to the installation of a hot water heater in Plaintiff's and the Class members' residences never actually obtained within a reasonable time after installation.

27.     In refusing to fulfill its obligations under the contract, Home Depot acted in violation of the covenant of good faith and fair dealing contained within the uniform written contracts for the purchase, delivery and installation of new hot water heaters.

28.     Plaintiff and the Class were damaged in that they paid Home Depot for "permit fee[s]" for acquiring of "required" municipal permits relating to the installation of a hot water heater in Plaintiff's and the Class members' residences which were never obtained or reasonably obtained

1   from and/or never required by the applicable municipal governments in California; and they paid

2   amounts over and above what is charge by the municipal governments for all "required" municipal

3   permits relating to the installation of the hot water heater in Class members' residences when they

4   paid a "permit fee".

5                                    **SECOND CAUSE OF ACTION**
                        **Breach of Implied Covenant Of Good Faith & Fair Dealing**
6                                       (Against All Defendants)

7        29.     Plaintiff incorporates by reference to all preceding paragraphs as if fully set forth

8   here and further alleges as follows:

9        30.     During the Class Period, Home Depot enter into uniform written contract with

10  Plaintiff and the Class in which Home Depot agreed to:

11       a.      Charge an agreed to price to acquire any and all "required" municipal permits
                 relating to the installation of the hot water heater in the purchaser's residence; and
12
         b.      Prepare, file, apply for, or otherwise cause to record the "required" municipal
13               permits for the installation of the hot water heater in the purchaser's residence with
                 the applicable municipal government in California.
14
         31.     Plaintiff and the Class has completed all, or substantially all of the significant things
15
    that the contract required Plaintiff and the Class to do in that Plaintiff and the Class paid the agreed
16
    price for the purchase, delivery and installation of a hot water heater, including "PERMIT FEE AS
17
    REQUIRED" charges, in consideration of and in full performance under the terms of the uniformed
18
    written contracts for the purchase, delivery and installation of a new hot water heater in their
19
    residences. As such, all conditions required for Defendant's performance have occurred.
20
         32.     Defendant Home Depot unfairly interfered with Plaintiff's right to receive the
21
    benefits of the contract because Plaintiff is informed and believes, and thereon alleges, that
22
    Defendant Home Depot has never prepared, filed, applied for, or otherwise caused to recorded with
23
    the proper municipal authority any "required" municipal permit relating to the installation of the
24
    hot water heater in Plaintiff's and Class members' residences or has failed to file, applied for, or
25
    otherwise caused to recorded within a reasonable time.
26
         33.     Plaintiff and the Class were damaged in that they paid Home Depot for "permit
27
    fee[s]" for acquiring of "required" municipal permits relating to the installation of a hot water heater
28

First Amended Class Action Complaint                11

in Plaintiff's and the Class members' residences which were never obtained or reasonably obtained from and/or never required by the applicable municipal governments in California; and they paid amounts over and above what is charge by the municipal governments for all "required" municipal permits relating to the installation of the hot water heater in Class members' residences when they paid a "permit fee".

### THIRD CAUSE OF ACTION
#### Deceptive Trade Practices in Violation of
#### California Civil Code §§ 1750 *et. seq.* (Consumers Legal Remedies Act)
(Against All Defendants)

34. Plaintiff incorporates by reference to all preceding paragraphs as if fully set forth here and further alleges as follows:

35. Defendant Home Depot is a "person" within the meaning of the Civil Code §§ 1761(c) and 1770, and offered and provided a bundled package of goods and services that was supposed to include both the purchase, delivery and installation of a hot water heater, and any and all "required" municipal permits relating to the installation of the hot water heater in Plaintiff's residence, a "service" and "goods" within the meaning of the Civil Code §§ 1761(a), 1761(b) and 1770.

36. As a purchaser of the goods and services described above, Plaintiff and the Class are "consumers" within the meaning of Civil Code §§ 1761(d), 1780, and 1781. Furthermore, each payment for the goods and services by Plaintiff and the Class constitutes a "transaction" within the meaning of the Civil Code §§ 1761(e) and 1780.

37. As set forth herein, defendant Home Depot's acts, practices, representations, omissions, and course of conduct with respect to the promotion and sale of bundled package of goods and services that was supposed to include both the purchase, delivery and installation of a hot water heater, and any and all "required" municipal permits relating to the installation of the hot water heater, violated Civil Code §1750, *et seq.*, in that: (a) defendant Home Depot passed off its services as those of another in violation of the Civil Code §1770(a)(1); (b) defendant Home Depot misrepresented the affiliation, connection, or association with, or certification by, another in violation of the Civil Code §1770(a)(3); (c) defendant Home Depot represented that its services

1  have sponsorship. approval, characteristics, ingredients, uses, benefits, or quantities which they do
2  not have in violation of the Civil Code §1770(a)(5); (d) defendant Home Depot represented that its
3  services are of a particular standard, quality, or grade when they are of another in violation of the
4  Civil Code §1770(a)(7); and (e) defendant Home Depot advertised its services with intent not to
5  sell them as advertised in violation of the Civil Code §1770(a)(9).

6    38.    As a result of defendant Home Depot's above described conduct, and Plaintiff's and
7  the Class' purchase of a bundled package of goods and services that was supposed to include both
8  the purchase, delivery and installation of a hot water heater, and any and all "required" municipal
9  permits relating to the installation of the hot water heater. Plaintiff and the Class have suffered
10 damages from the use or employment of a "method, act, or practice" made unlawful by Civil Code
11 § 1770. Accordingly, Plaintiff and the Class seek relief under the Civil Code § 1780(a).

12    39.    Pursuant to the provision of Civil Code § 1780(a)(2), Plaintiff seeks injunctive relief
13 in the form of a restitution order requiring defendant Home Depot to refund all charges incurred for
14 obtaining and filing the "required" municipal permits for the installation of the hot water heater by
15 Plaintiff and the Class, and all charges over and above what is charge by the municipal governments
16 for all "required" municipal permits relating to the installation of the hot water heater in Class
17 members' residences when they paid a "permit fee".

18    40.    Plaintiff delivered to Defendant Home Depot a notice of its violations of the
19 Consumers Legal Remedies Act. sent by certified mail on July 2, 2007, and received no reply from
20 Defendant Home Depot. To date, Defendant Home Depot has not and Plaintiff seeks injunctive
21 relief in the form of an order requiring Home Depot to adopt procedures to (1) identify and refund
22 all charges. fees, costs, and other expenses incurred by Plaintiff and all others similarly situated
23 related to the acquiring and filing of any and all "required" municipal permits for the installation
24 of a hot water heater purchased from Defendant and/or remit the charges or fees collected from
25 Plaintiff and all others similarly situated to the municipal governments that are responsible for
26 issuing the "required" municipal permits, and otherwise take all necessary steps to ensure that
27 Plaintiff and others similarly situated actually receive the "required" municipal permits relating to
28 the installation of a hot water heater in the Plaintiff's and class members' residences within a

1    reasonable time; (2) stop the collection of all charges, fees, costs, and other expenses for the

2    acquiring and filing of any and all "required" municipal permits for the installation of a hot water

3    heater purchased from Defendant not required; (3) create a policy to timely refund all charges, fees,

4    costs, and other expenses related to the acquiring and filing of any and all "required" municipal

5    permits for the installation of a hot water heater purchased from Defendant never obtained,

6    acquired, prepared, filed, applied for, or otherwise caused to recorded with the applicable municipal

7    governments in California within a reasonable time; (4) create a policy to timely remit the charges

8    or fees collected from Plaintiff and all others similarly situated to the municipal governments that

9    are responsible for issuing the "required" municipal permits, and otherwise take all necessary steps

10    to ensure that Plaintiff and others similarly situated actually receive the "required" municipal

11    permits relating to the installation of a hot water heater in the Plaintiff's and class members'

12    residences within a reasonable time; (5) publicized a corrective notice of these wrongful practices

13    and the corrective action taken to stop these wrongful practices to all of Defendant's customers, at

14    Defendant's expense; and (6) paid Plaintiff's attorneys' fees and costs of litigation pursuant to the

15    California Civil Code § 1780(d) and the California Code of Civil Procedure § 1021.5.

16    41.    Pursuant to the provision of Civil Code § 1780(a)(1), Plaintiff and the Class seeks

17    actual damages of all charges, fees, costs, and other expenses incurred by Plaintiff and the Class for

18    acquiring of any and all "required" municipal permits for the installation of hot water heaters

19    purchased from Defendant in Plaintiff's and the Class members' residences which were never

20    obtained or reasonably obtained from and/or never required by the applicable municipal

21    governments in California; and for amounts over and above what is charge by the municipal

22    governments for all "required" municipal permits relating to the installation of the hot water heater

23    in Class members' residences when they paid a "permit fee", in an amount to be proven at trial.

24    Such damages are in amount not less than $1,000.

25    42.    Plaintiff seeks recovery of attorneys' fees and costs of litigation pursuant to the Civil

26    Code § 1780(d).

27    ///

28    ///

First Amended Class Action Complaint    14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### FOURTH CAUSE OF ACTION
**Unlawful, Fraudulent and Unfair Business Acts and Practices**
**in Violation of California Business & Professions Code §§17200 *et seq.***
(Against All Defendants)

43.    Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

44.    The acts, misrepresentations, omissions, practices, and non-disclosures of defendant as alleged herein constituted unlawful, fraudulent and unfair business acts and practices within the meaning of the Business & Professions Code §§ 17203 *et seq.*

45.    Defendants have engaged in "unlawful" business acts and practices by advertising that for the payment of certain fees and charges, including but not limited to a "permit fee," Plaintiff and class members would receive a bundled package of goods and services that would include both the purchase, delivery and installation of a hot water heater, and any and all "required" municipal permits relating to the installation of the hot water heater in the class members' residences, when, in fact, Defendants never acquired, obtained, or caused to be recorded any "required" municipal permits or failed to acquire such permits in a reasonable time. Defendants have engaged in "unlawful" business acts and practices by overcharging Plaintiff and the Class members for municipal permit fees by charging an undisclosed, amount over and above what is charge by the municipal governments for all "required" municipal permits relating to the installation of the hot water heater in Plaintiff's and Class members' residences when they paid a "permit fee". Plaintiff reserves the right to allege other violations of law which constitute unlawful acts or practices.

46.    Defendant Home Depot has also engaged in "unfair" business acts or practices in that the harm caused by the collection of charges, fees, costs, and other expenses, including but not limited to a "permit fee," for acquiring and filing any and all "required" municipal permits relating to the installation of the hot water heater for Plaintiff and class members outweighs the utility of such conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, and causes substantial injury to Plaintiff and the Class.

47.    As a result of the conduct described above, defendant Home Depot has been and will be unjustly enriched at the expense of Plaintiff and the Class. Specifically, defendant Home Depot

1    has been unjustly enriched by the retention of thousands of dollars in excess profits from the sale

2    of a bundled package of goods and services that was represented by Defendants to include both the

3    purchase, delivery and installation of a hot water heater, and the acquisition of any and all

4    "required" municipal permits relating to the installation of the hot water heater in the class

5    members' residences to Plaintiff and the Class, but instead did not include the acquisition or the

6    time acquisition of any and all "required" municipal permits, and by charging undisclosed or hidden

7    fees over and above what is charge by the municipal governments for all "required" municipal

8    permits relating to the installation of the hot water heater in Plaintiff's and Class members'

9    residences when they paid a "permit fee".

10      48.    The aforementioned unlawful, fraudulent and unfair business acts or practices

11    conducted by defendant Home Depot has been committed in the past and continues to this day.

12    Defendant has failed to acknowledge the wrongful nature of its actions. Defendant has not

13    corrected or publicly issued individual and comprehensive corrective notices to Plaintiff and the

14    Class or provided full restitution and disgorgement of all ill-gotten monies either acquired or

15    retained by defendants as a result thereof, thereby depriving Plaintiff and the Class the benefit of

16    their bargain.

17      49.    Pursuant to Business & Professions Code § 17203, Plaintiff and the Class seek an

18    order of this Court requiring defendant Home Depot to disgorge all ill-gotten gains and awarding

19    Plaintiff and the Class full restitution of all monies wrongfully acquired by the defendant by means

20    of such unlawful, fraudulent and unfair conduct, plus interest and attorneys' fees pursuant to, *inter*

21    *alia*, Code of Civil Procedure § 1021.5, so as to restore any and all monies to Plaintiff and the Class

22    and the general public which were acquired and obtained by means of such unlawful, fraudulent

23    and unfair conduct, and which ill-gotten gains are still retained by defendants. Plaintiff and the

24    Class additionally request that such funds be impounded by the Court or that an asset freeze or

25    constructive trust be imposed upon such revenues and profits to avoid dissipation and/or fraudulent

26    transfers or concealment of such monies by defendants. Both Plaintiff and the Class may be

27    irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

28    ///

1       50.    Pursuant to the Business & Professions Code § 17203, Plaintiff and the Class seek

2    an order of this Court for equitable and/or injunctive relief in the form of requiring defendant Home

3    Depot to adopt procedures to (1) stop the business practice of charging an additional fee to obtain

4    municipal permits that are not required or never actually obtained; (2) create a policy to timely

5    refund all additional charges for municipal permits that are not required or never obtained, when

6    they do occur; and (3) publicize corrective notice of these unlawful, fraudulent and unfair practices

7    and the corrective action taken to stop these unlawful, fraudulent and unfair practices to all of

8    Defendants' customers, at Defendants' expense.

### PRAYER

10       WHEREFORE, Plaintiff requests of this Court the following relief, on behalf of himself and

11    all others similarly situated:

12    A.    That this action be certified as a class action on behalf of the proposed plaintiff class

13    and Plaintiff be appointed as the representative of the Class;

14    B.    Injunctive relief in the form of an order requiring defendants to disgorge all ill-gotten

15    gains and awarding Plaintiff and the Class full restitution of all monies wrongfully acquired by the

16    defendants by means of such unlawful, fraudulent and unfair conduct, plus interest and attorneys'

17    fees pursuant to, *inter alia*, Code of Civil Procedure § 1021.5;

18    C.    Injunctive relief in the form of an order requiring defendants to adopt procedures to

19    (1) identify and refund all fees paid by Plaintiff, and others similarly situated, for obtaining

20    municipal permits that were not required or never actually obtained; (2) stop the business practice

21    of charging an additional fee to obtain municipal permits that are not required or never actually

22    obtained; (3) create a policy to timely refund all additional charges for municipal permits that are

23    not required or never obtained, when they do occur; (4) publicize corrective notice of these

24    wrongful practices and the corrective action taken to stop these wrongful practices to all of

25    Defendants' customers, at Defendants' expense; (5) remit the charges or fees collected from

26    Plaintiff and all others similarly situated to the municipal governments that are responsible for

27    issuing the "required" municipal permits, and otherwise take all necessary steps to ensure that

28    Plaintiff and others similarly situated actually receive the "required" municipal permits relating to

First Amended Class Action Complaint       17

1   the installation of a hot water heater in the Plaintiff's and class members' residences; and (6) cease

2   from engaging, or, within a reasonable time, agreed to cease to engage, in the illegal, unlawful,

3   fraudulent and unfair methods, act or practices as set forth in this complaint;

4       D.    Damages as provided by statute;

5       E.    General damages according to proof;

6       F.    Special damages according to proof;

7       G.    Compensatory damages according to proof;

8       H.    Consequential damages according to proof;

9       I.    Prejudgment and post-judgment interest as provided by statute;

10      J.    Attorneys' fees, expenses, and costs of this action pursuant to statute; and

11      K.    Such further relief as this Court deems necessary, just, and proper.

13  Dated: December 17, 2007

14      Patrick N. Keegan, Esq.
15      Brent Jex, Esq.
    **KEEGAN & BAKER, LLP**

16      Attorneys for Representative Plaintiff
17      RICHARD STANFORD

# DEMAND FOR JURY TRIAL

Plaintiff and the Class hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: December 17, 2007

Patrick N. Keegan, Esq.
Brent Jex, Esq.
**KEEGAN & BAKER, LLP**

Attorneys for Representative Plaintiff
RICHARD STANFORD

1   Patrick N. Keegan, Esq. (SBN: 167698)
    Brent Jex, Esq. (SBN: 235261)
2   **KEEGAN & BAKER, LLP**
    4370 La Jolla Village Drive, Suite 640
3   San Diego, California 92122
    Telephone: (858) 552-6750
4   Facsimile:  (858) 552-6749

5   Attorneys for Representative Plaintiff
    RICHARD STANFORD
6

7

8                    **UNITED STATES DISTRICT COURT**

9             **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10  RICHARD STANFORD, individually and on ) Case No. 07-CV-2193 LAB (WMC)
    behalf of all other persons similarly situated and )
11  on behalf of the general public,          ) Assigned to: The Hon. Larry A. Burns

12                    Plaintiff,              ) **PROOF OF SERVICE**
                                              )
13            vs.                             )
                                              )
14  HOME  DEPOT  U.S.A.,  INC.,  a  Delaware )
    corporation;                              )
15                                            )
                    Defendant.                )
16  _____        )

17          I, **Patrick Keegan**, declare under penalty of perjury that I am over the age of eighteen years

18  and not a party to this action; that I served the below named person:

19                          **Martin R. Boles, Esq.**
                            **Mark T. Cramer, Esq.**
20                          **Linda Bassett, Esq.**
                            **KIRKLAND & ELLIS LLP**
21                          **777 South Figueroa Street**
                            **Los Angeles, CA 90017**
22                          **Tel: (213) 680-8400**
                            **Fax: (213) 680-8500**
23
            I further declare that on the date hereof I served a copy of the following documents: **FIRST**
24
    **AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
25
    **FOR: (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith & Fair Dealing;**
26
    **(3) Deceptive Trade Practices in Violation of California Civil Code §§ 1750 et . seq.**
27
    **(Consumers Legal Remedies Act); and (4) Unlawful, Fraudulent and Unfair Business Acts and**
28

    Proof of Service                          1

1   **Practices in Violation of California Business & Professions Code §§ 17200,** *et seq.* in the

2   following manner:

3   ☐   **BY MAIL**: This same day and at my business shown above, I placed each for deposit in the
4         United States Postal Service, via First Class Mail, following ordinary business practices.

5   ☐   **BY PERSONAL DELIVERY**: I caused each envelope to be hand-delivered to each
         addressee leaving said envelope with either the addressee directly or another person at that
6         address authorized to accept service on the addressee's behalf.

7   ☒   **BY FACSIMILE TRANSMISSION**: In addition to service by mail as set forth above, the
         counsel or interested party authorized to accept service was also forwarded a copy of said
8         document(s) by facsimile transmission at the telefax number corresponding with his/her/its
         name. The facsimile machine I used complied with CRC Rule 2003(3) and no error was
9         reported by the machine. Pursuant to CRC Rule 2005(i), I caused the machine to print a
         transmission record of the transmission, a copy of which is attached to this declaration.

10  ☒   **BY OVERNIGHT COURIER:** I placed the above-referenced document(s) in an envelope
11        for collection and delivery on this date in accordance with standard FEDERAL EXPRESS
         overnight delivery procedures.

12  ☐   (State) I declare under penalty of perjury under the laws of the State of California that the
13        foregoing is true and correct.

14  ☒   (Federal) I declare that I am employed in the office of member of the bar of this court as
         whose direction the service was made.

15  DATED: December 17, 2007

16                                                               Patrick N. Keegan

17

18

19

20

21

22

23

24

25

26

27

28

Proof of Service                                      2