Martin R. Boles (S.B.N. 124159)
mboles@kirkland.com
Mark T. Cramer (S.B.N. 198952)
mcramer@kirkland.com
Linda Bassett (S.B.N. 250279)
lbassett@kirkland.com
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STANFORD, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 07-CV-2193 (LAB)(WMC)<br><br>**Class Action**<br><br>**DEFENDANT HOME DEPOT U.S.A., INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6); REQUEST FOR JUDICIAL NOTICE; DECLARATION OF MARK CRAMER; AND COMPENDIUM OF ELECTRONICALLY PUBLISHED CASES IN SUPPORT THEREOF.**<br><br>HONORABLE LARRY A. BURNS<br>COURTROOM: 9<br>HEARING DATE: March 17, 2008<br>TIME: 10:30 a.m. |

# TABLE OF CONTENTS

Page

INTRODUCTION .......... 1

SUMMARY OF ARGUMENT .......... 1

ARGUMENT .......... 2

I. ALL THE CLAIMS SHOULD BE DISMISSED BECAUSE THE CORE ALLEGATIONS RELATED TO THE CLASS REPRESENTATIVE ARE CONTRADICTED BY JUDICIALLY NOTICEABLE FACTS. .......... 2

II. PLAINTIFF DOES NOT HAVE STANDING TO BRING HIS UCL OR CLRA CLAIMS .......... 5

III. PLAINTIFF'S THIRD CAUSE OF ACTION (CLRA) SHOULD BE DISMISSED. .......... 6

A. The CLRA Claim Should Be Dismissed Because The Pleading Fails To Allege Supporting Facts And Merely Parrots The Language Of The Statute .......... 6

1. Section 1770(a)(1) .......... 7

2. Section 1770(a)(3) .......... 7

3. Section 1770(a)(5) .......... 7

4. Section 1770(a)(7) .......... 8

5. Section 1770(a)(9) .......... 8

B. On Their Face, The Advertisements Alleged In The Complaint Are Not Likely to Deceive a Reasonable Consumer. .......... 9

**TABLE OF CONTENTS (CONT'D)**

Page

C. Plaintiff Has Failed to Plead Reliance. .......... 12

IV. CLASS ALLEGATION CONTRADICTIONS UNDERSCORE THE NEED FOR DISMISSAL. .......... 13

CONCLUSION .......... 15

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007) ........ 6, 7, 8, 15

*Brockey v. Moore*, 107 Cal. App. 4th 86 (2003) ........ 10

*Canon U.S.A., Inc. v. Super. Ct.*, 68 Cal. App. 4th 1 ........ 13

*Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939 (S.D. Cal. 2007) ........ 12

*Conley v. Gibson*, 355 U.S. 41 (1957) ........ 6

*Consumer Advocates v. Echostar Satellite Corp.*, 13 Cal. App. 4th 1351 (2003) ........ 9

*Earnest v. Gen. Motors. Corp.*, 923 F. Supp. 1469 (N.D. Ala. 1996) ........ 13

*Freeman v. Time, Inc.*, 68 F.3d 285 (9th Cir. 1995) ........ 9, 10, 12

*Haskell v. Time, Inc.*, 857 F. Supp. 1392 (E.D. Cal. 1994) ........ 10

*John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443 (5th Cir. 2007) ........ 13

*Kamm v. Cal. City Dev. Co.*, 509 F.2d 205 (9th Cir. 1975) ........ 13

*Knievel v. ESPN*, 393 F.3d 1069 (9th Cir. 2005) ........ 4

*Mateo v. M/S KISO*, 805 F. Supp. 761 (N.D. Cal. 1991) ........ 5

*MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500 (9th Cir. 1986) ........ 3

*O'Shea v. Littleton*, 414 U.S. 488 (1974) ........ 5

*Peak v. Topeka Hous. Auth., City of Topeka*, 78 F.R.D. 78 (D. Kan. 1978) ........ 13

## TABLE OF AUTHORITIES (CONT'D)

Page(s)

*Richardson v. Am. Home Shield of Tex., Inc.*,
2006 WL 903721, at *7 (S.D. Texas April 7, 2006) .......... 14

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) .......... 4

*Suzuki v. Hitachi Global Storage Techs., Inc.*,
Slip Copy, 2007 WL 2070263 at *6 (N.D. Cal. 2007) .......... 12

*U.S. v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) .......... 3

*Walker v. Woodford*,
454 F. Supp. 2d 1007 (S.D. Cal. 2006) .......... 3

*Williams v. Gerber Products Co.*,
439 F. Supp. 2d 1112 (S.D. Cal. 2006) .......... 9, 10, 11

**STATUTES**

Cal. Bus. & Prof. Code § 17200 .......... 5

Cal. Bus. & Prof. Code § 17204 .......... 5

Cal. Civ. Code § 1700 .......... 5, 6

Cal. Civ. Code § 1770(a)(1) .......... 6, 7

Cal. Civ. Code § 1770(a)(3) .......... 7

Cal. Civ. Code § 1770(a)(5) .......... 7

Cal. Civ. Code § 1770(a)(7) .......... 8

Cal. Civ. Code § 1770(a)(9) .......... 8

Cal. Civ. Code § 1780(a) .......... 5, 12

**RULES**

Fed. R. Civ. P. 12(b)(6) .......... 3, 4, 6, 11

Fed. R. Civ. P. 23 .......... 15

Fed. R. Civ. P. 8 .......... 8, 15

Fed. R. Civ. P. 8(a)(2) .......... 6

## INTRODUCTION

The cornerstone allegations of this lawsuit are untrue, and their falsity can be readily ascertained from factual sources that are judicially noticeable. Defense counsel pointed out the core factual inaccuracy after the original complaint was served, but the amended complaint did not remove the untrue allegation, instead inserting obfuscating allegations at the margins that make dismissal even more appropriate, as will be discussed below.

## SUMMARY OF ARGUMENT

Defendant Home Depot offers installation services to customers who buy water heaters. Plaintiff alleges that Home Depot fails to obtain permits for those water heaters. Plaintiff pleads this case as a class action on behalf of all Home Depot customers who paid fees for permits within the last four years.

After the lawsuit was served, Defendant investigated and learned that the named plaintiff, Mr. Richard Stanford, did, in fact, have a permit for the water heater installed in his home in La Jolla. A month later Plaintiff amended his complaint, but continued to allege that he had never received a permit. In other sections of the complaint relating to the alleged class, there are vague references to other claims, such as use of quotations marks in the phrase "'required' municipal permits," as if to suggest that Home Depot charged fees when permits were not required. Also sprinkled into the new complaint is an allegation of the "fact question" whether permits were obtained "in a reasonable time." Plaintiff also added an allegation that his permit fee was too high. But the core allegation—that Plaintiff never received a permit—remained unchanged. That allegation is untrue, and its falsity can be shown from factual sources that are judicially noticeable. The negation of a factual allegation essential to plaintiff's claims warrants dismissal under Rule 12(b)(6). *See* Part I below.

Additionally, there are independent grounds for dismissing the claims based on the "Unfair Competition Law," Business and Professions Code § 17200 et seq., and

the Consumer Legal Remedies Act, California Civil Code § 1770 et seq. Both statutes require a plaintiff to have suffered injury in order to have standing to bring a claim. Plaintiff does not allege that he was injured by not receiving a permit, nor does he properly allege injury under the factual scenarios that were added in the amended complaint. *See* Part II below.

The CLRA claims should also be dismissed because (1) the allegations merely parrot the language of the statute without alleging the factual bases that cases under Rule 12(b)(6) have required; (2) the quoted advertisements, on their face, do not meet the pleading threshold of being "likely to deceive a reasonable consumer;" and (3) there is no allegation of reliance. *See* Part III below.

These defects, sufficient in themselves for dismissal, require even more scrutiny in the context of a purported class action. The Supreme Court last year in *Bell Atlantic v. Twombly* admonished that the "protracted discovery" intrinsic to complex class actions should not be permitted if a pleading is inadequate. "Basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court," the Court stated. Part IV below demonstrates the minefield of contradictions posed by the Amended Complaint's class allegations, which themselves justify dismissal, but also underscore the importance of dismissal absent a proper pleading of Mr. Stanford's individual claim.

## ARGUMENT

### I. ALL THE CLAIMS SHOULD BE DISMISSED BECAUSE THE CORE ALLEGATIONS RELATED TO THE CLASS REPRESENTATIVE ARE CONTRADICTED BY JUDICIALLY NOTICEABLE FACTS.

The named plaintiff, Mr. Stanford, alleges that Home Depot failed to obtain a permit when it installed a new water heater in his La Jolla home.

The factual allegations about Mr. Stanford's water-heater installation are set forth in a single section of the First Amended Complaint, paragraphs 6 through 9. The core allegation is that Home Depot "never . . . applied for . . . any . . . municipal permit." *See* First Amended Complaint ("FAC") ¶ 9. This allegation is false.

Home Depot's subcontractor filed for and obtained the permit for the water heater installation at Plaintiff's residence on September 13, 2007— a month before Plaintiff filed his Complaint. *See* Request for Judicial Notice (filed concurrently) ("RJN") Ex. A; Decl. of Mark Cramer ("Cramer Decl.") ¶ 2. This permit, being an official government record, is judicially noticeable. *See* RJN at 2. Judicially-noticeable facts may be considered in a motion under Rule 12(b)(6). *See Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006) (court may consider "a limited set of documents without converting a Rule 12(b)(6) motion into a motion for summary judgment: documents attached to the complaint, documents incorporated by referenced in the complaint, or matters that can be judicially noticed") (citing *U.S. v. Ritchie,* 342 F.3d 903, 907 (9th Cir. 2003)); *MGIC Indemnity Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986).

Home Depot's counsel informed Plaintiff's counsel of Plaintiff's mistaken allegation on November 16, 2007, after the original Complaint was served. *See* Cramer Decl. ¶ 5. Nevertheless, when Plaintiff filed his First Amended Complaint on December 17, 2007, he reasserted the incorrect allegation that "[a]s of the date of filing of this complaint and notwithstanding his payment of the 'permit fee,' Home Depot has never prepared, filed, applied for, or otherwise caused to [be] recorded with the city of San Diego any 'required' municipal permit relating to the installation of the hot water heater in Plaintiff's residence." FAC ¶ 9.

Rather than correct the allegation, Plaintiff's First Amended Complaint added the new allegation that the permit fee was too high, by $19. *See* FAC ¶¶ 8 & 9. This allegation is also contradicted by judicially-noticeable facts, although the exposition is more complex. Plaintiff alleges that Home Depot charged him the following:

| | |
|---|---|
| Water Heater | $698 |
| Permit Fee | $112 |
| Sediment Trap | $25 |
| **Total** | **$835.01** |

Plaintiff alleges that the permit fee levied by the City of San Diego is only $93, so he was overcharged by $19. FAC ¶¶ 8, 9.[1]

Plaintiff bases this allegation on "his receipt and written contract from Home Depot." But the cited document contradicts the allegation. And that document, having been quoted in the pleading, can be considered by this Court on a Rule 12(b)(6) motion. *See, e.g., Knievel v. ESPN*, 393 F.3d 1069, 1076 (9th Cir. 2005) (court may consider extrinsic documents, such as a contract or an invoice, when the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document).

The actual invoice document is attached as Exhibit B to the concurrently-filed Request for Judicial Notice. It shows an "order total" of $816.01, not the $835.01 that Plaintiff alleges. *See* RJN Ex. B, page 3. Additionally, the invoice further shows that the "amount paid" was $816.01, thereby exactly negating the alleged overcharge of $19. RJN Ex. B, page 3; FAC ¶¶ 8, 9.

Thus, documents properly considered by this Court on a motion to dismiss negate the two core factual allegations underlying all of the individual claims of Plaintiff Stanford, namely, that he did not receive a permit and that he was overcharged for it. In a motion to dismiss under Rule 12(b)(6), the Court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Because each of Plaintiff's claims are based on demonstrably untrue allegations, the First Amended Complaint should be dismissed in its entirety.

The failure of the claims on behalf of the lone named plaintiff also necessitates

[1] Paragraph 9 of the FAC mistakenly uses "$122" for the permit charge, which would yield an alleged overcharge of $29, although the bottom line "overcharge" alleged in paragraph 9 is the same as would be obtained using the permit-charge line item of $112, namely $19.

the dismissal (albeit without prejudice) of the purported claims Plaintiff seeks to bring on behalf of the alleged class (consisting of all other customers who purchased water heaters from Home Depot and paid a permit fee. *See* FAC ¶ 11). "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1974); *see also Mateo v. M/S KISO*, 805 F. Supp. 761, 774 (N.D. Cal. 1991) (dismissing class allegations at the motion-to-dismiss stage of the pleadings).

## II. PLAINTIFF DOES NOT HAVE STANDING TO BRING HIS UCL OR CLRA CLAIMS

As was demonstrated in the previous section, the core factual allegations underlying all of the claims of the named Plaintiff Stanford are false, and hence all the causes of action in the First Amended Complaint should be dismissed. *See* Part I above.

But there are additional independent grounds for dismissing the Third Cause of Action under the California Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200 et seq. (FAC ¶¶ 34-42) and the Fourth Cause of Action under the California Consumer Legal Remedies Act ("CLRA"), Civ. Code §§ 1700 et seq. (FAC ¶¶ 43-50).

To maintain an action under the UCL, a private party must allege that he "has suffered injury in fact and has lost money or property as a result of" the alleged unfair competition. Cal. Bus. & Prof. Code § 17204. Plaintiff has not alleged any harm resulting in the supposed failure to obtain a permit (such as paying a fine to the City), and in fact, the permit was obtained. *See* Part I above. Additionally, the alleged "overcharge" is negated on the face of the invoice document he quotes. *See* Part I above.

This same omission defeats the cause of action under the CLRA, which limits standing to "[a]ny consumer who suffers any damage as a result of" the prohibited conduct to bring an action. Cal. Civ. Code § 1780(a).

Plaintiff has failed to allege injury and therefore lacks standing to bring a CLRA or UCL claim. Nor do the facts allow for an amendment to correct these deficiencies. The CLRA and UCL claims should therefore be dismissed with prejudice.

## III. PLAINTIFF'S THIRD CAUSE OF ACTION (CLRA) SHOULD BE DISMISSED.

In addition to the reasons identified above, Plaintiff's Third Cause of Action alleging that Home Depot violated the CLRA should be dismissed because (A) the allegations merely parrot the language of the statute without alleging the factual bases that cases under Rule 12(b)(6) have required; (B) the quoted advertisements, on their face, do not meet the pleading threshold of being "likely to deceive a reasonable consumer;" and (C) there is no allegation of reliance.

### A. The CLRA Claim Should Be Dismissed Because The Pleading Fails To Allege Supporting Facts And Merely Parrots The Language Of The Statute.

Plaintiff alleges that Home Depot violated five of the substantive prohibitions of the CLRA, Civil Code section 1700, subsections (1), (3), (5), (7), and (9). FAC ¶ 37. But the First Amended Complaint does not allege facts informing Home Depot, for example, how it purportedly "passed off its services as those of another," *see id.* (citing CLRA subsection 1770(a)(1)).

Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (citation omitted) (alteration in original). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (quoting Fed. R. Civ. P. 8(a)(2)) (citations omitted) (alteration in original). But "formulaic recitation of the elements"

of the CLRA subsidiary prohibitions is what Plaintiff's Third Cause of Action largely consists of.

1. Section 1770(a)(1)

Plaintiff alleges that Home Depot's course of conduct violated Civil Code § 1770(a)(1) in that "defendant Home Depot passed off its services as those of another." FAC ¶ 37(a). The First Amended Complaint lacks any facts detailing how Home Depot passed off its services as those of another in violation of Section 1770(a)(1). Plaintiff does not even allege who the other service provider is. By failing to provide any details to support its claim, Plaintiff has impermissibly and unfairly forced Home Depot (and this Court) to speculate as to what Plaintiff believes it did that violated this provision of the CLRA. Accordingly, Plaintiff's claim for relief under Civil Code § 1770(a)(1) should be dismissed.

2. Section 1770(a)(3)

Plaintiff alleges that Home Depot's course of conduct violated Civil Code § 1770(a)(3) because Home Depot "misrepresented the affiliation, connection, or association with, or certification by, another . . . ." FAC ¶ 37(b). As with Plaintiff's allegation that Home Depot violated Civil Code § 1770(a)(1), Plaintiff merely recites the Section's language without providing any details of how Home Depot allegedly violated Civil Code § 1770(a)(3). Plaintiff cannot maintain a claim by restating the language of the statute and alleging legal conclusions without providing facts to support such allegations. *See Bell Atlantic v. Twombly*, 127 S. Ct. at 1964-66. Plaintiff's claim for relief under Civil Code § 1770(a)(3) should be dismissed.

3. Section 1770(a)(5)

Plaintiff claims that Home Depot violated Civil Code § 1770(a)(5) in that it "represented that its services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ." FAC ¶ 37(c). Plaintiff again fails to allege what specific facts support this claim, relying instead on the impermissible "formulaic recitation of the elements of a cause of action." *See Bell*

*Atlantic v. Twombly*, 127 S. Ct. at 1964-65.

4. Section 1770(a)(7)

Plaintiff alleges that Home Depot violated Civil Code Section 1770(a)(7) because it "represented that its services are of a particular standard, quality, or grade when they are of another . . . ." FAC ¶ 37(d). As with Plaintiff's other Civil Code Section 1770 claims, the First Amended Complaint fails to specify which facts support this contention. Plaintiff's claim for relief under Civil Code Section 1770(a)(7) should therefore be dismissed.

5. Section 1770(a)(9)

Plaintiff alleges that Home Depot violated Civil Code § 1770(a)(9) by "advertis[ing] its services inten[ding] not to sell them as advertised . . . ." FAC ¶ 37(e). Once again, the First Amended Complaint does not specify which facts support the allegation that Home Depot violated Civil Code § 1770(a)(9). Plaintiff cannot maintain a claim merely by parroting the statutory language and stating legal conclusions. *See Bell Atlantic v. Twombly,* 127 S. Ct. at 1964-65.

* * * *

The claims under each subsection of the CLRA fail because they leave Home Depot (and the Court) with either a "formulaic recitation" of statutory wording, *see Bell Atlantic v. Twombly*, 127 S. Ct. at 1964-65, or else the wholesale incorporation by reference of the entirety of the rest of the complaint, which fails to provide a "short and plain statement" of the claim as required by Rule 8, *see id.* at 1964.

To be sure, an analytical exercise could be constructed that juxtaposes each of the five substantive prohibitions of the CLRA with the variations of factual allegations which are either clearly alleged or merely adumbrated in the First Amended Complaint. In the "clearly alleged" category, of course, would be allegation that Mr. Stanford himself never got a permit, *see* FAC ¶¶ 6-9, but the failure of that claim (under any legal theory) was demonstrated in Part I. The "merely adumbrated" category of allegations is harder to fathom, because the Amended Complaint is not

easily fathomable. For example, a reader could intuit from the repeated use of the quotation marks around the word "required" that Plaintiff is alleging that Home Depot misled consumers into believing that water heater permits were required. *See, e.g.*, FAC ¶ 35. That potential claim is dealt with in the next section. Plaintiff also sprinkled the words "within a reasonable time" into occasional paragraphs of the Amended Complaint after Defendant's counsel told Plaintiff's counsel that Mr. Stanford did have a permit, although the allegations pertaining to Mr. Stanford still make the blanket allegation that he never received a permit. *See* FAC ¶ 9. There may be still other factual snippets that Plaintiff could attempt to pull out of the Amended Complaint to match up with one of these CLRA sub-sections.

But the bottom line is that Home Depot should not have to guess, nor should the Court. The CLRA claims are not plainly pled and should be dismissed.

**B. On Their Face, The Advertisements Alleged In The Complaint Are Not Likely to Deceive a Reasonable Consumer.**

Though never stated squarely, one of the possible interpretations of Plaintiff's CLRA Cause of Action is that Home Depot allegedly misleads customers into believing that permits are "required" for water heater installations. *See* FAC ¶ 19. (Plaintiff does not allege that a permit was not required for his home, which is an independent reason why this claim should fail. *See* Part I above.) The only facts alleged that could relate to this allegation are two Home Depot in-store display placards, quoted verbatim, which state, to take one example, "A local permit is required in most cities and counties, see store for charges in your area." *See* FAC ¶ 19.

In order to state a claim under the CLRA, Plaintiff must allege prima facie facts that Defendant's statements "are likely to deceive a reasonable consumer." *Williams v. Gerber Products Co.*, 439 F. Supp. 2d 1112, 1115 (S.D. Cal. 2006) (citing *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1358-60 (2003); *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)). "'[L]ikely' means

probable, not just possible." *Williams v. Gerber Products*, 439 F. Supp. 2d at 1115 (citing *Freeman*, 68 F.3d at 289).

The Court may dismiss a CLRA claim on a motion to dismiss if the alleged misrepresentation, on its face, shows that a reasonable consumer would not be misled as plaintiff alleges. *Williams v. Gerber Products*, 439 F. Supp. 2d at 1115 (citing *Haskell v. Time, Inc.*, 857 F. Supp. 1392, 1399 (E.D. Cal. 1994)). In considering whether Home Depot's statements are misleading to a reasonable consumer, the Court's primary evidence in a false advertising case is the advertisement itself. *Id.* (citing *Brockey v. Moore*, 107 Cal. App. 4th 86, 100 (2003)).

Here, Plaintiff's allegations quote two Home Depot advertisements. FAC ¶ 19. Plaintiff alleges that the advertisements "are misleading because a reasonable person would believe that municipal permits are in fact 'required' to ensure 'the safety of your family and home' . . . ." FAC ¶ 19. But the Court need not accept that characterization as true for purposes of this motion if the advertisements quoted in the complaint speak for themselves in a manner that makes Plaintiff's characterization unreasonable. *See Williams v. Gerber Products*, 439 F. Supp. 2d at 1115-17.

As alleged in the First Amended Complaint, the first advertisement states, in part:

> **Water Heater Installations: Did You Know???**
>
> For the safety of your family and home, if your current water heater does not meet local code requirements . . . .
>
> Additional costs will be necessary to bring your installation "up to code." *Some of the most frequent requirements include . . .*
>
> (1) A local permit is required in most cities and counties, *see stores for charges in your area."*

FAC ¶ 19 (italics added).

Contrary to Plaintiff's spin, the advertisement does not state, and cannot be

reasonably characterized as suggesting, that the permits are "required" in all circumstances; the advertisement only states that a "frequent requirement[]" is that a "permit is required in most cities and counties," and then explicitly indicates the need to "see stores" for charges in your area. *See* FAC ¶ 19. Moreover, as pled by Plaintiff, this advertisement concludes with the capitalized admonition to "ASK A SALES ASSOCIATE FOR DETAILS." *Id.* This points out another failure in the pleading, namely that nowhere in the First Amended Complaint is it ever squarely alleged that the Home Depot sales associate, when consulted by a potential customer, misrepresents that a charge for permitting is required in those municipalities (whose identity is also never alleged) where permits are not "required."

In short, the first cited advertisement, on its face as alleged by Plaintiff, cannot be reasonably read to suggest more than that a consumer would need to speak with a sales associate to obtain additional information regarding whether permits were required in their local area and, if so, the amount the permit would cost. That is sufficient for dismissal. *See Williams v. Gerber Products,* 439 F. Supp. 2d at 1115-17 (court may dismiss CLRA claim under Rule 12(b)(6) if defendants' product packaging, on its face, negates reasonableness of plaintiff's alleged characterization). Plaintiff cannot create a CLRA claim by changing the order of the sentences in Home Depot's advertisements and leaving out critical words that undermine the validity of his claims.

The second advertisement similarly fails to support Plaintiff's claim. This advertisement, also quoted in paragraph 19, consists of a list of what "Basic Installation" includes. *See* FAC ¶ 19. The only statement in the advertisement pertaining to a permit is the phrase, "Permit fee additional." *Id.* This statement does not say that permit fees are required for all installations, nor is such an interpretation, from the face of the text, "probable, not just possible." *See Williams v. Gerber Products*, 439 F. Supp. 2d at 1115 (CLRA claims may be dismissed under Rule 12(b)(6) if plaintiff's characterization of defendant's statements are not reasonable on

their face) (citing *Freeman*, 68 F.3d at 289). Like the first advertisement, the second advertisement instructs customers to "See Associate," explicitly suggesting that consumers should seek more information. FAC ¶ 19. The Court can and should determine as a matter of law that neither of these advertisements on their face—and even less so displayed in combination—can reasonably be characterized as suggesting that permits are "required" for all water heater installations throughout the state of California.

In any event, Plaintiff does not allege that a permit is not required for the City of San Diego—nor can he. Permits are in fact required for water heater installations in the City of San Diego, where Plaintiff resides. *See* RJN Ex. C (City of San Diego Development Services website (http://www.sandiego.gov/development-services/industry/permitsfaq.shtml)); Cramer Decl. ¶ 4. Therefore, even if a reasonable person could construe Home Depot's advertisements to mean that permits are "required," this would not be a misrepresentation with respect to Plaintiff here.

In short, to the extent that the CLRA claims are based on the allegation that Home Depot "misrepresented" that permits were "required," those claims should be dismissed.

### C. Plaintiff Has Failed to Plead Reliance.

The private right of action under the CLRA, Section 1780, is limited to a consumer who "suffers any damage *as a result of*" acts prohibited by Section 1770. *See* Cal. Civ. Code § 1780(a) (emphasis added). California courts have consistently recognized that this language imposes a reliance element on a CLRA cause of action. *See Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 946 (S.D. Cal. 2007) ("California requires a plaintiff suing under the CLRA for misrepresentations in connection with a sale to plead and prove she relied on a material misrepresentation."); *Suzuki v. Hitachi Global Storage Techs., Inc.*, Slip Copy, 2007 WL 2070263 at *6 (N.D. Cal. 2007) (noting that "reliance on defendant's representations is a necessary element of a claim under the CLRA."). Plaintiff has

failed to allege such reliance on the part of himself or purported class members. Failure to allege such an essential element is an independent basis for dismissal of this claim.

## IV. CLASS ALLEGATION CONTRADICTIONS UNDERSCORE THE NEED FOR DISMISSAL.

Although the falsity of the facts alleged with respect to Mr. Stanford's individual claims, demonstrated in Part I, is a sufficient basis for dismissing this entire case, the arguments in Parts II and III have a significance beyond mere "alternative arguments for dismissal." They also demonstrate the unsuitability of the case for class adjudication. That is an important consideration even now, because these pleading defects cannot be corrected without further exposing this unsuitability. Exposing this unsuitability would subject the class allegations to a motion to strike if, as Defendant believes, the invalidity of the class allegations was evident on the face of the complaint.[2] And if the class allegations are stricken, this case will likely never proceed.

Several examples are illustrative. In the preceding section it was shown that the CLRA claims fail to allege reliance upon any Home Depot "misrepresentations." There is a likely tactical reason for this omission. Alleging reliance on advertisements

---

[2] *See Canon U.S.A., Inc. v. Super. Ct.,* 68 Cal. App. 4th 1, 5 (stating that where "the invalidity of the class allegations is revealed on the face of the complaint, and/or by matters subject to judicial notice," the class allegations are properly dismissed and "there is no need to incur the expense of an evidentiary hearing or class-related discovery"); *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) (affirming the district court's dismissal of the class allegations because the class action would not be the superior method of adjudicating the controversy); *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) (affirming dismissal of the class allegations because the class would not be ascertainable); *Earnest v. Gen. Motors. Corp.*, 923 F. Supp. 1469 (N.D. Ala. 1996) (dismissing the class allegations because the proposed class was too broad and amorphous); and *Peak v. Topeka Hous. Auth., City of Topeka*, 78 F.R.D. 78, 81-83 (D. Kan. 1978) (plaintiff pled insufficient supporting facts to maintain class action).

that, on their face (as alleged by plaintiff) tell consumers to "ask a sales associate for details," show plainly that the case will be predominated by individualized issues as to what the store associates told each purported class members about permits and whether, in the context of each individual conversation, reliance occurred (and was reasonable). *See Richardson v. Am. Home Shield of Tex., Inc.*, 2006 WL 903721, at *7 (S.D. Texas April 7, 2006) (dismissing class allegations on the pleadings, finding that "individual reliance issues are apparent even as between the two representative plaintiffs," and that other class members are also likely to have unique circumstances).

Another glaring example is the failure of Plaintiff to amend his complaint to correct the misstatement that he never received a permit. *See* Part I above. Instead, the amendments added sprinklings of allegations in other sections of the First Amended Complaint (dealing with allegations on behalf of the class, not Mr. Stanford) about receiving permits "within a reasonable time." *See, e.g.,* FAC ¶ 40. Why would Plaintiff bury those allegations in long, obscure boilerplate language, and yet omit them in the allegations about the named plaintiff? One possible tactical reason would be that, to "come clean" on the switch to a "reasonable time" case, would expose the unworkable heterogeneity of potential claims on behalf of each class member. For example, as pointed out in Part II above, the UCL and CLRA claims require injury to confer standing. Forcing Plaintiff to properly plead such injury would further expose the Balkanized nature of the claims: the "no permit required" customers would be harmed by paying any permit fee, the "overcharged" customers would require a customer-by-customer (and city-by-city) inquiry into permit cost, the "untimely" customers would have to prove some kind of harm, and so would the "no permit delivered" customers.

The list of potentially fatal defects in class allegations is underscored, paradoxically, in Plaintiff's allegation of "questions of law and fact common to the Class." *See* FAC ¶ 13. This allegation lists "questions" which are, inherently, not common. For example, "Whether defendant Home Depot misrepresented that the

Class members were required to obtain a municipal permit," involves an entirely distinct group of "class" members from the question of "Whether defendant Home Depot failed to obtain . . . 'required' municipal permits . . . ." *Id.* ¶ 13(a), (c).

The Supreme Court admonished that pleading standards of Rule 8 are especially important in complex class actions where the costs of discovery can be enormous. *See Bell Atlantic v. Twombly*, 127 S. Ct. at 1964-67. Pleading "deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966 (internal quotations omitted). Here there is even more prudential reason for threshold scrutiny, because the deficiencies in the pleading are a thin disguise for class action unsuitability, and forcing the correction of those deficiencies is likely to expose Rule 23 defects so glaring that the costs sought to be averted by *Twombly* may be avoided altogether.

**CONCLUSION**

For all the reasons stated above, Home Depot respectfully requests that Plaintiff's First Amended Complaint be dismissed without leave to amend.

Respectfully submitted,

DATED: January 7, 2008

KIRKLAND & ELLIS LLP

By: Mark T. Cr

Martin R. Boles (S.B.N. 124159)
Mark T. Cramer (S.B.N. 198952)
Linda Bassett (S.B.N. 250279)

Attorneys for Defendant
HOME DEPOT, INC.

# CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

**DEFENDANT HOME DEPOT U.S.A., INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

I further certify that I have mailed by United States Postal Service and e-mailed the document to the addresses below:

Patrick N. Keegan, Esq.
pkeegan@kmb-law.com
Brent Jex, Esq.
KEEGAN & BAKER, LLP
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Phone: (858) 552-6750
Fax : (858) 552-6749

Executed January 7, 2008, at Los Angeles, California.

/s/ Mark Cramer
Attorney for Defendant,
Home Depot U.S.A., Inc.
E-mail: mcramer@kirkland.com