**C**
Richardson v. American Home Shield of Texas, Inc.
S.D.Tex.,2006.
Only the Westlaw citation is currently available.
United States District Court,S.D. Texas,Houston Division.
David RICHARDSON and Brad Thompson, Plaintiffs,
v.
AMERICAN HOME SHIELD OF TEXAS, INC., et al., Defendants.
**No. Civ.A. H-05-4029.**

April 7, 2006.

Michael A. Caddell, Gregory K. Evans, Caddell and Chapman, Houston, TX, for Plaintiffs.
David J. Beck, Beck Redden and Secrest, Houston, TX, Martin R. Boles, Kirkland and Ellis, Los Angeles, CA, Robert R. Gasaway, Kirkland & Ellis LLP, Washington, DC, for Defendants.

*MEMORANDUM OPINION AND ORDER*
LAKE, J.
***1** Plaintiffs, David Richardson and Brad Thompson, bring this action on behalf of themselves and all others similarly situated, against defendants, American Home Shield Corporation (AHS), American Home Shield of Texas, Inc. (AHS Texas), and ServiceMaster Company, for common plan fraud and deceit and for unjust enrichment.[FN1]Pending before the court is Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) (Docket Entry No. 8). For the reasons explained below, defendants' motion will be granted and plaintiffs will be given thirty (30) days to file an amended complaint.

FN1. See Class Action Complaint, Docket Entry No. 1.

I. *Factual Allegations*

Plaintiffs allege that ServiceMaster is a national service company that sells and services home warranty plans through a network of wholly-owned subsidiaries, including AHS, and that AHS Texas is a wholly-owned subsidiary of AHS. Plaintiff alleges that for an annual premium of approximately $500, a home warranty plan covers the repair or replacement of a home's mechanical systems and major built-in appliances, regardless of age, make, or model. Plaintiff alleges that ServiceMaster and AHS sell their home warranty plans through real estate agents, telemarketing, television, print, radio, web-based advertising, and direct mail solicitation, and that solicitations and promotional materials for warranty renewals are sent directly to warranty plan holders. Plaintiffs allege that ServiceMaster and AHS represent that customers will receive prompt warranty service from a local contractor, but that plan holders routinely wait days or weeks for an initial service call, and that when contractors arrive they routinely demand a "service fee," deny the warranty claim for pretextual reasons, and offer the warranty holder services at additional expense.[FN2]

FN2.*Id.* at pp. 3-7 ¶¶ 9-31.

Plaintiffs allege that Richardson received an AHS warranty plan when he purchased his home in 2000, that his plan includes coverage for "Air Conditioning/Cooler" units, and that each year since 2000 he has renewed his policy for an annual premium of approximately $500. On August 14, 2005, Richardson's air-conditioning unit stopped working. On August 17, 2005, an AHS-affiliated contractor arrived at Richardson's home, denied the warranty claim, stating that "rust on the coils and drip pan had caused the unit to fail, and that rust had developed on the unit because it had not been maintained,"[FN3] and offered to replace the unit for approximately $8,500. The following day Richardson had a non-AHS-affiliated contractor

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

inspect the air-conditioning unit. That contractor said the unit failed due to age, not rust, and replaced the unit for $2,600.FN4

FN3.*Id.* at p. 8 ¶ 34.

FN4.*Id.* at pp. 8-9 ¶¶ 32-37.

Plaintiffs allege that Thompson purchased an AHS warranty plan when he bought his home on or about March 22, 2005, that Thompson's warranty plan covered systems and appliances in both his main residence and his guest house, including multiple refrigerators, and that his annual premium was about $810.00. On September 15, 2005, the refrigerator in Thompson's guest house stopped working. When Thompson called AHS, the call center refused to process his request for service stating that the guest house refrigerator was not a covered claim because the appliance was not located in his main house. Thompson moved the non-working refrigerator to his main house and on October 4, 2005, requested a service visit for the refrigerator. On or about October 12, 2005, an AHS-contractor arrived at Thompson's house, diagnosed the problem as a faulty switch, collected a service fee, and left promising to return another time with parts needed to complete the repair. The next day AHS notified Thompson that his warranty claim had been denied because the refrigerator was not located in his guesthouse and was "the wrong size" for his main residence. FN5

FN5.*Id.* at pp. 9-10 ¶¶ 38-45.

***2** Plaintiffs allege that they bring their claims on behalf of a class of persons consisting of "[a]ll persons who purchased or obtained an AHS home warranty plan in the State of Texas within three years of the filing of [their] Complaint."FN6

FN6.*Id.* at p. 11 ¶ 47.

II. *Standard of Review*

Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b).Rule 9(b) serves several purposes, including protecting a defendant's reputation from the harm that general, unsubstantiated fraud accusations will cause, *Guidry v. Bank of LaPlace,* 954 F.2d 278, 288 (5th Cir.1992), and preventing a claimant from searching for a valid claim after filing suit. *American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.,* 115 Fed. Appx. 662, (5th Cir.2004) (citing 2 Moore's Federal Practice § 9.03[1][a] (Matthew Bender 3d ed.) and *Hayduk v. Lanna,* 775 F.2d 441, 443 (1st Cir.1985)). At a minimum "[r]ule 9(b) requires the plaintiff to allege the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby."*Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1068 (5th Cir.1994).Rule 9(b) applies to all allegations that sound in fraud. *Hernandez v. Ciba-Geigy Corp. USA,* 200 F.R.D. 285, 291 (S.D.Tex.2001).

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001), *cert. denied sub nomCloud v. United States,* 536 U.S. 960, 122 S.Ct. 2665, 153 L.Ed.2d 839 (2002). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.*Id.*

When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 997, 152 L.Ed.2d 1 (2002) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974))."[A] court may dismiss a complaint only if it is clear that no relief

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

could be granted under any set of facts that could be proved consistent with the allegations."*Id.* at 998. *See alsoConley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) ("[A] complaint should not be dismissed ... unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

III. *Defendants' Motion to Dismiss*

Defendants argue that this action should be dismissed under Rule 9(b) for failure to plead fraud with particularity, and Rule 12(b)(6) for failure to state a claim that can be granted because plaintiffs' claims sound in law not equity. Plaintiffs argue that their claims should not be dismissed and, in the alternative, seek leave to file an amended complaint.

A. Common Plan Fraud

***3** Plaintiffs allege that

57 .... [d]efendants have collected money for their home warranty plans from [p]laintiffs and members of the [c]lass, [d]efendants ... have ... wrongfully: (a) represented that their home warranty plans have characteristics ... they do not have; (b) advertised, marketed, promoted, and sold their home warranty plans with the intent not to ... service them as advertised; (c) represented that their home warranty plans confer ... rights ... which they do not have ... and/or (d) represented that their home warranty plans have been sold, issued, or serviced in accordance with a previous representation, when they have not.

58. The conduct of Defendants, and each of them, constitutes a fraud against Plaintiffs and the members of the Class ...

59.... Plaintiffs and other members of the Class relied upon Defendants' misrepresentations, concealments, and omissions of material fact, in purchasing or obtaining home warranty plans from Defendants. As a result, Plaintiffs and members of the Class sustained damages ...

60. The misrepresentations, concealments, and omissions of material fact made to [p]laintiffs and members of the Class by [d]efendants ... were uniform or substantially similar.

...

62. The wrongful acts of [d]efendants ... were done maliciously ... and with intent to defraud and/or mislead [p]laintiffs and the members of the [c]lass ... [FN7]

FN7.*Id.* at pp. 14-15 ¶¶ 56-62.

Asserting that "[t]here is no cause of action for 'Common Plan Fraud and Deceit' recognized by Texas law,"[FN8] defendants argue that plaintiffs' claim for "common plan fraud and deceit" should be dismissed because plaintiffs have not pleaded any facts entitling them to relief.[FN9]While plaintiffs have cited no authority recognizing a claim for "common plan fraud and deceit" under Texas law, plaintiffs' complaint cannot be dismissed for failure to identify a legal theory as long as plaintiffs have alleged facts upon which relief may be granted. *St. Paul Mercury Insurance Co. v. Williamson,* 224 F.3d 425, 434 (5th Cir.2000) ("The form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim."). Plaintiffs argue that the facts that they have alleged are sufficient to state a claim for fraud.[FN10]Defendants argue that plaintiffs have failed to plead fraud with particularity as required by Rule 9(b), and that plaintiffs have failed to allege ... reliance sufficient to support a class action claim.[FN11]

FN8. Defendants' Motion to Dismiss, Docket Entry No. 8, pp. 2, 5.

FN9.*Id.* at p. 2.

FN10. Plaintiffs' Opposition to Defendants' Motion to Dismiss, Docket Entry No. 17, p. 7.

FN11. Defendants' Motion to Dismiss, Docket Entry No. 8, pp. 2, 5.

To state a claim for fraud plaintiff must allege facts that if true would allow a reasonable trier of fact to

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

conclude that: (1) defendants made material misrepresentations; (2) that were false; (3) when defendants made the misrepresentations defendants knew they were false or made them recklessly without any knowledge of the truth and as a positive assertion; (4) defendants made the misrepresentations with the intention that they should be acted upon by the plaintiffs; (5) the plaintiffs acted in reliance upon the misrepresentations; and (6) the plaintiffs thereby suffered injury.*Insurance Company of North America v. Morris,* 981 S.W.2d 667, 674 (Tex.1998) (citing *Green International, Inc. v. Solis,* 951 S.W.2d 384, 390 (Tex.1997)). In federal court a plaintiff must additionally state 'the circumstances constituting fraud or mistake ... with particularity."' Fed.R.Civ.P. 9(b). Particularity is required so that the complaint provides defendants with fair notice of the plaintiffs' claims, protects defendants from harm to their reputation and goodwill, and prevents plaintiffs from filing baseless claims and then attempting to discover unknown wrongs.*Tuchman,* 14 F.3d at 1067.

***4** Pleading fraud with particularity requires "the particulars of 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." ' *Tuchman,* 14 F.3d at 1068 (quoting *Tel-Phonic Services, Inc. v. TBS International, Inc.,* 975 F.2d 1134, 1139 (5th Cir.1992)).Rule 9(b) also requires the plaintiffs to allege as to each individual defendant "the nature of the fraud, some details, a brief sketch of how the fraudulent scheme operated, when and where it occurred, and the participants." *Hernandez v. Ciba-Geigy Corp. USA,* 200 F.R.D. 285, 291 (S.D.Tex.2001). "[T]he plaintiff is obligated to distinguish among those they sue and enlighten each defendant as to his or her part in the alleged fraud." *In re Silicon Graphics, Inc. Securities Litigation,* 970 F.Supp. 746, 752 (N.D.Cal.1997). " [A]rticulating the elements of fraud with particularity [also] requires a plaintiff to ... explain why the statements were fraudulent." *Williams v. WMX Technologies, Inc.,* 112 F.3d 175, 177 (5th Cir.), *cert. denied,*522 U.S. 966, 118 S.Ct. 412, 139 L.Ed.2d 315 (1997) (citing *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1175 (2d Cir.1993) ).

Defendants argue that plaintiffs have failed to allege fraud with particularity because they have failed to allege "the particulars of 'time, place and contents of the false representations, ... [or] the identity of the person [or defendant] making the misrepresentation and what [that defendant] obtained thereby." ' *Tuchman,* 14 F.3d at 1068. The court agrees that plaintiffs' complaint lacks " time, place, and content" allegations, lacks allegations that identify the individual defendant(s) responsible for making specific misrepresentations, and lacks details of what the defendant(s) gained thereby. *SeeIn re Alamosa Holdings, Inc.,* 382 F.Supp.2d 832, 857 (N.D.Tex.2005) ("allegations in the [c]omplaint made against '[d]efendants' (plural or group) do not meet the requirements of pleading allegations of fraud"). For these reasons the court concludes that plaintiffs have failed to allege with particularity facts sufficient to support a fraud claim for which relief may be granted under Texas law.

B. Unjust Enrichment

Plaintiffs allege that
64. Defendants have received, and continue to receive, a benefit at the expense of [p]laintiffs and the [c]lass. Defendants have knowledge of this benefit.
65.... Defendants have charged and collected money from their home warranty plans from [p]laintiffs and the [c]lass despite having adopted policies, practices, and procedures that make it virtually impossible for these consumers to receive the repair or replacement services represented in their home warranty plans, and/or to make a claim for services under said plans. Defendants thus received benefits that they have unjustly retained at the expense of [p]laintiffs and the [c]lass.
66. Defendants were aware and had knowledge of the benefit they were receiving as a result of their unlawful, unfair, deceptive, and wrongful acts and omissions ... and have enjoyed the benefit of their financial gains, to the detriment and at the expense of [p]laintiffs and the [c]lass.
***5** 67. As a proximate result of [d]efendants'

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Attachment 1**
**Page 5**

unlawful acts and conduct ... [d]efendants received profits or other benefits which have been unjustly retained at the expense of [p]laintiffs and the [c]lass. 68. Plaintiffs, on behalf of themselves and all others similarly situated, are entitled to, and seek, an order in equity enjoining [d]efendants from engaging in the wrongful acts or practices complained of herein, and disgorging all profits, benefits, and other compensation obtained by [d]efendants ... for said wrongful acts and practices.[FN12]

FN12. See Class Action Complaint, Docket Entry No. 1, pp. 15-16 ¶¶ 63-68.

Defendants argue that the existence of the home warranty contracts precludes plaintiffs' claims for unjust enrichment as a matter of law.[FN13]Citing *Heldenfels Brothers, Inc. v. City of Corpus Christi,* 832 S.W.2d 39, 41 (Tex.1992), plaintiffs argue that "a plaintiff may recover on a theory of unjust enrichment where, as here, a defendant 'has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." ' [FN14]

FN13. Defendants' Motion to Dismiss, Docket Entry No. 8, pp. 9-10.

FN14. Plaintiffs' Opposition to Defendants' Motion to Dismiss, Docket Entry No. 17, p. 8.

Unjust enrichment is not a distinct independent cause of action, but a theory of recovery. *See Mowbray v. Avery,* 76 S.W.3d 663, 679 (Tex.App.-Corpus Christi 2002, pet. stricken). Unjust enrichment is based on the equitable principle that one who receives benefits unjustly should make restitution for those benefits. *Id.See alsoVillarreal v. Grant Geophysical, Inc.*, 136 S.W.3d 265, 270 (Tex.App.-San Antonio 2004, pet. denied). A party may recover under the theory of unjust enrichment when another has obtained a benefit by fraud, duress, or the taking of an undue advantage. *Id.See alsoHeldenfels,* 832 S.W.2d at 41 . However, to recover under such theory, the profit must be unjust under the principle of equity. *Id.* (citing *Zapata Corp. v. Zapata Gulf Marine Corp.*, 986 S.W.2d 785, 788 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

Normally, a plaintiff can recover in tort for a dispute based on a contract only if the duty breached is imposed by law, rather than by the parties' agreement, and the loss incurred is other than economic damages resulting from the breach of contract. *SeeSouthwestern Bell Telephone Co. v. DeLanney,* 809 S.W.2d 493, 494 (Tex.1991) ("[I]f the defendant's conduct ... would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract."); *Airborne Freight Corp., Inc. v. C.R. Lee Enterprises, Inc.*, 847 S.W.2d 289, 293 (Tex.App.-El Paso, 1992) ("When the injury is only economic loss to the subject of the contract itself the action sounds in contract alone."). The Texas Supreme Court has acknowledged the existence of a legal "duty to abstain from inducing another to enter into a contract through use of fraudulent misrepresentations," however, and has waived the independent injury requirement for claims of fraudulent inducement to enter a contract. *See Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 46-47 (Tex.1998) ("As a rule, a party is not bound by a contract procured by fraud."). Since plaintiffs have alleged that they "and the members of the [c]lass relied upon [d]efendants' misrepresentations, concealments, and omissions of material fact, in purchasing or obtaining home warranty plans from [d]efendants,"[FN15] the court is not persuaded that the existence of the home warranty contracts precludes plaintiffs from seeking recovery for unjust enrichment as a matter of law because if alleged with sufficient particularity, these allegations could state a claim for fraudulent inducement. Defendants' assertion that "no details are provided as to what specific allegations *induced* Mr. Richardson and Mr. Thompson to purchase their AHS warranties,"[FN16] demonstrates that defendants themselves realize this and that this action should not be dismissed with prejudice without first giving plaintiffs an opportunity to amend their complaint.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FN15. Class Action Complaint, Docket Entry No. 1, p. 14 ¶ 59.

FN16. Defendants' Motion to Dismiss, Docket Entry No. 8, p. 13 (emphasis added).

C. Class Action Allegations

***6** Citing *McManus v. Fleetwood Enterprises, Inc.,* 320 F.3d 545 (5th Cir.2003), defendants argue that a fraud class action cannot be certified when individual reliance will be an issue.[FN17]Citing *Henry Schein, Inc. v. Stromboe,* 102 S.W.3d 675, 693-694 (Tex.2002), and *Life Insurance Company v. Brister,* 722 S.W.2d 764, 774 (Tex.App.-Fort Worth 1986, no writ history), plaintiffs argue that the element of justifiable reliance may be alleged on behalf of a class where, as here, a defendant's misrepresentations are uniform or substantially similar.

FN17.*Id.*

To maintain a class action under Federal Rule of Civil Procedure 23 plaintiffs must define the class with specificity and show that they are members of the class. *Forbush v. J.C. Penney Co.,* 994 F.2d 1101, 1105 (5th Cir.1993). They must then establish all four requirements of Rule 23(a),

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class,

and one of the requirements of Fed.R.Civ.P. 23(b). *SeeShivangi v. Dean Witter Reynolds, Inc.,* 825 F.2d 885, 890 (5th Cir.1987).

A district court may certify a class if it determines " that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."Fed.R.Civ.P. 23(b)(3). Plaintiffs allege that a "class action is superior to other available means for the fair and efficient adjudication of class members' claims."[FN18] Defendants argue that common questions of fact cannot predominate over individual matters in this case since each of the plaintiffs' claims requires a showing of justifiable reliance on the alleged misrepresentation(s).[FN19] Plaintiffs argue that they have alleged facts giving rise to a strong inference of justifiable reliance because they have alleged a common course of conduct by which defendants sell home warranties using uniform marketing materials.[FN20]

FN18. Class Action Complaint, p. 13 ¶ 54.

FN19. Defendants' Reply to Plaintiffs' Opposition to the Motion to Dismiss, Docket Entry No. 18, pp. 5-6.

FN20. Plaintiffs' Opposition to Defendants' Motion to Dismiss, Docket Entry No. 17, pp. 20-21.

Citing *Life Insurance Company of Southwest v. Brister,* 722 S.W.2d 764 (Tex.App.1986), plaintiffs argue that Texas law provides that "fraud perpetrated on numerous persons through the use of similar misrepresentations may be suitable for class action."[FN21]In *Brister* the court determined that the proposed class members had a "sufficient community of interest" to justify certification under Texas Rule of Civil Procedure 42. 722 S.W.2d at 774. The court's decision was premised on the view that Texas courts "should err in favor and not against the maintenance of the class action since the class certification order is always subject to modification should later developments during the course of the trial so require."*Id.* at 774-775.

FN21.*Id.* at p. 20.

***7** The Texas Supreme Court has since overruled *Brister,* explicitly "reject[ing] this approach of certify now and worry later."*Southwestern Refining*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Co. v. Bernal,* 22 S.W.3d 425, 435 (Tex.2000). The *Bernal* court reasoned that "[p]rocedural devices may 'not be construed to enlarge or diminish any substantive rights or obligations of any parties to any civil action." ' *Id.* at 437 (citing Tex.R. Civ. P. 815).

In *Stromboe* the Texas Supreme Court held that issues of reliance defeated the predominance requirement of Rule 42 in a class action alleging that advertising for dental office management software was false and misleading:

[T]he 20,000 class members in the present case are held to the same standards of proof of reliance-and for that matter all the other elements of their claims-that they would be required to meet if each sued individually. This does not mean, of course, that reliance or other elements of their causes of action cannot be proved class-wide with evidence generally applicable to all class members; class-wide proof is possible when class-wide evidence exists. But evidence insufficient to prove reliance in a suit by an individual does not become sufficient in a class action simply because there are more plaintiffs. Inescapably individual differences cannot be concealed in a throng. The procedural device of a class action eliminates the necessity of adducing the same evidence over and over again in a multitude of individual actions; it does not lessen the quality of evidence required in an individual action or relax substantive burdens of proof.

*Stromboe,* 102 S.W.3d at 693-694. As *Bernal* and *Stromboe* make clear, Texas law does not permit implied reliance. Moreover, in *McManus,* the court noted that *Brister* addressed only the procedural standard for justifying class certification under Texas law. Since federal courts are bound to follow Rule 23, instead of Texas's corresponding Rule 42, *Brister* is not controlling.

The Fifth Circuit has stated that "[c]laims for money damages in which individual reliance is an element are poor candidates for class treatment, at best."*Patterson v. Mobil Oil Corp.,* 241 F.3d 417, 419 (5th Cir.2001).*See alsoCastano,* 84 F.3d at 745 ("[A] fraud class action cannot be certified when individual reliance will be an issue."). Class members in this action would only be entitled to relief under theories of fraudulent misrepresentation and/or concealment if plaintiffs could show that they relied on the alleged misrepresentation and/or concealment. Reliance may vary from plaintiff to plaintiff, depending on both the circumstances surrounding each individual's acquisition and/or renewal of his or her home warranty contract, and the content of those contracts. For instance, plaintiffs allege that Richardson acquired his home warranty contract when he purchased his home in 2000 but that the contract under which he brings this action was a renewal contract for which he paid an annual premium of about $500, while Thompson acquired his home warranty contract when he purchased his home in 2005 at a cost of about $810. Moreover, plaintiffs allege that Thompson's home warranty contract included extended coverage for systems and appliances located at both his main house and his guest house. The individual reliance issues are apparent even as between the two representative plaintiffs. Other potential class members are likely to have purchased or acquired their home warranty contracts under unique circumstances. Accordingly, the court is not persuaded that plaintiffs have alleged facts sufficient to justify class treatment.

## IV. *Conclusions and Order*

***8** For the reasons explained above the court concludes that plaintiffs have failed to state a claim for fraud with the particularity required by Rule 9(b) , and have failed to allege facts justifying class action treatment. Nevertheless, because the court is not persuaded that plaintiffs will be unable to present any facts in support of their claims for relief, Defendants' Motion to Dismiss (Docket Entry No. 8) is GRANTED without prejudice, and Plaintiff's request for leave to file an amended complaint is GRANTED. Plaintiffs' amended complaint will be filed within thirty (30) days from the entry of this Memorandum Opinion and Order.

The Initial Pretrial and Scheduling Conference set for April 28, 2006, at 3:00 p.m., is CONTINUED until August 18, 2006, at 2:00 p.m. in Courtroom 9B, 9th Floor, United States Courthouse, 515 Rusk Avenue, Houston, Texas.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Attachment 1**
**Page 8**

S.D.Tex.,2006.
Richardson v. American Home Shield of Texas, Inc.
Slip Copy, 2006 WL 903721 (S.D.Tex.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Attachment 1**
**Page 9**