Patrick N. Keegan, Esq. (SBN: 167698)
Brent Jex, Esq. (SBN: 235261)
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, California 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749

Attorneys for Representative Plaintiff
RICHARD STANFORD

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD STANFORD, individually and on behalf of all other persons similarly situated and on behalf of the general public, | Case No. 07-CV-2193 LAB (WMC) |
| | Assigned to: The Hon. Larry A. Burns |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)** |
| vs. | |
| HOME DEPOT U.S.A., INC., a Delaware corporation; | |
| Defendant. | Date: March 17, 2008<br>Time: 10:30 a.m.<br>Place: Courtroom 9 |

# TABLE OF CONTENTS


I. INTRODUCTION . . . . . 1

II. SUMMARY OF LAW REGARDING RULE 12(B)(6) MOTIONS . . . . . 2

III. DISCUSSION . . . . . 2

A. The Document Submitted By Defendant And Alleged To Be Plaintiff's Receipt Is Not Authentic And Fails To Negate The Essential Facts In The Complaint . . . . . 2

1. The Document Submitted By Defendant And Alleged To Be Plaintiff's Receipt Is NOT The Receipt Plaintiff Received When He Purchased The Hot Water Heater And Installation . . . . . 3

2. The Document Submitted By Defendant And Alleged To Be Plaintiff's Receipt Is Nonsensical On Its Face . . . . . 4

3. The Document Submitted By Defendant And Alleged To Be Plaintiff's Receipt Cannot Be Judicially Noticeable . . . . . 5

B. Plaintiff Has Standing To Bring UCL And CLRA Claims Because Plaintiff Was Overcharged By Defendant, And Defendant Cannot Avert This Action By "Picking-Off" Prospective Class Representatives . . . . . 5

1. As Pled in the Complaint, Plaintiff Suffered Actual Damages by Being Overcharged by Defendant for the Permit and Not Receiving His Permit in a Reasonable Time . . . . . 6

2. Defendant Cannot "Pick-Off" The Class Representative By Taking Corrective Measures After Receiving The CLRA Notice Letter . . . . . 9

C. Plaintiff's CLRA Claim Is Well-Supported By Facts Pled In The First Amended Complaint . . . . . 11

1. The First Amended Complaint Alleges Sufficient Facts For Each Claim Predicated On The CLRA . . . . . 11

2. The Advertisements Alleged In The First Amended Complaint Are Likely To Deceive A Reasonable Consumer Because They Do Not Disclose Defendant's Alleged Unwillingness To Obtain Permits, And The Fact That Defendant Is Overcharging For The Permits . . . . . 13

3. There Is No "Reliance" Requirement Under the Consumer Legal Remedies Act . . . . . 15

IV. CONCLUSION . . . . . 18

# TABLE OF AUTHORITIES

## CASES

*Cahill v. Liberty Mut. Ins. Co.*,
80 F.3d 336 (9th Cir. 1996) . . . . . 2

*Caro v. Proctor & Gamble*
(1993) 18 Cal.App.4th 644 . . . . . 17

*Cattie v. Wal-Mart Stores, Inc.*,
504 F. Supp.2d 939 (S.D. Cal. 2007) . . . . . 17

*Committee on Children's Television v. General Foods Corp.*
(1985) 35 Cal.3d 197 . . . . . 16

*Consumer Advocates v. Echostar Satellite Corp.*
(2003) 113 Cal. App. 4th 1351 . . . . . 16

*Kagan v. Gibraltar Savings and Loan Assoc.*,
35 Cal.3d 582 (1984) . . . . . 9

*Knievel v. ESPN*,
393 F.3d 1069 (9th Cir. 2005) . . . . . 2

*Massachusetts Mutual Life Ins. Co. v. Superior Court*
(2002) 97 Cal.App.4th 1282 . . . . . 16, 17

*Navarro v. Block*,
250 F.3d 729 (9th Cir. 2001) . . . . . 2

*People ex re/. Mosk v. Lyman*
(1967) 253 Cal. App. 2d 959 . . . . . 16

*People v. Wahl*
(1940) 39 Cal. App. 2d (Supp.) 771 . . . . . 16

*State Farm and Casualty Co. v. Superior Court (Allegro)*
(1996) 45 Cal. App. 4th 1093 . . . . . 16

*Van Buskirk v. Cable News Network, Inc.*,
284 F.3d 977,(9th Cir. 2002) . . . . . 2

## RULES

Federal Rule of Civil Procedure
Rule 12(b)(6) . . . . . 2

**STATUTES**


Civil Code

§ 1760 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
§ 1761(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
§ 1761(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
§ 1770 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 17
§ 1770(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
§ 1770(a)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
§ 1770(a)(7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
§ 1770(a)(9) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
§ 1780(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 16, 17

# I.
# INTRODUCTION

This is a class action for damages, equitable and/or injunctive relief on behalf of a class of all California residents who paid Defendant Home Depot U.S.A., Inc. (hereinafter "Defendant" or "Home Depot") monies for a bundled package of goods and services, including but not limited to a "permit fee", that was supposed to include both the purchase, delivery and installation of a hot water heater, ***and*** any and all "required" municipal permits relating to the installation of the hot water heater in the class members' residences, but actually did not include the municipal permit. In addition, Home Depot also overcharges its customers for the "permit fee" by charging an undisclosed, amount over and above what is charge by the municipal governments for the "permit fee".

Defendant brings this motion to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), arguing: (1) all claims should be dismissed because the "core allegations" are contradicted by judicially noticeable facts; (2) Plaintiff lacks standing to bring his Unfair Competition Law ("UCL") or Consumers Legal Remedies Act ("CLRA") claims for relief because of no alleged damages or harm; and (3) the Third Claim for Relief for violations of California's CLRA lack sufficient facts and fails to plead reliance.

Defendant's argument that this action should be dismissed is fatally flawed because the receipt submitted by Defendant is not authentic, cannot be judicially noticeable, and therefore fails to negate the essential facts and claims in the Complaint. **The document submitted by Defendant is not the actual receipt received by Plaintiff**. The actual receipt received by Plaintiff is attached as Exhibit "1" to the Declaration of Richard Stanford accompanying this motion, and is significantly different from the document Defendant claims is the receipt given to Plaintiff.

Defendant's argument that Plaintiff lacks standing to bring his UCL and CLRA claims is meritless because Plaintiff suffered damages by, *inter alia*, being overcharged $19 for the permit. Furthermore Defendant cannot avert this action by "picking off" prospective class representatives by taking remedial measures ***after*** receiving a CLRA notice letter.

For these reasons, described in more detail *infra*, Defendant's motion to dismiss should be dismissed.

## II.
## SUMMARY OF LAW REGARDING RULE 12(B)(6) MOTIONS

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). A complaint should not be dismissed unless a plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Ibid.*

In examining the claim's sufficiency, as opposed to its substantive merits, "a court may [typically] look only at the face of the complaint to decide a motion to dismiss. *Van Buskirk v. Cable News Network, Inc.,* 284 F.3d 977, 980 (9th Cir. 2002). However, under the "incorporation by reference" doctrine, a court may take into account documents "whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Knievel v. ESPN*, 393 F.3d 1069, 1076 (9th Cir. 2005).

## III.
## DISCUSSION

### A. The Document Submitted By Defendant And Alleged To Be Plaintiff's Receipt Is Not Authentic And Fails To Negate The Essential Facts In The Complaint.

Defendant's argument that this action should be dismissed is fatally flawed because the receipt submitted by Defendant is not authentic, cannot be judicially noticeable, and therefore fails to negate the essential facts and claims in the Complaint. Defendant submitted a document it calls a receipt as Exhibit "B" to its Request For Judicial Notice and states that the receipt "shows an 'order total' of $816.01, not the $835.01 that Plaintiff alleges...Additionally, the invoice further shows that the 'amount paid' was $816.01, thereby exactly negating the alleged overcharge of $19." Def.'s Mem. 4:11-15. Defendant's

statement is, at best, factually inaccurate, and at worst an intentional misrepresentation of the facts, and therefore casts serious suspicion over not only the authenticity of this proffered piece of evidence, but over Defendant's entire set of supporting "facts" and "evidence."

**1. The Document Submitted By Defendant And Alleged To Be Plaintiff's Receipt Is NOT The Receipt Plaintiff Received When He Purchased The Hot Water Heater And Installation.**

Plaintiff vigorously disputes and challenges the authenticity of the document attached as Exhibit "B" to Defendant's Request For Judicial Notice, and objects to its use as evidence supporting Defendant's motion. **The document submitted by Defendant is not the actual receipt received by Plaintiff** when he purchased the bundled package of goods and services that was supposed to include both the purchase, delivery and installation of the hot water heater, and the acquisition of any and all required permits relating to the installation of the hot water heater. Stanford Decl. ¶3.

The actual receipts received by Plaintiff on May 29, 2007 from employees of Defendant's retail store located at 4255 Genesee Avenue in San Diego are attached as Exhibit "1" to the Declaration of Richard Stanford accompanying this motion. Stanford Decl. ¶3 and Exhibit "1". Plaintiff received a cash register receipt and a "Special Services Customer Invoice" as a result of his payment, both of which are attached as Exhibit "1". Plaintiff's actual "Special Services Customer Invoice" is significantly different from the document Defendant claims is the "Special Services Customer Invoice" given to Plaintiff. Most significantly, Plaintiff's receipt confirms that Plaintiff paid $835.01, as alleged in the FAC, whereas Defendant's document shows a payment of only $816.01. It is also interesting to note that Plaintiff's "Special Services Customer Invoice" contains 11 pages, whereas Defendant's document contains only 3 pages.

The document submitted by Defendant is not the actual "Special Services Customer Invoice" received by Plaintiff. In fact, Plaintiff has never seen this document before, has no idea who created it, and vigorously challenges its authenticity. It is also telling that Defendant offers no foundation for this document. The Declaration of Mark T. Cramer,

counsel for Defendant, states "I obtained the Stanford Invoice from Home Depot on January 7, 2008." Cramer Decl. ¶3. As counsel for Defendant, Mr. Cramer's testimony is not an adequate foundation for this document. Defendant fails to offer a declaration from a Home Depot custodian of records regarding this document's authenticity, and fails to offer a declaration from any employee of Home Depot that can testify to the creation and proper foundation of this document. Indeed, the suspicious nature of this document calls into doubt the authenticity of *any* document submitted by Defendant as supporting evidence, and especially any document purported to have come from Defendant's own files.

Because Defendant's arguments supporting its motion to dismiss rely on a document whose authenticity is very suspicious and challenged by Plaintiff and Plaintiff's own records, the Court should deny Defendant's motion to dismiss.

**2. The Document Submitted By Defendant And Alleged To Be Plaintiff's Receipt Is Nonsensical On Its Face.**

Besides the suspicious nature of the document Defendant claims is the receipt and the lack of any proper foundation for its authenticity and use as supporting evidence, this document is nonsensical on its face. The document lists charges for a 50 gallon water tank ($698.00), permit fee ($112.00), sediment trap ($25.00), and a "basic" labor fee ($0.01) that totals $835.01. Then, without any other deductions, the total due is somehow reduced by $19.00 - the exact amount of the overcharge alleged in Plaintiff's FAC - to $816.01. The charges appear as follows on Defendant's document:

| | |
|---|---|
| **Install Labor Charge:** | **$835.01** |
| **Trip Charge:** | **$0.00** |
| **Credit For Deposit/Measure:** | **$0.00** |
| **Install Total Due:** | **$816.01** |

The document provides absolutely no explanation or reason as to how the total amount due goes from $835.01 to $816.01. The deduction from $835.01 to $816.01 simply does not make any sense. Furthermore, it is highly suspicious that the total amount due is reduced by $19.00 - the exact amount of the overcharge alleged in Plaintiff's FAC. *See e.g.* FAC ¶9.

Because Defendant's arguments supporting its motion to dismiss rely on a document whose authenticity is very suspicious and that is nonsensical on its face, the Court should deny Defendant's motion to dismiss.

**3. The Document Submitted By Defendant And Alleged To Be Plaintiff's Receipt Cannot Be Judicially Noticeable.**

Under the "incorporation by reference" doctrine, a court may take into account documents "whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading. *Knievel v. ESPN*, 393 F.3d 1069, 1076 (9th Cir. 2005). Here, as described above, Plaintiff vigorously challenges the authenticity of the document submitted by Defendant and alleged to be Plaintiff's receipt, attached as Exhibit "B" to Defendant's Request For Judicial Notice. Plaintiff has submitted the actual receipt he received from Defendant's employees at the Home Depot store in San Diego (Stanford Decl. ¶3, Exh. "1") which is markedly different from Defendant's document in several material aspects.

Because the authenticity of the document submitted by Defendant and alleged to be Plaintiff's receipt is vigorously challenged by Plaintiff, the Court should not take judicial notice of this document, and should deny Defendant's motion to dismiss.

**B. Plaintiff Has Standing To Bring UCL And CLRA Claims Because Plaintiff Was Overcharged By Defendant, And Defendant Cannot Avert This Action By "Picking-Off" Prospective Class Representatives.**

Defendant argues that Plaintiff lacks standing to bring his UCL and CLRA claims because he has not suffered any damages or harm. Def.'s Mem. 5:18-25. This argument is meritless because, as alleged in the FAC, Plaintiff suffered damages by, *inter alia*, being overcharged $19.00 for the permit. Furthermore, Defendant's subsequent remedial measures in obtaining a permit for Plaintiff, taken ***after*** Defendant received Plaintiff's CLRA notice letter, cannot be used to avert this action by "picking off" a prospective class representative while not obtaining municipal permits or providing restitution to all other class members.

/ / /

/ / /

### 1. As Pled in the Complaint, Plaintiff Suffered Actual Damages by Being Overcharged by Defendant for the Permit and Not Receiving His Permit in a Reasonable Time.

The FAC states clearly in several paragraphs that Defendant's actions and inactions caused Plaintiff to suffer actual damages and harm. First and foremost, the FAC clearly alleges that Plaintiff and Class members were overcharged for the cost of obtaining municipal permits. The FAC states that:

> "In addition, Home Depot also overcharges its customers for the 'permit fee' by charging an undisclosed, amount over and above what is charge by the municipal governments for the 'permit fee'."

FAC ¶1 (incorporated by reference into the CLRA and UCL claims for relief by ¶¶34 and 43, respectively.)

> "... overcharging for the "required" municipal permits relating to the installation of a hot water heater in the class members' residences."

FAC ¶2 (incorporated by reference into the CLRA and UCL claims for relief by ¶¶34 and 43, respectively.)

> "the amount municipal governments actually charge for all 'required' municipal permits relating to the installation of a hot water heater in Plaintiff's and the Class members' residences is less than the amount charged by Home Depot, thus resulting in an undisclosed overcharge by Home Depot to Plaintiff and the Class (and in Plaintiff's case, an overcharge of $19.00)."

FAC ¶20 (incorporated by reference into the CLRA and UCL claims for relief by ¶¶34 and 43, respectively.)

> "... overcharging for the 'required' municipal permits relating to the installation of a hot water heater in the class members' residences."

FAC ¶22 (incorporated by reference into the CLRA and UCL claims for relief by ¶¶34 and 43, respectively.)

> "Plaintiff and the Class were damaged in that they paid Home Depot for 'permit fee[s]' for acquiring of 'required' municipal permits relating to the installation of a hot water heater in Plaintiff's and the Class members' residences...and they paid amounts over and above what is charge[d] by municipal governments...."

FAC ¶28 (incorporated by reference into the CLRA and UCL claims for relief by ¶¶34 and 43, respectively; emphasis added.)

> "Plaintiff and the Class were damaged in that ... they paid amounts over and above what is charge by the municipal governments for all "required" municipal permits relating to the installation of the hot water heater in Class members' residences when they paid a 'permit fee'."

FAC ¶33 (incorporated by reference into the CLRA and UCL claims for relief by ¶¶34 and 43, respectively.)

> "Pursuant to the provision of Civil Code § 1780(a)(2), Plaintiff seeks injunctive relief in the form of a restitution order requiring defendant Home Depot to refund ... all charges over and above what is charge by the municipal governments for all 'required' municipal permits relating to the installation of the hot water heater in Class members' residences when they paid a 'permit fee'."

FAC ¶39 (incorporated by reference into the UCL claim for relief by ¶43.)

> "Defendants have engaged in 'unlawful' business acts and practices by overcharging Plaintiff and the Class members for municipal permit fees by charging an undisclosed, amount over and above what is charge by the municipal governments for all 'required' municipal permits relating to the installation of the hot water heater in Plaintiff's and Class members' residences when they paid a 'permit fee'."

FAC ¶45.

Second, the FAC clearly alleges that Plaintiff and Class members were being charged for municipal permits not obtained in a reasonable time. The FAC states that:

> In addition, Plaintiff, on behalf of himself and all others similarly situated, alleges violations of the California Civil Code §§ 1750 *et seq*. and California Business & Professions Code §§ 17200 *et seq*. by Home Depot, and seeks for equitable and/or injunctive relief in the form of requiring Defendant to (1) identify and refund all charges, fees, costs, and other expenses incurred by Plaintiff and all others similarly situated related to the acquiring and filing of any and all "required" municipal permits for the installation of a hot water heater purchased from Defendant and/or remit the charges or fees collected from Plaintiff and all others similarly situated to the municipal governments that are responsible for issuing the "required" municipal permits, and otherwise take all necessary steps to ensure that Plaintiff and others similarly situated actually receive the "required" municipal permits relating to the installation of a hot water heater in the Plaintiff's and class members' residences <u>**within a reasonable time**</u>; (2) stop the collection of all charges, fees, costs, and other expenses for the acquiring and filing of any and all municipal permits for the installation of a hot water heater purchased from Defendant not required; (3) create a policy to timely refund all charges, fees, costs, and other expenses related to the acquiring and filing of any and all "required" municipal permits for the installation of a hot water heater purchased from Defendant never obtained, acquired, prepared, filed, applied for, or otherwise caused to recorded with the applicable municipal governments in California <u>**within a reasonable time**</u>; (4) create a policy to timely remit the charges or fees collected from Plaintiff and all others similarly

> situated to the municipal governments that are responsible for issuing the "required" municipal permits, and otherwise take all necessary steps to ensure that Plaintiff and others similarly situated actually receive the "required" municipal permits relating to the installation of a hot water heater in the Plaintiff's and class members' residences within a reasonable time; (5) publicize a corrective notice of these wrongful practices and the corrective action taken to stop these wrongful practices to all of Defendant's customers, at Defendant's expense; and (6) paying Plaintiff's attorneys' fees and costs of litigation pursuant to the California Civil Code § 1780(d) and the California Code of Civil Procedure § 1021.5.

FAC ¶3 (incorporated by reference into the CLRA and UCL claims for relief by ¶¶34 and 43, respectively; emphasis added.)

> "Charging 'permit fee[s]' for acquiring of 'required' municipal permits relating to the installation of a hot water heater in Plaintiff's and the Class members' residences which Home Depot neither intended to obtained, acquired, prepared, filed, applied for, or otherwise caused to recorded with the applicable municipal governments in California all 'required' municipal permits relating to the installation of the hot water heater in Plaintiff's and the Class members' residences nor intended to obtain **in a reasonable time**...."

FAC ¶26b (incorporated by reference into the CLRA and UCL claims for relief by ¶¶34 and 43, respectively; emphasis added.)

> "Failing to obtain **within a reasonable time** all 'required' municipal permits relating to the installation of the hot water heater in Plaintiff's and the Class members' residences from the applicable municipal governments in California...."

FAC ¶26d (incorporated by reference into the CLRA and UCL claims for relief by ¶¶34 and 43, respectively; emphasis added.)

> "Defendant Home Depot unfairly interfered with Plaintiff's right to receive the benefits of the contract because Plaintiff is informed and believes, and thereon alleges, that Defendant Home Depot has never prepared, filed, applied for, or otherwise caused to recorded with the proper municipal authority any 'required' municipal permit relating to the installation of the hot water heater in Plaintiff's and Class members' residences or has failed to file, applied for, or otherwise caused to recorded **within a reasonable time**."

FAC ¶32 (incorporated by reference into the CLRA and UCL claims for relief by ¶¶34 and 43, respectively; emphasis added.)

> "Plaintiff and the Class were damaged in that they paid Home Depot for 'permit fee[s]' for acquiring of 'required' municipal permits relating to the installation of a hot water heater in Plaintiff's and the Class members' residences which were never obtained or **reasonably obtained** from and/or never required by the applicable municipal governments in California...."

FAC ¶33 (incorporated by reference into the CLRA and UCL claims for relief by ¶¶34 and 43, respectively; emphasis added.)

> "Pursuant to the provision of Civil Code § 1780(a)(1), Plaintiff and the Class seeks actual damages of all charges, fees, costs, and other expenses incurred by Plaintiff and the Class for acquiring of any and all 'required' municipal permits for the installation of hot water heaters purchased from Defendant in Plaintiff's and the Class members' residences which were never obtained or **reasonably obtained** from and/or never required by the applicable municipal governments in California; and for amounts over and above what is charge by the municipal governments for all 'required' municipal permits relating to the installation of the hot water heater in Class members' residences when they paid a 'permit fee', in an amount to be proven at trial.

FAC ¶41 (incorporated by reference into the UCL claim for relief by ¶43; emphasis added.)

> "Defendants have engaged in 'unlawful' business acts and practices by advertising that for the payment of certain fees and charges, including but not limited to a 'permit fee,' Plaintiff and class members would receive a bundled package of goods and services that would include both the purchase, delivery and installation of a hot water heater, and any and all 'required' municipal permits relating to the installation of the hot water heater in the class members' residences, when, in fact, Defendants never acquired, obtained, or caused to be recorded any 'required' municipal permits or failed to acquire such permits **in a reasonable time**."

FAC ¶45 (emphasis added.)

Because the FAC clearly alleges that Plaintiff and Class members suffered actual damages and harm by, *inter alia*, (1) being overcharged for the cost of obtaining municipal permits, and (2) being charged for municipal permits not obtained in a reasonable time, Plaintiff has standing to bring the UCL and CLRA claims, and the Court should deny Plaintiff's motion to dismiss.

### 2. Defendant Cannot "Pick-Off" The Class Representative By Taking Corrective Measures After Receiving The CLRA Notice Letter.

In *Kagan v. Gibraltar Savings and Loan Assoc.,* 35 Cal.3d 582, 593, 595 (1984), the plaintiff brought a class action alleging an improper $15.00 charge by the defendant bank from the plaintiff's bank account. After receiving the CLRA notice letter, the defendant bank tried to pick-off the plaintiff and prospective class representative by reversing the allegedly unfair $15.00 charge and then arguing plaintiff suffered no damages. On appeal, *Kagan* held that a defendant is not able to avert a class action by "picking off" prospective

plaintiffs one-by-one upon receiving a CLRA notice letter, unless the defendant corrects the violation as to **all** similarly situated consumers. *Kagan, supra,* 35 Cal.3d at pp. 593, 595.

Here, Home Depot has attempted to "pick-off" the class representative by employing tactics similar to those discussed in *Kagan*. Plaintiff purchased his bundled package of goods and services from Defendant on May 29, 2007. Stanford Decl. ¶3. On July 2, 2007, after Plaintiff still had not received his water permit, Plaintiff delivered to Defendant a notice of its violations of the CLRA. FAC ¶40. Plaintiff never received a response to this letter prior to filing the original Complaint. Ibid. Moreover, despite Plaintiff's counsel's request, neither Plaintiff nor Plaintiff's counsel received a copy of the permit offered into evidence by Home Depot until they were served with the instant motion. Declaration of Patrick N. Keegan, at ¶3.

According to Defendant, Home Depot's subcontractor obtained Plaintiff's permit on September 13, 2007, nearly ***four months*** after Plaintiff purchased this service, and more than ***two months*** after Plaintiff sent Defendant his CLRA notice letter. Def.'s Mem. 3:1-3. Defendant now argues that Plaintiff cannot maintain this action because, since he obtained his permit, he suffered no damages or harm. This is ***exactly*** the same argument asserted by the defendant and rejected in *Kagan*, and it should similarly be denied. Like the defendant in *Kagan*, Home Depot is merely attempting to avert a class action by "picking off" Plaintiff as a potential class representative by issuing only his permit. Home Depot does not argue and has failed to offered any evidence that its failure to issue a permit in a timely manner to Plaintiff is an isolated instance. Defendant belated attempt to obtain Plaintiff's permit should not be a basis to deny Plaintiff the opportunity to represent other Class members who either have not yet received their permits or, like the Plaintiff, received their permits belatedly.

Notwithstanding the fact that both Plaintiff and the Class has been overcharged for their municipal permits, since Home Depot has not taken corrective actions to remedy violations regarding the issuance of municipal permits suffered by all similarly situated consumers, the Court should deny Defendant's motion to dismiss.

**C. Plaintiff's CLRA Claim Is Well-Supported By Facts Pled In The First Amended Complaint.**

The Consumer Legal Remedies Act targets a class of "unfair methods of competition and unfair or deceptive acts or practices" enumerated in Civil Code section 1770. (Civ. Code § 1770, subd. (a).) "Any consumer who suffers any damage as a result of the use or employment by any person of" this unlawful conduct may bring an action for damages, punitive damages, restitution of property, and injunctive relief. (Civ. Code § 1780, subd. (a).) The CLRA is interpreted liberally "to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." (Civ. Code § 1760.)

Here, Plaintiff's claims predicated on violations of the CLRA are well-supported by facts in the FAC, and the Court should therefore deny Defendant's motion to dismiss.

**1. The First Amended Complaint Alleges Sufficient Facts For Each Claim Predicated On The CLRA.**

Defendant argues that Plaintiff's Third Claim for Relief for violations of California's CLRA should be dismissed because "the allegations merely parrot the language of the statute without alleging the factual bases that [are]...required." Def.'s Mem. 6:6-10. This argument is meritless because the FAC contains sufficient facts for each claim predicated on violations of California's CLRA.

Plaintiff alleges Defendant's actions and inactions violated Civil Code section 1770(a)(1) in that Defendant "passed off its services as those of another...." FAC ¶37. This claim is supported by facts in the FAC alleging that Defendant would provide the service of obtaining any required municipal permits, when in fact Defendant never obtained the permit, or never obtained the permit within a reasonable time. *See e.g.* FAC ¶¶19-21 (incorporated by reference by ¶34).

Plaintiff alleges Defendant's actions and inactions violated Civil Code section 1770(a)(3) in that Defendant "misrepresented the affiliation, connection, or association with, or certification by, another...." FAC ¶37. This claim is also supported by facts in the FAC

alleging that Defendant would provide the service of obtaining any required municipal permits, when in fact Defendant never obtained the permit, or never obtained the permit within a reasonable time. *See e.g.* FAC ¶¶19-21 (incorporated by reference by ¶34). Specifically, in stating that it would obtain any required permits, Defendant misrepresented a connection to local municipal governments that would allow it to obtain any required permits. Plaintiff alleges this is a misrepresentation because Defendant did not have any type of connection that would allow it obtain the permits, or to obtain the permits in a reasonable time.

Plaintiff alleges Defendant's actions and inactions violated Civil Code section 1770(a)(5) in that Defendant "represented that its services have sponsorship, approval, characteristic, ingredients, uses, benefits, or quantities which they do not have...." FAC ¶37. This claim is also supported by facts in the FAC alleging that Defendant would provide the service of obtaining any required municipal permits, when in fact Defendant never obtained the permit, or never obtained the permit within a reasonable time. *See e.g.* FAC ¶¶19-21 (incorporated by reference by ¶34). Specifically, Defendant represented that, for an additional fee, Defendant would obtain any required permit to bring the installation "up to code," and to provide "for the safety of your family and home." *See* FAC ¶19. Although Plaintiff and Class members paid Defendant the fee for this service (FAC ¶20), this service did not have the benefit it was supposed to have, i.e., to bring the installation "up to code" and to provide "for the safety of your family and home," because Defendant never provided the service of obtaining the permit, or never obtaining the permit within a reasonable time. FAC ¶21.

Plaintiff alleges Defendant's actions and inactions violated Civil Code section 1770(a)(7) in that Defendant "represented that its services are of a particular standard, quality, or grade when they are of another...." FAC ¶37. This claim is also supported by facts in the FAC alleging that Defendant would provide the service of obtaining any required municipal permits, when in fact Defendant never obtained the permit, or never obtained the

permit within a reasonable time. See FAC ¶¶19-21 (incorporated by reference by ¶34). Specifically, Defendant represented that its service of obtaining any required permit would have the quality of bringing the installation "up to code" and have the quality of providing "for the safety of your family and home." These representations were in fact false because, as alleged in the FAC, Defendant never provided the service of obtaining the permit, or never obtaining the permit within a reasonable time. FAC ¶21.

Plaintiff alleges Defendant's actions and inactions violated Civil Code section 1770(a)(9) in that Defendant "advertised its services with intent not to sell them as advertised...." FAC ¶37. This claim is also supported by facts in the FAC alleging that Defendant would provide the service of obtaining any required municipal permits, when in fact Defendant never obtained the permit, or never obtained the permit within a reasonable time. *See e.g.* FAC ¶¶19-21 (incorporated by reference by ¶34). Specifically, Defendant advertised its service of obtaining any required permit. However, as alleged in the FAC, Defendant did not in fact sell its services as advertised because Defendant never provided the service of obtaining the permit, or never obtaining the permit within a reasonable time. FAC ¶21.

Because the FAC contains sufficient facts for each claim predicated on violations of California's CLRA, the Court should deny Defendant's motion to dismiss.

**2. The Advertisements Alleged In The First Amended Complaint Are Likely To Deceive A Reasonable Consumer Because They Do Not Disclose Defendant's Alleged Unwillingness To Obtain Permits, And The Fact That Defendant Is Overcharging For The Permits.**

In paragraph 19 of the FAC, Plaintiff pleads the full text of two of Defendant's written advertisements:

**Water Heater**
**Installations:**
**Did You Know ???**

For the safety of your family and home, if your current water heater does not meet local code requirements.....

Additional costs will be necessary to bring your installation "up to code."

Some of the most frequent requirements include...

1) A local permit is required in most cities and counties, see store for charges in your area.

2) A temperature and pressure relief line must be installed to either exit your home or garage, or the water heater must have a "Watts 210" valve to shut off the gas valve if pressure or temperature exceeds safe levels. If this valve is required, there are additional charges for the installation, see Associate for details. A "Watts 210" valve (typically installed when the water heater is located in the center of a home or a concrete slab, or in a basement) must be installed.

3) If the water shut-off valve doesn't operate properly, the valve must be replaced. The replacement of this valve (material and labor) is required at an additional cost.

4) Venting the water heater. Typically, a new water heater will not be the same dimensions as the old unit. This size difference will require modifying your existing venting. Typical straight venting modifications run between $5.00 - $8.00 per foot (depending on the type of existing vent pipe).
Note: Additional costs may occur depending on the specific requirements of your [illegible].

ASK A SALES ASSOCIATE FOR DETAILS

The other Home Depot uniform advertisement stated:

**Water Heater**
**Installed for**
**$299.00 plus permit fee***

Does not include cost of water heater or materials

CALL 1-800-HOME DEPOT

**Basic Installation Includes**

Delivery of hot water heater

Haul-away of old hot water heater

Installation of hot water heater up to 50 gallons gas or electric (Larger sizes additional cost)

Installation kit for gas or electric hot water heater

Earthquake straps and foam insulation included

Permit fee additional

Price includes "Service Protection Plus" See Associate
*See Associate
*Additional work and materials may be required at an additional cost
Home Depot U.S.A. Lic. #602331

As alleged in paragraph 19 of the FAC, the advertisements are misleading because a reasonable person would believe that municipal permits are in fact "required" to ensure "the safety of your family and home", and that defendant Home Depot will take all necessary steps to prepare, file, apply for, or otherwise cause to be recorded with the local municipality in a reasonable time all the "required" municipal permits relating to the installation of the hot water heater in the purchaser's residence. FAC ¶19. However, as alleged in the FAC, Home Depot is either not taking any necessary steps and does not intend to take these necessary steps to obtain municipal permits for its customers, or is not taking any necessary steps within a reasonable time. FAC ¶19.

The advertisements are further misleading because, as alleged in the FAC, they fail to disclose that Home Depot is charging an additional amount over and above what is charged by the municipal governments for all "required" municipal permits relating to the installation of the hot water heater in Class members' residences when they paid a "permit fee". FAC ¶19.

Because these written advertisements state that, for a fee, Defendant will obtain a permit for the consumer, when in fact Defendant is either not taking any necessary steps and does not intend to take these necessary steps to obtain municipal permits for its customers, or is not taking any necessary steps within a reasonable time, these written advertisements are likely to deceive a reasonable consumer. Furthermore, these written advertisements are likely to deceive a reasonable consumer because they do not disclose that Defendant is overcharging consumers for the cost of obtaining the required municipal permits. Because these written statements are likely to deceive a reasonable consumer, the Court should deny Defendant's motion to dismiss.

**3. There Is No "Reliance" Requirement Under the Consumer Legal Remedies Act.**

Under both the UCL and the CLRA, a plaintiff need only prove either that an advertising statement is untrue, makes a material omission or that "members of the public are likely to be deceived" by it. *Committee on Children's Television v. General Foods Corp.*

(1985) 35 Cal.3d 197, 211 ("The court may also order restitution without individualized proof of deception, reliance, and injury"); *State Farm and Casualty Co. v. Superior Court (Allegro)* (1996) 45 Cal. App. 4th 1093, 1102; *Consumer Advocates v. Echostar Satellite Corp.* (2003) 113 Cal. App. 4th 1351, 1360 (holding that the same "reasonable consumer" standard that applies in UCL cases applies to false advertising claims under the CLRA). It is no defense to show that misleading advertising claims were literally true if the claims were nevertheless likely to mislead. *People ex re/. Mosk v. Lyman* (1967) 253 Cal. App. 2d 959, 966; *People v. Wahl* (1940) 39 Cal. App. 2d (Supp.) 771, 773.

Specifically, to be a plaintiff under the CLRA, a plaintiff must be a "consumer," which is defined as "an individual who seeks or acquires by purchase or lease, any goods or services for personal, family or household purposes." Civ. Code. § 1761(d). There must also be a "transaction intended to result or which results in the sale or lease of goods or services...." *Id.* Civ. Code § 1761(e). "Any consumer who suffers any damage *as a result of* the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person...." Civ. Code§ 1780(a)(emphasis added). This language has been very broadly construed. *See Kagan, supra,* 35 Cal. 3d at 593.

The "as a result of" language has been interpreted to permit a finding of causation based on the materiality of the non-disclosed information rather than traditional proof of reliance. *See, Massachusetts Mutual Life Ins. Co. v. Superior Court* (2002) 97 Cal.App.4th 1282, 1292 (rejecting the contention that a CLRA plaintiff must prove a defendant's deceptive conduct caused her harm and explaining that if material misrepresentations are shown to have been made to class members, an inference of reliance arises as to the entire class). Here, the non-disclosed information, i.e., the facts that Defendant was over-charging for the permits and not obtaining the permits, or not obtaining the permits in a reasonable time, is sufficiently material to permit a finding of causation.

Defendants rely on *Cattie v. Wal-Mart Stores, Inc.,* 504 F. Supp.2d 939 (S.D. Cal. 2007) citing *Caro v. Proctor & Gamble* (1993) 18 Cal.App.4th 644 for the proposition that Plaintiffs must pled reliance in support of their CLRA claim. Given *Cattie*'s reliance upon *Caro*, such analysis is flawed. *Caro* improperly imposed a "material misrepresentation" standard on the determination of whether the CLRA had been violated and expanded that material misrepresentation standard into a requirement that "inducement" of the purchase be demonstrated on an individual basis. But the CLRA nowhere imposes such a standard. Indeed, the CLRA is, in essence, a strict liability statute. As set forth in Civil Code § 1770, a violation of the CLRA occurs at the instant that a false representation defined under the statute occurs. Under Civil Code § 1780(a), any consumer who is damaged as the result of the misrepresentation is entitled to the remedies specified in the statute. *Massachusetts Mutual*'s interpretation of *Caro* is instructive:

> Indeed, at deposition [plaintiff] himself testified if he had read the bottom part of the three sides of the carton saying 'from concentrate,' he would have concluded it did not contain 'premium' juice. Moreover, from examining the carton the superior court could reasonably infer only a limited number of consumers would believe they were buying something other than 'from concentrate' juice. Thus, the court properly concluded the issue whether any asserted misrepresentation induced the purchase of [defendant's] orange juice would vary from consumer to consumer. *Caro, supra,* 18 Cal.App.4th at 668-669. [¶] Here, unlike the situation we considered in *Caro,* there is no evidence any significant part of the class had access to all the information the plaintiffs believe they needed before purchasing N-Pay premium payment plans. Indeed, there is nothing in the record which shows that Mass Mutual's own assessment of the discretionary dividends was disclosed to any class member. If the undisclosed assessment was material, an inference of reliance as to the entire class would arise, subject to any rebuttal evidence Mass Mutual might offer.

*Massachusetts Mutual, supra,* 97 Cal.App.4th at 1294-1295. Similarly here, unlike the situation in *Caro*, there are no allegations in the FAC (let alone evidence by Defendants) that any significant part of the Class had knowledge that Defendant was not obtaining the permits, or not obtaining the permits in a reasonable time, or that they were being overcharged for permits.

Because the non-disclosed information, i.e., the facts that Defendant was over-charging for the permits and not obtaining the permits, or not obtaining the permits in a

reasonable time, is sufficiently material to permit a finding of causation under *Massachusetts Mutual Life Ins. Co. v. Superior Court, supra*, the Court should deny Defendant's motion to dismiss the FAC's Third Claim for Relief since there is no requirement that a plaintiff plead and prove "reliance" in order to establish a *prima facie* case under the CLRA.

Notwithstanding the fact that a plaintiff need not pled or prove reliance in order to establish a claim under the CLRA, Plaintiff has pled that he relied upon Home Depot's standardized advertisements in the FAC. Specifically, the FAC states that:

> "Relying on Home Depot's two uniformed advertisements, and with the expectation that, if he paid for a hot water heater, delivery, installation, and a "permit fee," he would indeed receive both the purchase, delivery and installation of a hot water heater, and any and all "required" municipal permits relating to the installation of the hot water heater in his residence, and with the expectation that defendant Home Depot would take all necessary steps to obtain, acquire, prepare, file, apply for, or otherwise caused to recorded with the city of San Diego, all the "required" municipal permits relating to the installation of the hot water heater in his residence, Plaintiff paid a total sum of $835.01 to Home Depot for a bundled package of goods and services that was supposed to include both the purchase, delivery and installation of a hot water heater, and the acquisition of any and all "required" municipal permits relating to the installation of the hot water heater in Plaintiff's residence."

FAC ¶8 (incorporated by reference into the CLRA by ¶34.) Accordingly, Defendant's motion to dismiss the FAC's Third Claim for Relief is without merit and should be denied.

## IV.
## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss.

Dated: March 3, 2008

**KEEGAN & BAKER, LLP**

s/Patrick N. Keegan
Patrick N. Keegan, Esq.
Brent Jex, Esq.

Attorneys for Representative Plaintiff
RICHARD STANFORD