Patrick N. Keegan, Esq. (SBN: 167698)
Brent Jex, Esq. (SBN: 235261)
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, California 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749

Attorneys for Representative Plaintiff
RICHARD STANFORD

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD STANFORD, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation;<br><br>Defendant.<br>___________________________________ | Case No. 07-CV-2193 LAB (WMC)<br><br>Assigned to: The Hon. Larry A. Burns<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT HOME DEPOT U.S.A., INC.'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date: March 17, 2008<br>Time: 10:30 a.m.<br>Place: Courtroom 9 |

Plaintiff Richard Stanford hereby submits the following objections to Defendant Home Depot U.S.A., Inc.'s ("Home Depot") request for judicial notice pursuant to Federal Rule of Evidence 201:

1. **The Document Defendant Describes As "The Home Depot Special Services Customer Invoice For Customer Richard Stanford", Attached As Exhibit "B" To Defendant's Request For Judicial Notice.**

   a. **The Document Submitted By Defendant And Alleged To Be Plaintiff's Receipt Is NOT The Receipt Plaintiff Received When He Purchased The Hot Water Heater And Installation.**

Plaintiff vigorously disputes and challenges the authenticity of the document attached as Exhibit "B" to Defendant's Request For Judicial Notice, and objects to its use as evidence supporting Defendant's motion. **The document submitted by Defendant is not the actual receipt received by Plaintiff** when he purchased the bundled package of goods and services

that was supposed to include both the purchase, delivery and installation of the hot water heater, and the acquisition of any and all required permits relating to the installation of the hot water heater. Stanford Decl. ¶3.

The actual receipts received by Plaintiff on May 29, 2007 from employees of Defendant's retail store located at 4255 Genesee Avenue in San Diego are attached as Exhibit "1" to the Declaration of Richard Stanford accompanying this motion. Stanford Decl. ¶3 and Exhibit "1". Plaintiff received a cash register receipt and a "Special Services Customer Invoice" as a result of his payment, both of which are attached as Exhibit "1". Plaintiff's actual "Special Services Customer Invoice" is significantly different from the document Defendant claims is the "Special Services Customer Invoice" given to Plaintiff. Most significantly, Plaintiff's receipt confirms that Plaintiff paid $835.01, as alleged in the FAC, whereas Defendant's document shows a payment of only $816.01. It is also interesting to note that Plaintiff's "Special Services Customer Invoice" contains 11 pages, whereas Defendant's document contains only 3 pages.

The document submitted by Defendant is not the actual "Special Services Customer Invoice" received by Plaintiff. In fact, Plaintiff has never seen this document before, has no idea who created it, and vigorously challenges its authenticity. It is also telling that Defendant offers no foundation for this document. The Declaration of Mark T. Cramer, counsel for Defendant, states "I obtained the Stanford Invoice from Home Depot on January 7, 2008." Cramer Decl. ¶3. As counsel for Defendant, Mr. Cramer's testimony is not an adequate foundation for this document. Defendant fails to offer a declaration from a Home Depot custodian of records regarding this document's authenticity, and fails to offer a declaration from any employee of Home Depot that can testify to the creation and proper foundation of this document. Indeed, the suspicious nature of this document calls into doubt the authenticity of *any* document submitted by Defendant as supporting evidence, and especially any document purported to have come from Defendant's own files.

/ / /

Because Defendant's arguments supporting its motion to dismiss rely on a document whose authenticity is very suspicious and challenged by Plaintiff and Plaintiff's own records, the Court should deny Home Depot's request for judicial notice, and take judicial notice of Plaintiff's cash register receipt and "Special Services Customer Invoice" attached as Exhibit "1" to Plaintiff's declaration.

**b. The Document Submitted By Defendant And Alleged To Be Plaintiff's Receipt Is Nonsensical On Its Face.**

Besides the suspicious nature of the document Defendant claims is the receipt and the lack of any proper foundation for its authenticity and use as supporting evidence, this document is nonsensical on its face. The document lists charges for a 50 gallon water tank ($698.00), permit fee ($112.00), sediment trap ($25.00), and a "basic" labor fee ($0.01) that totals $835.01. Then, without any other deductions, the total due is somehow reduced by $19.00 - the exact amount of the overcharge alleged in Plaintiff's FAC - to $816.01. The charges appear as follows on Defendant's document:

| | |
|---|---|
| **Install Labor Charge:** | **$835.01** |
| **Trip Charge:** | **$0.00** |
| **Credit For Deposit/Measure:** | **$0.00** |
| **Install Total Due:** | **$816.01** |

The document provides absolutely no explanation or reason as to how the total amount due goes from $835.01 to $816.01. The deduction from $835.01 to $816.01 simply does not make any sense. Furthermore, it is highly suspicious that the total amount due is reduced by $19.00 - the exact amount of the overcharge alleged in Plaintiff's FAC. *See e.g.* FAC ¶9.

Because Defendant's arguments supporting its motion to dismiss rely on a document whose authenticity is very suspicious and that is nonsensical on its face, the Court should deny Home Depot's request for judicial notice.

**c. The Document Submitted By Defendant And Alleged To Be Plaintiff's Receipt Cannot Be Judicially Noticeable.**

Under the "incorporation by reference" doctrine, a court may take into account documents "whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading. *Knievel v. ESPN*, 393 F.3d 1069, 1076 (9th Cir. 2005). Here, as described above, Plaintiff vigorously challenges the authenticity of the document submitted by Defendant and alleged to be Plaintiff's receipt, attached as Exhibit "B" to Defendant's Request For Judicial Notice. Plaintiff has submitted the actual receipt he received from Defendant's employees at the Home Depot store in San Diego (Stanford Decl. ¶3, Exh. "1") which is markedly different from Defendant's document in several material aspects.

Because the authenticity of the document submitted by Defendant and alleged to be Plaintiff's receipt is vigorously challenged by Plaintiff, the Court should deny Home Depot's request for judicial notice.

Dated: March 3, 2008

**KEEGAN & BAKER, LLP**

s/Patrick N. Keegan
Patrick N. Keegan, Esq.
Brent Jex, Esq.

Attorneys for Representative Plaintiff
RICHARD STANFORD