Martin R. Boles (S.B.N. 124159)
mboles@kirkland.com
Mark T. Cramer (S.B.N. 198952)
mcramer@kirkland.com
Linda Bassett (S.B.N. 250279)
lbassett@kirkland.com
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STANFORD, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 07-CV-2193 (LAB)(WMC)<br><br>**Class Action**<br><br>**DEFENDANT HOME DEPOT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS; DECLARATION OF MARK T. CRAMER; DECLARATION OF BRIAN KORHUMMEL**<br><br>HONORABLE LARRY A. BURNS<br>COURTROOM: 9<br>HEARING DATE: March 17, 2008<br>TIME: 10:30 a.m. |

# TABLE OF CONTENTS

Page No.


INTRODUCTION .......... 1

ARGUMENT .......... 1

I. Plaintiff Lacks Standing Because the Allegations Underlying His Individual Claims Are Demonstrably Untrue .......... 1

II. Plaintiff Lacks Standing to Bring His UCL and CLRA Claims. .......... 3

III. Plaintiff's CLRA Claims Were Improperly Noticed and Merely Parrot the Statute and Should Be Dismissed. .......... 4

A. Plaintiff's CLRA Notice Letter Does Not Include "Reasonable Time" or "Overcharge" Claims. .......... 4

B. Plaintiff's CLRA Claims Do Not Sufficiently Allege the Facts Substantiating Those Claims. .......... 6

C. Plaintiff Has Not Pled Reliance. .......... 6

CONCLUSION .......... 7

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Bell Atlantic v. Twombly*,
127 S. Ct. 1955 (2007) ........ 2, 6

*Caro v. Procter & Gamble Co.*,
18 Cal. App. 4th 644 (1993) ........ 7

*Cattie v. Wal-Mart Stores, Inc.*,
504 F. Supp. 2d 939 (S.D. Cal. 2007) ........ 7

*Kagan v. Gibraltar Savings*,
35 Cal. 3d 582 (1984) ........ 3

*Massachusetts Mutual Life Insurance Co. v. Superior Court*,
97 Cal. App. 4th 1292 (2002) ........ 6

*Outboard Marine Corp. v. Superior Court*,
52 Cal. App. 3d 30 (1975) ........ 5

*Von Grabe v. Sprint PCS*,
312 F. Supp. 2d 1285 (S.D. Cal. 2003) ........ 5

## STATUTES

Cal. Civ. Code § 1770(a)(1) ........ 6

Cal. Civ. Code § 1770(a)(3) ........ 6

Cal. Civ. Code § 1780(a) ........ 4

Cal. Civ. Code § 1782 ........ 5

Cal. Civ. Code § 1782(a)(2) ........ 5

## TREATISES

4 Witkin, Cal. Procedure 4th (1997) § 268 ........ 6

## INTRODUCTION

Plaintiff has not rebutted Defendant's showing that the core allegations underlying this case are not true: (1) the allegation that Plaintiff did not receive a water heater permit, and (2) the allegation that Plaintiff paid extra for the permit. Despite all the Opposition's protestations and accusations, one looks in vain for a simple rebuttal of the following central facts: (1) a permit was issued for Plaintiff's residence prior to the filing of the Complaint; and (2) Plaintiff did not pay $19 more than he should have for the water heater and the installation and permitting services. To the extent that these facts are ascertainable from sources that are judicially noticeable, the claims are properly dismissible. (See Part I below.)

Plaintiff also failed to squarely address most of the remaining arguments in Defendant's motion, which provides several alternative grounds for dismissal. (See Parts II and III below.)

## ARGUMENT

### I. Plaintiff Lacks Standing Because the Allegations Underlying His Individual Claims Are Demonstrably Untrue.

The core allegation at the center of this case is that Home Depot fails to provide permits. That was the central contention in the original complaint, and despite being told otherwise before filing the First Amended Complaint, Plaintiff still alleges "Home Depot has never prepared, filed for, or otherwise caused to be recorded with the city of San Diego any 'required' municipal permit relating to the installation of the hot water heater in Plaintiff's residence." *See* FAC ¶ 9. Defendant has demonstrated that that allegation is contradicted by judicially noticeable evidence. *See* Mot. 3. Plaintiff has not even contested, let alone rebutted, this showing. Therefore, at a minimum, Plaintiff's claims should be dismissed insofar as they are based on the allegation of failure to provide permits. *See id.* at 4-6.

This pruning of claims is no small matter. What remains are claims that Plaintiff has added or highlighted in order to avoid the consequences of the false

premise of the original suit. But claims of "unreasonable time to obtain a permit" or "overcharging above what is charged by the municipal government" are inherently heterogeneous and less likely to be certified as a class action. No doubt that is why Plaintiff has avoided retracting the false claim of not getting a permit. Dismissing this claim leaves the remainder naked, which will facilitate efficient adjudication of class certification, streamline related discovery or perhaps even lead to earlier resolution. As the Supreme Court advised in *Bell Atlantic v. Twombly*, pleading "deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." 127 S. Ct. 1955, 1966 (2007) (internal quotations omitted).

Defendant concedes that Plaintiff has dodged the bullet with regard to pleading the "overcharge" claim, since the technical rules of pleading practice defer scrutiny of the incorrect allegation of overpayment. What Defendant cannot concede, or leave unresponded to, is Plaintiff's suggestion that Defendant has falsified evidence. The First Amended Complaint alleges that Home Depot "overcharged" him by $19. Home Depot investigated and determined that this allegation was incorrect. Plaintiff based his allegation of an overcharge on a detailed description of his invoice in the First Amended Complaint, but failed to attach that document. So, in good faith, Home Depot generated a reprint of the invoice from its computer system. The invoice, as kept in the normal course of business, showed that Plaintiff had only paid $816.01. Korhummel Decl. ¶¶ 2, 5-6. After Plaintiff attached his copy of the invoice to his Opposition, Home Depot investigated why the two invoices differed. Home Depot found that a day after Plaintiff ordered his water heater, he was refunded $19.00. Korhummel Decl. ¶ 4. Because refunds do not appear as separate line items on invoices reprinted from the system, but are only reflected in the total amount paid, Plaintiff's copy of the invoice differed from what was kept in Home Depot's system. The bottom line is that, long before this lawsuit was filed, Defendant reversed the credit card charge for the $19. Plaintiff never "overpaid."

Plaintiff's brief uses the word "suspicious" a half-dozen times, but as

Shakespeare said, suspicion haunts the guilty mind. Defendant now withdraws its contention that Plaintiff's *original* invoice lacked the $19 charge, but Plaintiff's standing to bring this claim survives only because, on a pleading motion, the manifest untruth of his claim of overpayment cannot be adjudicated outside his uncorrected pleading. *See* FAC ¶ 9 (alleging "overcharge by Home Depot of $19.00").

Notwithstanding Plaintiff's attempt to distract this Court by "vigorously disputing" Home Depot's Request for Judicial Notice, the underlying facts are as Home Depot contended in its Motion to Dismiss: Plaintiff does not, and cannot, dispute that a permit was obtained for his residence before Plaintiff filed his original complaint last October; and Plaintiff did not pay $19.00 more for the water heater and installation and permitting services. Claims based on the former allegation should now be dismissed.

## II. Plaintiff Lacks Standing to Bring His UCL and CLRA Claims.

As discussed in the previous section, Plaintiff has a permit, and he did not overpay. Therefore he lacks standing to bring claims on these issues on behalf of the purported class, and as to the first, that deficiency is cognizable on this motion. *See* Mot. at 13-15.

Plaintiff's response to these arguments is that Defendant is engaged in improper "picking off" of a class representative. *See* Opp'n 9-10. But giving a customer a refund a day after his purchase, *see* Part I *supra*, is a far cry from "picking off" a class representative. While the evidence of the next-day refund may not be cognizable on this motion, it illustrates by contrast the utter lack of any evidence, or even allegations, of facts substantiating Plaintiff's charge. The case that Plaintiff cites on the issue of "picking off," *Kagan v. Gibraltar Savings*, does not support Plaintiff's argument given the different facts present here. *Kagan* painstakingly describes seven months of repeated demands by plaintiff and her husband, met with denial, delay and deception between the initial complaint and the final remedial refund by defendant. 35 Cal. 3d 582, 587-89 (1984). There is no comparable showing or even allegation in

this case. Indeed, Plaintiff does not even allege that his CLRA letter caused Home Depot to apply for and obtain his permit. In his Opposition, Plaintiff argues that Home Depot "failed to offered [sic] any evidence that its failure to issue a permit in a timely manner is an isolated instance." Opp'n 10. But that argument ignores the fact that, on a motion to dismiss, Home Depot is required to assume the truth of Plaintiff's factual allegations, except to the extent those allegations are contradicted by documents that are referenced in the complaint or subject to judicial notice.

With respect to the "unreasonable time" contention, Plaintiff has not alleged harm as a result of the alleged "unreasonable time" for obtaining his permit. Therefore, that claim should also be dismissed. *See, e.g.,* Cal. Civ. Code § 1780(a) (to have standing to assert a claim, a plaintiff must be a consumer who suffers damage as a result of an illegal act). *See* Mot. 5-6.

Finally, with respect to the claim that municipal permits are not "required," Plaintiff has not alleged facts showing standing to bring this claim, and Plaintiff's Opposition failed to address Defendant's showing that its advertisements, on their face, could not support the UCL and CLRA claims. *See* Mot. 9-12. This claim should also be dismissed.

## III. Plaintiff's CLRA Claims Were Improperly Noticed and Merely Parrot the Statute and Should Be Dismissed.

In addition to the grounds previously discussed for dismissal, Plaintiff's claims under the Consumers Legal Remedies Act should also be dismissed because: (1) Home Depot was not properly put on notice of two of the claims; and (2) the First Amended Complaint merely parrots the statute without providing sufficient detail to allow Home Depot to fairly defend itself.

### A. Plaintiff's CLRA Notice Letter Does Not Include "Reasonable Time" or "Overcharge" Claims.

As noted above, the original Complaint alleged that Home Depot charged Plaintiff a permit fee but did not obtain the permit. After Home Depot's counsel informed Plaintiff's counsel that the permit for Plaintiff's residence had, in fact,

issued, *see* Decl. of M. Cramer In Support of Motion to Dismiss (Jan. 7, 2008), ¶ 5, Plaintiff filed a First Amended Complaint adding the allegations that Home Depot "overcharged" for permits and did not obtain them "in a reasonable time." *See, e.g.*, FAC ¶14. But Plaintiff did not provide Home Depot with sufficient notice of either of these newly-minted allegations as required by the CLRA.

A fundamental prerequisite of filing a damages claim under the CLRA is that a plaintiff must notify the prospective defendant of the alleged violations of Section 1780 and demand that the defendant rectify the goods or services alleged to be in violation thereof. Cal. Civ. Code § 1782(a)(2). The plaintiff must provide notice to the defendant thirty days or more prior to filing a lawsuit. Cal. Civ. Code §1782(a). The purpose of this notice requirement "is to give the manufacturer or vendor sufficient notice of the alleged defects to permit appropriate corrections or replacements" and to "facilitate pre-complaint settlements of consumer actions wherever possible." *Outboard Marine Corp. v. Superior Court*, 52 Cal. App. 3d 30, 40-41 (1975) (cited approvingly in *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1303-04 (S.D. Cal. 2003)).

Plaintiff allegedly mailed a letter to Home Depot pursuant to California Civil Code § 1782(a)(2). *See* FAC ¶ 40. But Plaintiff's letter did not include any complaint that his permit was not obtained in a reasonable amount of time. *See* Ltr. from P. Keegan, attached as Ex. E to Decl. of M. Cramer In Support of Reply (March 10, 2008). Likewise, his letter does not contain any mention of the $19.00 overcharge he now alleges in his First Amended Complaint. Plaintiff complains only that "Home Depot never actually obtained any such permits and, instead, kept the additional charge." Because Home Depot was notified <u>for the first time</u> in the First Amended Complaint of Plaintiff's allegations that Home Depot does not obtain the permits in a reasonable amount of time and that Home Depot overcharges for its permits, Plaintiff cannot now pursue those claims for damages under the CLRA. Cal. Civ. Code § 1782; *Von Grabe*, 312 F. Supp. 2d at 1303-1304; *see also* 4 Witkin, Cal. Procedure

4th (1997) § 268, p. 344.

### B. Plaintiff's CLRA Claims Do Not Sufficiently Allege the Facts Substantiating Those Claims.

Plaintiff cannot assert claims under the CLRA merely by parroting the statute. *See Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1964-66 (2007). Plaintiff argues that this argument is "meritless," but beyond that epithet his sole recourse is to point to the general facts alleged in the preceding thirty-four-plus paragraphs, "incorporated by reference," to support his CLRA claims. Opp'n 11-12. But waiving a rhetorical magic wand does not help Defendant (or this Court) elucidate, for example, how Home Depot "passed off its services as those of another." *See* FAC ¶ 37(b) (quoting Cal. Civ. Code § 1770(a)(1)). Plaintiff also alleges that Home Depot "misrepresented the affiliation, connection, or association with, or certification by, another . . . ." FAC ¶ 37(b) (quoting Cal. Civ. Code § 1770(a)(3)). Yet the advertisements quoted at length in the complaint say nothing about an "affiliation or certification by another," unless it is the harmless admonition to "ASK A SALES ASSOCIATE FOR DETAILS." *See* FAC ¶19. Home Depot is impermissibly left to guess how to defend itself against the CLRA claims. The era of pleading by parroting is past, *see Twombly*, 127 S. Ct. at 1964-66, and these inadequate allegations should be dismissed.

### C. Plaintiff Has Not Pled Reliance.

Plaintiff relies on *Massachusetts Mutual Life Insurance Co. v. Superior Court of San Diego County*, 97 Cal. App. 4th 1292 (2002) for the proposition that he does not have to plead reliance to maintain a claim under the CLRA. Plaintiff's reliance on *Massachusetts Mutual Life Insurance Co.* is misplaced. In that case, the Court considered whether the trial court had erred in granting class certification. The Court's decision did not address pleading requirements. The instant motion pertains to a motion to dismiss based on Plaintiff's failure to meet the pleading requirements for filing a CLRA claim. This motion does not concern whether class treatment is appropriate. As such, the proper inquiry at this stage is whether Plaintiff has properly

pled reliance on the alleged misrepresentation, not how to prove reliance by a purported class. As stated by the Court in *Cattie v. Wal-Mart Stores, Inc.* , "California requires a plaintiff suing under the CLRA for misrepresentations in connection with a sale to plead and prove she relied on a material misrepresentation." 504 F. Supp. 2d 939, 946 (S.D. Cal. 2007) (citing *Caro v. Procter & Gamble Co.*, 18 Cal. App. 4th 644, 668 (1993)). Plaintiff has not alleged such reliance on the part of himself or the purported class members.

## CONCLUSION

For all the reasons stated above and in Home Depot's opening brief, Home Depot respectfully requests that its Motion to Dismiss be granted.

Respectfully submitted,

DATED: March 10, 2008

KIRKLAND & ELLIS LLP

/s/Mark T. Cramer
Martin R. Boles (S.B.N. 124159)
Mark T. Cramer (S.B.N. 198952)
Linda Bassett (S.B.N. 250279)

Attorneys for Defendant
HOME DEPOT, INC.

# CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing **DEFENDANT HOME DEPOT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REPLY TO ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)** with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record:

Patrick N. Keegan, Esq.
pkeegan@kmb-law.com
Brent Jex, Esq.
KEEGAN & BAKER, LLP
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Phone: (858) 552-6750
Fax : (858) 552-6749

Executed March 10, 2008, at Los Angeles, California.

*/s/* Mark Cramer
Attorney for Defendant,
Home Depot U.S.A., Inc.
E-mail: mcramer@kirkland.com