Martin R. Boles (S.B.N. 124159)
mboles@kirkland.com
Mark T. Cramer (S.B.N. 198952)
mcramer@kirkland.com
Linda Bassett (S.B.N. 250279)
lbassett@kirkland.com
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STANFORD, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 07-CV-2193 LAB (WMC)<br><br>**Class Action**<br><br>**DECLARATION OF BRIAN KORHUMMEL IN SUPPORT OF DEFENDANT HOME DEPOT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>HONORABLE LARRY A. BURNS<br>COURTROOM: 9<br>HEARING DATE: March 17, 2008<br>TIME: 10:30 a.m. |

I, Brian Korhummel, hereby declare:

1. I am one of the managers of the Home Depot U.S.A., Inc. Store located at 4255 Genesee in San Diego, California ("the Home Depot Genesee Store"). I make this declaration in support of Home Depot's Reply In Support of Its Motion to Dismiss under Rule 12(b)(6). I have personal knowledge of the facts set forth below, and could testify to them if called to do so.

2. As a manager of the Home Depot Genesee Store, I have access to the Special Services Invoices for customers of this store, as they are maintained in the ordinary course of Home Depot's business. When an employee accesses our computer system to reprint a Special Services Invoice that was generated for a previous customer purchase, the reprinted invoice shows the total amount the customer was actually charged and actually paid as of the date of the reprint. If there were no changes to the total purchase price, then the amount reflected on the reprint invoice would be the same as the price on the original invoice the customer received in the store. On the other hand, if the customer received any refunds, discounts or credits related to his order purchase after the original invoice was generated (and before the reprint invoice was generated), then the reprint invoice would reflect the adjusted purchase price taking into account the amount of the refund, discount, or credit. In other words, the reprint invoice will not always show the amount the customer was originally charged at the point of sale; the reprint invoice will show the amount the customer actually paid as of the date the reprint invoice is generated.

3. I have looked at the Special Services Invoice for Richard Stanford, attached as Exhibit B to Home Depot's Request for Judicial Notice in Support of Its Motion to Dismiss. Exhibit B is a true and correct copy of the Special Services Invoice that is presently in our computer system for Richard Stanford.

4. On March 7, 2008, at the request of Home Depot's counsel, Mark Cramer, I accessed the computer system for the Home Depot Genesee Store to investigate why the Special Services Invoice attached to Plaintiff's Opposition to

Home Depot's Motion to Dismiss differs from the Special Services Invoice in our computer system. As a manager, I am able to look through the history of orders for the Home Depot Genesee Store. In looking at the history of Richard Stanford's May 29, 2007 order for a water heater and related services, I learned that on May 30, 2007, one day after his initial order, Richard Stanford's order was marked down by $19.00. The notes accompanying this markdown state that the customer said that the permit fee was overcharged by $19.00, because, according to him, San Diego only charges $93 for permits. True and accurate copies of these order notes are attached as Exhibit 1 hereto.

5. Attached as Exhibit 2 to this declaration is a true and accurate copy of the payment history for Richard Stanford's May 29, 2007 order, as it is maintained within Home Depot's normal course of business. The payment history reflects that on May 30, 2007, the day after his order, Richard Stanford's American Express card was credited $19.00.

6. It is the usual practice of Home Depot not to include the order and payment history in reprints of Special Services Invoices. When there is a markdown or refund on an order, the only change in the Special Services Invoice will be the total amount ultimately paid by the customer. As such the reprint of Richard Stanford's Special Services Invoice, attached as Exhibit B to Home Depot's Request for Judicial Notice, accurately reflects that Richard Stanford ultimately paid $816.01 for the water heater and related services.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 10, 2008, at San Deigo, California.

BRIAN KORHUMMEL

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing **DECLARATION OF BRIAN KORHUMMEL IN SUPPORT OF DEFENDANT HOME DEPOT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing with to the following attorney of record:

Patrick N. Keegan, Esq.
pkeegan@kmb-law.com
Brent Jex, Esq.
KEEGAN & BAKER, LLP
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Phone: (858) 552-6750
Fax : (858) 552-6749

Executed March 10, 2008, at Los Angeles, California.

/s/ Mark Cramer
Attorney for Defendant,
Home Depot U.S.A., Inc.
E-mail: mcramer@kirkland.com