Martin R. Boles (S.B.N. 124159)
mboles@kirkland.com
Mark T. Cramer (S.B.N. 198952)
mcramer@kirkland.com
Linda Bassett (S.B.N. 250279)
lbassett@kirkland.com
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STANFORD, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 07-CV-2193 LAB (WMC)<br><br>**Class Action**<br><br>**DECLARATION OF MARK T. CRAMER IN SUPPORT OF DEFENDANT HOME DEPOT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>HONORABLE LARRY A. BURNS<br>COURTROOM: 9<br>HEARING DATE: March 17, 2008<br>TIME: 10:30 a.m. |

I, Mark T. Cramer, hereby declare:

1. I am an attorney of law licensed to practice in the State of California. I am a partner with the law firm of Kirkland & Ellis, LLP, counsel to Home Depot U.S.A., Inc. ("Home Depot") in this action. I make this declaration in support of Home Depot's Reply to Its Motion to Dismiss the First Amended Complaint. I have personal knowledge of the following facts, and if called upon as a witness, I could and would competently testify to the matters stated herein.

2. On November 19, 2007, I had a telephone conversation with Patrick Keegan, counsel of record for Plaintiff Richard Stanford in the above-titled action. I called Mr. Keegan to inform him that, contrary to the allegations in the original complaint, a permit had been issued for the water heater installed at Plaintiff's home. Mr. Keegan stated that he had previously contacted the City of San Diego, but that they had not been able to locate a copy of the permit. I told him that the copy of the permit I had obtained did not have the Plaintiff's name on it, but it had Plaintiff's home address and the name of the contractor who had applied for the permit. I also told Mr. Keegan the date the permit indicated that it had been issued, which pre-dated the filing of the lawsuit. Mr. Keegan said he would get back in touch with the City of San Diego and would "look into it." He did not ask me to send him a copy of the permit. If he had, I would have immediately faxed or emailed him a copy. My goal in calling Mr. Keegan was to resolve any disputes about the permit as efficiently as possible.

3. On February 7, 2008, Mr. Keegan and I spoke as part of the required conference of counsel to finalize the Joint Report of Counsel Pursuant to Fed. R. Civ. P. 26 ("Joint Rule 26 Report") the parties needed to file with the Court. During that conversation, Mr. Keegan informed me that he believed the Special Services Invoice attached as Exhibit B to Home Depot's Request for Judicial Notice in Support of Its Motion to Dismiss was different than the copy that Richard Stanford had received when he purchased his water heater. Mr. Keegan said he believed that Home Depot

had falsified the document filed in support of its Motion to Dismiss and may have perjured itself. I informed Mr. Keegan that the Special Services Invoice filed in support of Home Depot's Motion to Dismiss was generated from its computer system as the documents are maintained in the ordinary course of business and that I had every reason to believe it was an accurate reprint. I asked Mr. Keegan to send me a copy of the Special Services Invoice that Mr. Stanford had received, as well as any documents (like a credit card bill) that would show what Mr. Stanford actually paid for the water heater, so that we could sort out the alleged discrepancy. Mr. Keegan agreed to send me these documents, though he indicated he did not want to engage in unilateral discovery. I responded that it wouldn't be unilateral discovery because Mr. Keegan already had a copy of the invoice from Home Depot's files, but I did not have a copy of the invoice from Mr. Stanford's files. My objective was to resolve any issues regarding an alleged overcharge efficiently without burdening the Court.

4. Shortly after we ended our February 7, 2008 telephone conversation, we sent Mr. Keegan a revised draft of the Joint Rule 26 Report, which included a reference to Plaintiff's agreement to provide us with a copy of his invoice and documents evidencing the amount he actually paid for his water heater. Specifically, in the section where Home Depot laid out its position with respect to the discovery plan, Home Depot noted, "Plaintiff has agreed to produce a copy of his invoice and related documents evidencing the amount he paid for his water heater purchase, installation, and permit fee." But before we filed the Joint Rule 26 Report with the Court, Mr. Keegan deleted the reference from the draft memorializing his agreement to provide us with those documents.

5. I sent Mr. Keegan an e-mail asking him to explain why he had changed the revised draft of the Joint Rule 26 Report:

> Patrick,
>
> Why did you delete the reference we included that you agreed to produce a copy of Plaintiff's invoice and proof of what he actually paid? When we talked earlier this evening, you agreed to provide that to us. I don't

> understand why you're deleting it now. Also, the assertion you added to the report that the exchange of information on this issue is somehow one-sided is not accurate. You already have a copy of Mr. Stanford's invoice from Home Depot's files because we attached it to our motion. On the other hand, you didn't attach a copy of Mr. Stanford's invoice to your complaint and we haven't seen a copy of the document that he has in his possession. That's what we discussed earlier and you agreed to send me a copy of the invoice and proof of the amount Mr. Stanford actually paid in order to show whether he was overcharged. Are you changing your position? . . . .

*See* Ex. A.

6. In his response, Mr. Keegan back-tracked on his agreement to provide me with a copy of Plaintiff's Special Services invoice and credit card receipt. In addition to continuing to allege that Home Depot had "falsely states [the amount] charged," Mr. Keegan inaccurately claimed that I had refused to make a mutual exchange of documents. *See* Ex. B.

7. Surprised by his email, and concerned that we would not reach an agreement before the deadline passed for filing the Joint Rule 26 Report, I e-mailed Mr. Keegan promptly, stating,

> Patrick,
>
> I agreed to work with you to resolve any discrepancies with respect to the invoice. You have the copy of the invoice from our files and you agreed to provide us with the copy from your client. I haven't refused to a "mutual exchange" of documents. I've refused to engage in full blown initial disclosures and discovery while our motion is pending. Having said that, I'm willing to cooperate with you (including exchanging limited and focused types of documents) to get to the bottom of your overcharge claim. Are you reneging on your agreement to send us a copy of Mr. Stanford's invoice and proof of the amount he paid? I don't understand your reluctance to provide that to us. You could have sent us the document in less time than we've spent having this email exchange . . . .

*See* Ex. C.

Additionally, I left a voicemail for Mr. Keegan asking him to call me so that we could resolve the issue before the filing deadline for the Joint Rule 26 Report passed. Mr. Keegan did not respond. As such, Home Depot was forced to file the draft of the Joint Rule 26 Report that Mr. Keegan edited and signed, despite disagreeing with

some of his characterizations of the facts.

8. After filing the Joint Rule 26 Report, I sent Mr. Keegan a final e-mail stating,

> Patrick,
>
> I'm at a loss. When we talked earlier tonight, you agreed to provide your client's copy of his invoice, as well as evidence of the amount he actually paid for his water heater, installation, and permit (such as a credit card receipt). You didn't make that promise on the condition that Home Depot provide some sort of discovery in return. Indeed, we discussed how you already had a copy of the invoice from Home Depot's files because it was attached to Home Depot's moving papers. Moreover, you didn't identify or request any additional documentation you needed from Home Depot in order to verify the amount that your client was charged and actually paid for the transaction at issue in this case.
>
> You've made very serious allegations against Home Depot today, going so far as to accuse the company of "perjuring itself" and "falsifying" the invoice document it submitted with its motion to dismiss. I do not take those allegations lightly, which is why I asked you to send me your client's copy of the invoice as soon as possible to see how, if at all, the two invoices differ. You agreed to provide that information when we talked, but at some point between our conversation and the deadline for filing the joint report, you seem to have changed your mind. You didn't respond to my voicemail or my email below before the filing deadline passed, so we went ahead and filed the version of the joint report you previously signed, despite the fact that that version includes a change you made to *Home Depot's* portion of the joint report and despite the fact that the sentence you deleted from Home Depot's section was accurate.
>
> You and I should talk tomorrow. I hope what happened today is an isolated occurrence and not your standard practice.

*See* Ex. D.

9. Mr. Keegan never responded. The first time I saw Richard Stanford's copy of the Special Services Invoice was when it was filed as Exhibit A to Plaintiff's Opposition to Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6).

10. Attached as Exhibits A through D are true and correct copies of the email correspondence that took place on February 7-8, 2008, and set forth above.

///

///

///

///

11. Attached as Exhibit E is a true and correct copy of a letter sent by Patrick Keegan to Home Depot on July 2, 2007, alleging that Home Depot violated the Consumer Legal Remedies Act by failing to obtain permits. I received the attached copy of this letter from Mr. Keegan on February 8, 2008.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 10, 2008, at Los Angeles, California.

/s/ Mark Cramer
Mark Cramer

# CERTIFICATE OF SERVICE

I hereby certify that I have electronically re-filed the foregoing **DECLARATION OF MARK T. CRAMER IN SUPPORT OF DEFENDANT HOME DEPOT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing with to the following attorney of record:

Patrick N. Keegan, Esq.
pkeegan@kmb-law.com
Brent Jex, Esq.
KEEGAN & BAKER, LLP
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Phone: (858) 552-6750
Fax : (858) 552-6749

Executed March 12, 2008, at Los Angeles, California.

/s/ Mark Cramer
Attorney for Defendant,
Home Depot U.S.A., Inc.
E-mail: mcramer@kirkland.com