# Exhibit E

KEEGAN & BAKER, LLP
A LIMITED LIABILITY PARTNERSHIP
4370 LA JOLLA VILLAGE DRIVE • SUITE 640
SAN DIEGO, CALIFORNIA 92122
telephone – 858.552.6750
facsimile – 858.552.6749

July 2, 2007

**VIA CERTIFIED MAIL,**
**RETURN RECEIPT REQUESTED**

| | |
|---|---|
| Home Depot U.S.A., Inc.<br>4255 Genesee Avenue<br>San Diego, CA 92117 | Home Depot U.S.A., Inc.<br>2455 Paces Ferry Road<br>Atlanta, GA 30339 |

Dear Sir or Madam:

This letter is sent on behalf of Richard Stanford in satisfaction of the requirements set forth in California Civil Code § 1782.

Home Depot U.S.A., Inc. (hereinafter "Home Depot") is a "person" within the meaning of Civil Code §§ 1761(c) and 1770, and offered and provided hot water heaters, which are "goods" within the meaning of California Civil Code §§ 1761(a) and 1770.

As purchasers of hot water heaters and permits at the Home Depot located on 4255 Genesee Avenue, Richard Stanford, and others similarly situated, are "consumers" within the meaning of Civil Code §§ 1761(d), 1780, and 1781. Furthermore, each payment for a hot water heater and permit by Richard Stanford, and others similarly situated, constitutes a "transaction" within the meaning of Civil Code §§ 1761(e) and 1780.

As set forth below, Home Depot's acts, practices, representations, omissions, and course of conduct with respect to the promotion and sale of hot water heaters and permits violates the Consumers Legal Remedies Act, Civil Code §1750, *et seq.*, in that: (a) Home Depot passed off its services as those of another in violation of Civil Code §1770(a)(1); (b) Home Depot misrepresented the affiliation, connection, or association with, or certification by, another in violation of Civil Code §1770(a)(3); (c) Home Depot represented that its services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have in violation of Civil Code §1770(a)(5); (d) Home Depot represented that its services are of a particular standard, quality, or grade when they are of another in violation of Civil Code §1770(a)(7); (e) and Home Depot advertised its services with intent not to sell them as advertised in violation of Civil Code §1770(a)(9).

Specifically, Home Depot sold hot water heaters to Richard Stanford, and other similarly situated consumers, bundled with an additional charge for obtaining any necessary permits from the City of San Diego for the installation of the hot water heaters in the consumers' home. However, despite charging an additional fee for obtaining any necessary permits, Home Depot never actually obtained any such permits and, instead, kept the additional charge.

As a result of the conduct described above, Home Depot has been and continues to be unjustly enriched at the expense of Richard Stanford, and others similarly situated. Specifically, Home Depot has received and retained many thousands of dollars in excess profits earned from the charging of an additional fee to obtain licenses that were never actually obtained.

Accordingly and pursuant to California Civil Code § 1780(a), Richard Stanford demands that Home Depot correct, repair, replace, or otherwise rectify the services alleged to be in violation of California Civil Code § 1770(a) above within 30 days of receipt of this letter, by (1) identifying and refunding all fees paid by Richard Stanford, and others similarly situated, for obtaining licenses that were never actually obtained ; (2) stopping the business practice of charging an additional fee to obtain licenses that are never actually obtained (3) creating a policy to timely refund all additional charges for licenses that are never obtained, when they do occur; (4) publicizing a corrective notice of these wrongful practices and the corrective action taken to stop these wrongful practices to all of your customers; and (5) paying Richard Stanford's attorneys' fees and costs of litigation pursuant to California Civil Code § 1780(d).

Thank you for your immediate attention to this matter. I look forward to your response.

Very truly yours,

Brent Jex
for KEEGAN & BAKER, LLP