Patrick N. Keegan, Esq. (SBN: 167698)
Brent Jex, Esq. (SBN: 235261)
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, California 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749

Attorneys for Representative Plaintiff
RICHARD STANFORD

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD STANFORD, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation;<br><br>Defendant.<br>______________________________________ | ) Case No. 07-CV-2193 LAB (WMC)<br>) CLASS ACTION<br>) Assigned to: The Hon. Larry A. Burns<br>)<br>) **DECLARATION OF PATRICK N. KEEGAN IN SUPPORT OF SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br>)<br>) Date: March 17, 2008<br>) Time: 10:30 a.m.<br>) Place: Courtroom 9 |

I, Patrick N. Keegan, declare as follows:

1. I am an attorney at law duly authorized to practice law in the State of California. I am a member of the law firm of Keegan & Baker, LLP, counsel for Plaintiff Richard Stanford herein. I have personal knowledge of the following facts and if called upon as a witness I could and would competently testify to the matters stated herein.

2. This declaration is made in support of Plaintiff Richard Stanford's opposition to Defendant Home Depot U.S.A., Inc.'s motion to dismiss.

3. On Monday, November 19, 2007, I had a telephone conversation with Mark T. Cramer, Esq., Kirkland & Ellis LLP, counsel of record for Defendant Home Depot U.S.A., Inc. ("Home Depot"), regarding the above-entitled action. During our telephone conversation, I told Mr. Cramer that Plaintiff Richard Stanford had not yet received notice

that a San Diego municipal permit had been issued for the installation of his hot water heater installed in his residence, and therefore no inspection of the installation by the city had occurred. Mr. Cramer stated that he had been told that such a permit had been issued, but that he was unclear as to exactly when. I asked Mr. Cramer to provide me with a copy of any such permit issued and Mr. Cramer told me that he would provide me with a copy. Notwithstanding Mr. Cramer's promise to provide me with a copy of any issued permit, neither I nor my firm nor Plaintiff Richard Stanford ever received a copy of a permit for the installation of Plaintiff's hot water heater installed in his residence. Instead, I was served with "Status Report", which purports that a "Plumbing Permit" was issued on "09/13/2007", more than 105 days after the installation of Plaintiff's gas water heater in his residence, with Home Depot's instant motion papers on January 7, 2008.

4. In fact, the date of the "Status Report" submitted by Home Depot (Exhibit A, p. 4) is "12/20/07 2:20 pm". Clearly, Home Depot did know when or if such permit had been issued until December 20, 2007, after Plaintiff's complaint and first amended compliant were filed. Moreover, as set forth in the Plaintiff's accompanying declaration, the Defendant, the Home Depot store, and the City of San Diego has never provided a copy of an issued permit or provided notification of the issuance of the permit. As a result, the authenticity "Status Report" is in question without supporting testimony by a City of San Diego employee with the requisite personal knowledge. Indeed, given the fact that Home Depot has now concede in its reply brief that a receipt which Home Depot's counsel declared under the penalty of perjury was Plaintiff's original invoice that lacked the $19.00 overcharge was, in fact, not a truthful document, and "Defendant now withdraws its contention that Plaintiff's *orginial* invoice lacked the $19 charge" (Def. Reply at p. 3), Defendant's prior calls into doubt the authenticity of *any* document submitted by Defendant as supporting evidence, and especially when Plaintiff is precluded from conducting discovery on the authenticity of such a document.

5. Moreover, the "Status Report" demonstrates on its face that the Plaintiff has

been injured by the unreasonable delay in the issuance of the permit. Specifically, the "Status Report" claims that a "Plumbing Permit" was issued on "09/13/2007", more than 105 days after the installation of his hot water heater. The "Status Report" sets forth an "Inspection Plan" that requires that three (3) inspection be completed ("Combination - Underground P[lumbing]"; "Combination - Rough Plumbl[ing]"; and "Combination - Final") in order for the project to be legally completed. Clearly, Plaintiff has been injured by the fact that the permit was not issued and the pre-installation inspections were not complete before his hot water heater was installed.

6. On July 2, 2007, I sent a letter to Home Depot U.S.A., Inc. As satisfaction of the requirements set forth in California Civil Code Section 1782. Attached hereto as Exhibit 1 is a true and correct copy of the letter and copies of the return receipt signed on behalf of Home Depot U.S.A., Inc. (hereinafter Home Depot). On October 12, 2007, Plaintiff filed a Complaint in San Diego Superior Court. On November 16, 2007, Defendants filed a notice of removal.

7. On December 17, 2007, Plaintiff filed a First Amended Complaint. On January 7, 2008, my assistant Stacy Johnson faxed a copy of the July 2, 2007 letter to Linda Bassett, Esq. On February 8, 2008, my assistant faxed a copy of the July 2, 2007 letter and a copy of the January 7, 2008 fax confirmation to Mark T. Cramer, Esq.

8. On February 7, 2008, the parties filed the Joint Report of Counsel pursuant to Federal Rule Civil Procedure 26(f). Plaintiff proposed the following discovery plan. Plaintiff contends that discovery should be allowed if Defendant's motion to dismiss is converted to a summary judgment motion, based upon evidence outside the complaint solely in the possession of Defendant and beyond the control of Plaintiff. Therefore, Plaintiff contends that discovery preceding the conversion of Defendant's motion to dismiss should be allowed as o the merits of Plaintiff's individual claim, as issues raised by Defendant's motion to dismiss. Specific types of discovery that Plaintiff argues he should be entitled to are as follows:

- Depositions of several witnesses employed by Defendant and the City of San Diego pursuant to FRCP 30(b)(6).
- Interrogatories
- Document Production demands

In addition, Plaintiff believes that the parties should exchange the following categories of information along with their Initial Disclosures:

- All documents reflecting steps taken by Home Depot to obtain the required municipal permit related to the installation of the water heater in Plaintiff's residence.
- Names, address and telephone numbers of all members of the Class (since Plaintiff possesses a constitutionally protected right to communicate with the putative class members prior to class certification).
- Rates charged by Defendant for municipal water heater permits throughout California during the Class Period
- Regarding Defendant's water heater installation advertisements and website pages, all iterations of the postings and dates of iterations.
- Copies of any policies regarding water heater installation services and charges and/or municipal permit fees and the tables of contents of the manuals.
- Copies of any e-mail/document retention or destruction policy of Defendant.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct and this declaration is executed this 3rd day of March, 2008, in San Diego, California.

/s/ Patrick N. Keegan
Patrick N. Keegan, Esq.