Patrick N. Keegan, Esq. (SBN: 167698)
Brent Jex, Esq. (SBN: 235261)
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, California 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749

Attorneys for Representative Plaintiff
RICHARD STANFORD

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD STANFORD, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation;<br><br>Defendant.<br>_____________________________________ | Case No. 07-CV-2193 LAB (WMC)<br>CLASS ACTION<br>Assigned to: The Hon. Larry A. Burns<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**<br><br>Date: March 17, 2008<br>Time: 10:30 a.m.<br>Place: Courtroom 9 |

## I.
## INTRODUCTION

Plaintiff RICHARD STANFORD, individually and on behalf of all other persons similarly situated and on behalf of the general public, hereby submits this supplemental briefing pursuant to the Court's order dated April 8, 2008 and in opposition to Defendant HOME DEPOT U.S.A., INC.'s Motion To Dismiss First Amended Complaint.

## II.
## SUMMARY OF LAW REGARDING RULE 12(B)(6) MOTIONS

Although the Court stated in its Order Requiring Additional Briefing, dated April 8, 2008, that the Court intends to apply Rule 56 standards, Plaintiff asserts that Rule 12(b)(6) standards are more appropriately applied for ruling on a Rule 12(b)(6) motion, and that applying Rule 56 standards would deprive Plaintiff as nonmoving party of important procedural safeguards, as discussed below.

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). A complaint should not be dismissed unless a plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Ibid.*

In examining the claim's sufficiency, as opposed to its substantive merits, "a court may [typically] look only at the face of the complaint to decide a motion to dismiss. *Van Buskirk v. Cable News Network, Inc.,* 284 F.3d 977, 980 (9th Cir. 2002). However, under the "incorporation by reference" doctrine, a court may take into account documents "whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Knievel v. ESPN*, 393 F.3d 1069, 1076 (9th Cir. 2005).

/ / /

/ / /

/ / /

## III.
## DISCUSSION

### A. The U.S. Supreme Court Has Held That A Nonmoving Party To A Rule 56 Motion Is Entitled To An Opportunity To Discovery Information Essential To Its Opposition Before The Rule 56 Motion Is Decided.

The Court's Order Requiring Additional Briefing states the Court intends to apply Rule 56 standards to decide the Motion issues associated with the permitting of and charges for Plaintiff's hot water heater purchase forming the subject matter of this litigation. The problem with applying a Rule 56 standard is that Plaintiff has not had the opportunity to discover information essential to its opposition before this converted Rule 56 motion is decided, thereby effectively depriving Plaintiff of procedural rights under Rule 56(f) in seeking leave to conduct further discovery, or in this case, ***any*** discovery.

"Federal Rule of Civil Procedure 56(f) provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *Bulington Northern Santa Fe Railroad Co. v. The Assiniboine And Sioux Tribes Of The Fort Peck Reservation*, 323 F.3d 767 (9th Cir. 2003), citing *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). "Although Rule 56(f) facially gives judges the *discretion* to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as ***requiring***, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discovery information that is essential to its opposition.'" *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001)(emphasis added), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5. Rule 56 "ensures that adequate discovery will occur before summary judgment is considered." (*Ibid.*)

The Court in *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) considered the issue of whether California Code of Civil Procedure section 425.16, limiting discovery under California's anti-SLAPP statute, conflicted with Rule 56's requirement of ensuring that the non-moving party to a Rule 56 motion is given an opportunity discover information that is essential to its opposition. (*Id.* at p. 846.) The Court ultimately decided

that "the discovery-allowing aspects of Rule 56" trump the anti-SLAPP statute limiting discovery, and remanded the case to allow the nonmoving party an opportunity to discover information necessary to oppose the Rule 56 motion. (*Ibid.*)

Similarly, in *Bulington Northern Santa Fe Railroad Co. v. The Assiniboine And Sioux Tribes Of The Fort Peck Reservation*, 323 F.3d 767 (9th Cir. 2003), the 9th Circuit held it was "an abuse of discretion for the district court to decide the summary judgment motion before granting" the nonmoving party an opportunity to conduct discovery. (*Id.* at p. 774.) As stated by that Court, "where, as in the present litigation, no discovery whatsoever has taken place, the party making a Rule 56(f) motion [to conduct discovery] cannot be expected to frame its motion with great specificity as the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." (*Ibid.*) Indeed, where "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion [to conduct discovery] freely. (*Ibid.* at p. 773.)

Although Plaintiff asserts he has standing to bring this representative action because he suffered damage and Defendant now seeks to "pick-off" Plaintiff as Class representative in contravention of the holding in *Kagan v. Gibraltar Savings and Loan Assoc.,* 35 Cal.3d 582, 593, 595 (1984), Plaintiff is also entitled to an opportunity to conduct discovery on information essential to this opposition, which Plaintiff has not had an opportunity to do.

In deciding this motion under a Rule 56 motion, without affording Plaintiff as nonmoving party the procedural safeguards codified in Rule 56(f) and recognized by the U.S. Supreme Court, the Court is depriving Plaintiff of important procedural safeguards and due process rights. As such, the Court should either return to applying Rule 12(b)(6) standards in adjudicating this Rule 12(b)(6) motion, including construing allegations of material fact as true and construed in the light most favorable to the non-moving party (*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996), or continue the hearing on this motion 120 days to allow Plaintiff as nonmoving party the opportunity to conduct discovery essential to oppose this motion.

**B. Plaintiff Has Standing To Bring Representative Claims Because Defendant Cannot Avert Representative Actions By "Picking-Off" Prospective Class Representatives Unless Defendant Presents Evidence Of Classwide Relief, Which Defendant Has Failed To Produce.**

Defendant's argument that Plaintiff lacks standing to bring representative claims on behalf of similarly situated consumers because he has not suffered any damages or harm is meritless because, as alleged in the FAC, Plaintiff and Class members suffered damages by Defendant's failure to acquire permits for hot water heaters purchased by Plaintiff and Class members. Indeed, it was only ***after*** Defendant received Plaintiff's CLRA notice letter that Defendant allegedly took actions to acquire the necessary permits for Plaintiff's hot water heater. FAC ¶¶9, 19-21.

**1. Defendant Cannot "Pick-Off" The Class Representative By Taking Corrective Measures After Receiving The CLRA Notice Letter.**

Plaintiff's FAC alleges that they were harmed because Defendant, *inter alia*, failed to obtain municipal permits for which Defendant charged Plaintiff and Class members. FAC ¶¶21, 28, 33, 40, 45. Plaintiff sent by certified mail his CLRA demand letter to Defendant on July 2, 2007, and received no reply from Defendant. FAC ¶40. This fact is not contested by Defendant. According to records submitted by Defendant, the permit for Plaintiff's hot water heater was issued on September 13, 2007 - over two months **<u>after</u>** Plaintiff sent Defendant the CLRA demand letter, and Defendant seemingly became aware that Plaintiff was seeking relief for himself and for all others similarly situated. Defendant suspiciously attempts to obfuscate the issue by arguing a permit was obtained prior to the filing of Plaintiff's ***Complaint***, but this fact is completely irrelevant, since the proper inquiry is whether Defendant obtained Plaintiff's permit prior to receiving Plaintiff's CLRA notice letter - not the filing of the Complaint. Because Defendant only corrected its actions and obtained a permit ***after*** receiving Plaintiff's CLRA notice letter, Plaintiff has standing to bring this representative action on behalf of himself and all others similarly situated.

In *Kagan v. Gibraltar Savings and Loan Assoc.,* 35 Cal.3d 582, 593, 595 (1984), the plaintiff brought a class action alleging an improper $15.00 charge by the defendant bank from the plaintiff's bank account. **<u>After receiving the CLRA notice letter</u>**, the defendant

bank tried to pick-off the plaintiff and prospective class representative by reversing the allegedly unfair $15.00 charge and then arguing plaintiff suffered no damages. On appeal, *Kagan* held that a defendant is not able to avert a class action by "picking off" prospective plaintiffs one-by-one **upon receiving a CLRA notice letter**, unless the defendant corrects the violation as to all similarly situated consumers. *Kagan, supra,* 35 Cal.3d at pp. 593, 595.

The Court in *Kagan* discussed a similar situation in *La Sala v. American Sav. & Loan Assn.,* 5 Cal.3d 864 (1971). In that case, the Court held that a defendant's grant of individual relief to the named plaintiffs in a class action does not, in itself, render those plaintiffs unfit per se to represent the class. The defendant in *La Sala* had sought to avert a class action by waiving the acceleration clauses in deeds of trust executed by the named plaintiffs and defendant. The Court reasoned that:

> if other borrowers bring a class action, [defendant] may again waive as to those representative borrowers, and again move to dismiss the action. Such a procedure could be followed ad infinitum for each successive group of representative plaintiffs. If defendant is permitted to succeed with such revolving door tactics, only members of the class who can afford to initiate or join litigation will obtain redress; relief for even a portion of the class would compel innumerable appearances by individual plaintiffs. yet the function of the class action is to avoid the imposition of such burdens upon the class and upon the court. [Citation.] If we sanction [defendant's] tactic defendants can always defeat a class action by the kind of special treatment accorded plaintiffs here and thus deprive other members of the class of the benefits of the litigation and any notice of opportunity to enter into it.

*La Sala*, supra, 5 Cal.3d at p. 873.

Here, Home Depot has attempted to "pick-off" the class representative by employing the exact same tactics as employed by the defendant in *Kagan* and *La Sala*. According to Defendant, Home Depot's subcontractor obtained Plaintiff's permit on September 13, 2007, nearly *four months* after Plaintiff purchased this service, and more than *two months* after Plaintiff sent Defendant his CLRA notice letter. Defendant now argues that Plaintiff cannot maintain this action because, since he obtained his permit, he suffered no damages or harm. This is *exactly* the same argument asserted by the defendant and rejected in both *Kagan* and *La Sala*, and it should similarly be denied. Home Depot does not argue, and has failed to offer any evidence, that its failure to issue a permit prior to receiving a CLRA notice letter

is an isolated instance. Defendant's corrective actions in obtaining Plaintiff's permit - undertaken only after receiving Plaintiff's CLRA notice letter - is not a proper basis to deny Plaintiff the opportunity to represent other similarly situated Class members who have not sent Defendant a CLRA notice letter, and therefore have not received their permits.

Because Defendant fails to offer any evidence that it granted the same relief on a Class-wide basis as Defendant offered to Plaintiff ***after*** receiving Plaintiff's CLRA notice letter, the Court should find Plaintiff has standing to bring this representative action and deny Defendant's motion to dismiss.

**2. Notwithstanding the Fact That Plaintiff Does Not Concede That a Permit Has Been Issued Given That the Questionable Authenticity of Defendant's "Status Report," Plaintiff Standing to Assert UCL and CLRA Claims for Relief.**

Published cases interpreting Proposition 64 have held, either explicitly or implicitly, that to have the requisite standing under the UCL, the plaintiff must have spent money, lost money or property, or been denied money to which he or she was entitled, *due to* unfair business practices or false advertising. *Overstock.com, Inc. v. Gradient Analytics, Inc.* (2007) 151 Cal.App.4th 688, 716, 61 Cal.Rptr.3d 29 (standing found where plaintiff pled unlawful action resulted in diminution in assets' value); *Aron v. U-Haul Co. of California* (2006) 143 Cal.App.4th 796, 802-803 (standing found where plaintiff alleged he suffered economic loss as the result of defendants' requirement he purchase excess fuel where there was no accurate measuring device to determine the actual amount required to return the truck at its rental fuel level); see also *Southern Cal. Housing v. Los Feliz Towers Homeow.* (C.D.Cal.2005) 426 F.Supp.2d 1061, 1069 (standing found where plaintiff alleged it lost financial resources and diversion of staff from other cases to investigate claim); see *R & B Auto Center, Inc. v. Farmers Group, Inc.* (2006) 140 Cal.App.4th 327, 359-360 (standing found where plaintiff alleged it paid premiums and losses because of misrepresentations). Similarly, the CLRA employs the same "as a result of" language. "To have standing to assert a claim under the CLRA, a plaintiff must have 'suffer[ed] any damage as a result of the ... practice declared to be unlawful.' " *Aron v. U-Haul Co. of California, supra,* 143 Cal.App.4th at pp. 802-803,

citing Civ.Code, § 1780(a).

It is now uncontested that Plaintiff in fact has overcharged for his permit, which established his standing to assert UCL and CLRA claims. The fact that Home Depot *admitted* to the overcharge and *refunded* the amount of the overcharge constitutes an admission of fault, and a basis for Court to impose injunctive relief on behalf of the class in the form of requiring Home Depot to issue permits to all such hot water heater purchasers. Here, Plaintiff has also pled in his first amended complaint and declared in accompanying declaration that he relied upon Home Depot's standardized advertisements prior to making his purchase. (See, FAC ¶8.) Therefore, Plaintiff has standing to assert claims for relief under the UCL and CLRA for false advertising.

Furthermore, as set forth in Patrick Keegan's accompanying declaration (Suppl. Keegan Decl. at ¶¶3-5), on November 19, 2007, Plaintiff's counsel informed Home depot's counsel that Plaintiff was injured because he had not yet received notice that a San Diego municipal permit had been issued for the installation of his hot water heater installed in his residence, and therefore no inspection of the installation by the city had occurred. Home Depot's counsel stated that he had been told that such a permit had been issued, but that he was unclear as to exactly when. Plaintiff's counsel asked for a copy of any such permit issued and he promised to provide a copy of any issued permit. Notwithstanding Home Depot's counsel's promise to provide Plaintiff's counsel with a copy of any issued permit, neither Plaintiff's counsel nor Plaintiff ever received a copy of a permit for the installation of Plaintiff's hot water heater installed in his residence. Instead, Home Depot served a copy of an alleged "Status Report", which purports that a "Plumbing Permit" was issued on "09/13/2007", more than 105 days after the installation of Plaintiff's gas water heater in his residence, with Home Depot's instant motion papers on January 7, 2008. (Exhibit A, p. 4.) In fact, the date of the "Status Report" submitted by Home Depot is "12/20/07 2:20 pm". Clearly, Home Depot did know when or if such permit had been issued until December 20, 2007, after Plaintiff's complaint and first amended compliant were filed.

Moreover, as set forth in the Plaintiff's accompanying declaration (Suppl. Stanford

Decl. at ¶¶2-4), the Defendant, the Home Depot store, and the City of San Diego has never provided a copy of an issued permit or provided notification of the issuance of the permit. As a result, the authenticity "Status Report" is in question without supporting testimony by a City of San Diego employee with the requisite personal knowledge. Indeed, given the fact that Home Depot has now concede in its reply brief that a receipt which Home Depot's counsel declared under the penalty of perjury was Plaintiff's original invoice that lacked the $19.00 overcharge was, in fact, not a truthful document, and "Defendant now withdraws its contention that Plaintiff's *original* invoice lacked the $19 charge" (Def. Reply at p. 3), Defendant's prior calls into doubt the authenticity of *any* document submitted by Defendant as supporting evidence, and especially when Plaintiff is precluded from conducting discovery on the authenticity of such a document.

Furthermore, the "Status Report" demonstrates on its face that the Plaintiff has been injured and continues to be injured by the unreasonable delay in the issuance of the permit. Specifically, the "Status Report" claims that a "Plumbing Permit" was issued on "09/13/2007", more than 105 days after the installation of his hot water heater. The "Status Report" sets forth an "Inspection Plan" that requires that three (3) inspection be completed ("Combination - Underground P[lumbing]"; "Combination - Rough Plumbl[ing]"; and "Combination - Final") in order for the project to be "legally completed." Clearly, Plaintiff has been injured by the fact that no notice was given that any permit for the removal and replacement of a gas water heater at Plaintiff's residence had been issued, none of the three (3) inspections have been completed, and Plaintiff's "project is not legally completed until its passes the final inspection." (See Def. Exhibit C, p. 10.)

**C. Even Assuming The Court Does Not Follow *Kagan*, The Court Must Permit Plaintiff The Opportunity To Discover Information Essential To Its Opposition Before Deciding The Rule 56 Motion.**

On February 7, 2008, the parties filed the Joint Report of Counsel pursuant to Federal Rule Civil Procedure 26(f). Plaintiff proposed the following discovery plan which Plaintiff contends should be permitted if Defendant's motion to dismiss is converted to a summary judgment motion, based upon evidence outside the complaint solely in the possession of

Defendant and beyond the control of Plaintiff. Specifically, Plaintiff contends that discovery should be allowed as to the merits of Plaintiff's individual claim and issues raised by Defendant's motion to dismiss prior to the conversion of Defendant's motion to dismiss. Specific types of discovery that Plaintiff argues he should be entitled to conduct are as follows:

- Depositions of several witnesses employed by Defendant and the City of San Diego pursuant to FRCP 30(b)(6).
- Interrogatories
- Document Production demands

In addition, Plaintiff contends that the Court should order that the parties exchange the following categories of information along with their Initial Disclosures prior to the conversion of Defendant's motion to dismiss:

- All documents reflecting steps taken by Home Depot to obtain the required municipal permit related to the installation of the water heater in Plaintiff's residence.
- Names, address and telephone numbers of all members of the Class (since Plaintiff possesses a constitutionally protected right to communicate with the putative class members prior to class certification).
- Rates charged by Defendant for municipal water heater permits throughout California during the Class Period
- Regarding Defendant's water heater installation advertisements and website pages, all iterations of the postings and dates of iterations.
- Copies of any policies regarding water heater installation services and charges and/or municipal permit fees and the tables of contents of the manuals.
- Copies of any e-mail/document retention or destruction policy of Defendant.

**D. Plaintiff Gave Sufficient and Timely Pre-filing Notice to Home Depot to State a Claim for Damages under the CLRA.**

Section 1782 sets out procedures for preliminary notice and demands and affords defenses based on rectifications of the goods or services in violation of the CLRA, the CLRA does not specify any penalty for the failure to comply with the registered or certified mail provision of the notice requirement. And the provisions of § 1782(a), requiring notice 30 days before commencement of an action for damages, and the requirement that such notice be by certified or registered mail with a return receipt.

In its reply, Defendant Home Depot argues that Plaintiff's pre-filing notice is insufficient to state a claim under the CLRA. In support of its argument, Defendant relies upon *Von Grabe v. Print PCS*,312 F. Supp.2d 1285, 1303-04 (S.D. Cal. 2003). *Von Grabe*

is inapposite. In *Von Grabe*, the correspondence, which Plaintiff argues is sufficient under the CLRA, was not timely, was not delivered by certified mail, and made no mention of § 1770 or any specific violations thereof. By contrast, Plaintiff's letter was more than 30 days prior to the filing of his original complaint (a fact that Home Depot does not deny), was delivered by certified mail to both the store where the Plaintiff made his purchase and the agent of service of process of Defendant, and makes specific reference to the subparagraphs of § 1770 which are alleged to be violated. (Suppl. Keegan Decl. at ¶¶6-7.) Plaintiff's addition of other factual basis for such violations, such as the failure to provide permits in reasonable time and overcharging for the amount of such permits, does not require additional notification.

Moreover, Defendant's argument fails to recognize that § 1782(d) authorizes the filing of an action for injunctive relief *without* first providing notice to the vendor, the statute further directs that such an action may not be converted into an action for damages unless the consumer first complies with the notice provisions of § 1782(a). Even if the Court dismissed Plaintiff's claim for damages, Plaintiff's claim for injunctive relief would survive, pursuant to § 1782(d).

## IV.
## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss. Since "courts have permitted plaintiffs who have been determined to lack standing, or who have lost standing after the complaint was filed, to substitute as plaintiffs the true real parties in interest. [Citations.]", *Branick v. Downey Savings & Loan Assn.,* 39 Cal.4th 235, 243 (2006), Plaintiff requests leave to amend substitute class members as real parties in interest should the Court find Plaintiff to lack standing.

Dated: April 21, 2008

KEEGAN & BAKER, LLP

s/Patrick N. Keegan
Patrick N. Keegan, Esq.
Attorneys for Representative Plaintiff
RICHARD STANFORD