# Exhibit 2

Patrick N. Keegan (S.B.N. 167698)
Brent Jex (S.B.N. 235261)
KEEGAN & BAKER, LLP
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749

Counsel for Plaintiff
RICHARD STANFORD

Martin R. Boles (S.B.N. 124159)
Mark T. Cramer (S.B.N. 198952)
Linda Bassett (S.B.N. 250279)
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Counsel for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STANFORD, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 07-CV-2193 (LAB)(WMC)<br><br>**Class Action**<br><br>**JOINT REPORT OF COUNSEL PURSUANT TO FED. R. CIV. P. 26(f)**<br><br>HONORABLE LARRY A. BURNS<br>COURTROOM: 9<br>HEARING DATE: TBD<br>TIME: TBD |

Pursuant to Federal Rule of Civil Procedure 26(f), on February 7, 2008, counsel for Individual and Representative Plaintiff Richard Stanford and Defendant Home Depot U.S.A., Inc. met and conferred by telephone, to discuss the nature of their claims and defenses, a proposed discovery plan, Defendant's pending motion to dismiss, and other topics outlined in Rule 26(f).

## I. PLAINTIFF'S STATEMENT OF THE CASE

This is a class action for damages, equitable and/or injunctive relief on behalf of a class of all California residents who paid Defendant Home Depot U.S.A., Inc. (hereinafter "Defendant" or "Home Depot") monies for a bundled package of goods and services, including but not limited to a "permit fee", that was suppose to include both the purchase, delivery and installation of a hot water heater, ***and*** any and all "required" municipal permits relating to the installation of the hot water heater in the class members' residences, but actually did not include the municipal permit. In addition, Home Depot also overcharges its customers for the "permit fee" by charging an undisclosed, amount over and above what is charged by the municipal governments for the "permit fee". Specifically, the First Amended Class Action Complaint for Damages and Injunctive Relief alleges claims for relief for: (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith & Fair Dealing; (3) Deceptive Trade Practices in Violation of California Civil Code §§ 1750 *et . seq.* (Consumers Legal Remedies Act); and (4) Unlawful, Fraudulent and Unfair Business Acts and Practices in Violation of California Business & Professions Code §§ 17200, *et seq.* Plaintiff seeks to represent a plaintiff class defined as "All persons in California who purchased hot water heaters from defendant Home Depot U.S.A., Inc. for delivery and installation and paid a municipal permit fee ("the Class") from October 15, 2003 to the date of trial (the "Class Period")." Defendant sells water heaters and, at the same time, offers a bundled package of services to customers for an additional fee, including a "permit fee."

As alleged more fully in the First Amended Complaint, the permit fee is

suppose to include all required municipal permits related to the installation of the water heater in the customer's residences, but Defendant does not take any steps to obtain the municipal permit. Defendant also overcharges customers for the permit fee by charging an undisclosed amount in addition to what the government charges for the permit. Defendant's conduct breaches its written contracts with customers and Defendant's implied covenant of good faith and fair dealing. Defendant's conduct also violates California Civil Code §§ 1750 *et seq*. (also known as the "Consumers Legal Remedies Act") and California Business and Professions Code §§ 17200 *et seq.* As *alleged* in Defendant's pending motion to dismiss, Defendant does not deny that it failed to obtain the permit in a reasonable timely manner after installation of his water heater, *only* that it obtained the required permit for the water heater installed at Plaintiff's La Jolla residence *more that two months after* receipt of Plaintiff's pre-filing demand to obtain such permit on behalf of himself and the rest of the Class (without notice to Plaintiff). Defendant similarly does not allege that permits have been obtained in a reasonable timely manner after installation of other Class members' water heaters. Plaintiff contends that Defendant's attempt to obtain the permit after the Plaintiff's classwide demand is merely an attempt to "pick off" the Plaintiff, which courts have previously held not to be a bar to further prosecution of California's consumer fraud claims since a defendant is not able to avert a class action by "picking off" prospective plaintiffs one-by-one unless the defendant corrects the violation as to all similarly situated consumers. Moreover, while Defendant's pending motion to dismiss is supported by an *alleged* "invoice" of Plaintiff, the First Amended Complaint clearly alleges and Plaintiff will show in his opposition to Defendant's motion that Plaintiff's true invoice shows that Plaintiff was overcharged for the required municipal permit.

## II. DEFENDANT'S STATEMENT OF THE CASE

This case involves a single customer's complaint that Defendant did not obtain a water heater permit for which Plaintiff paid the permit fee, and that Defendant

overcharged Plaintiff for the permitting service. Contrary to the allegations in Plaintiff's complaint, however, Defendant did, in fact, obtain the required permit for the water heater installed at Plaintiff's La Jolla residence. Moreover, Plaintiff's own invoice shows that Plaintiff was not overcharged for the water heater or the bundle of services he purchased, which included delivery, installation and the required municipal permit. Plaintiff has suffered no injury and therefore does not have standing to bring claims under Business and Professions Code § 17200 et seq. or the Consumers Legal Remedies Act.

Although Plaintiff claims that his invoice shows he was overcharged by $19, the documentation of Plaintiff's water heater purchase that Defendant has maintained in the ordinary course of its business (which was attached as an exhibit to its motion to dismiss) demonstrates that Plaintiff was not overcharged and, in fact, paid the exact amount the complaint alleges he should have paid. Plaintiff has agreed to produce the documents substantiating his overcharge claims and Defendant has agreed to address any issues raised by those documents when it receives them from the Plaintiff.

Finally, Plaintiff's Consumers Legal Remedies Act Claims are insufficient because the allegations merely parrot the language of the statute, the quoted advertisements do not meet the pleading threshold of being "likely to deceive a reasonable consumer" on their face, and Plaintiff has not alleged reliance.

Plaintiff is trying to convert this dispute into a state-wide class action by making generalized accusations of unfair and fraudulent conduct. Yet the falsity of Plaintiff's allegations (as evidenced by documents referenced in the complaint and documents subject to judicial notice) warrants dismissal of the entire case.

## III. THE PARTIES' JOINT RULE 26 REPORT

### A. Timing, Form, or Requirement for Disclosures under Rule 26(a).

**PLAINTIFF'S POSITION:** Plaintiff believes that the parties should serve their respective Initial Disclosures and related discovery in 15 days, on or before February 22, 2008, pursuant to Rule 26(a)(1).

**DEFENDANT'S POSITION:** Defendant believes that the parties should exchange Rule 26(a)(1) initial disclosures within 20 days after this case is at issue, i.e. after there is an operative complaint with a claim or claims surviving a motion to dismiss. Defendant's motion to dismiss is pending, but has not been fully briefed. Plaintiff's opposition to Defendant's motion to dismiss is due no later than March 3, 2008.

**B. Discovery Plan**

The parties discussed their proposals for a discovery plan.

**PLAINTIFF'S POSITION:** Plaintiff believes that Defendant is not entitled to an automatic stay of discovery due to Defendant's motion to dismiss, which Plaintiff contends is improperly supported by evidence outside the complaint solely in the possession of defendant and beyond the control of Plaintiff necessitating Initial Disclosures and formal discovery. Therefore, Plaintiff believes that discovery preceding the hearing on Defendant's motion to dismiss should be limited *only* to the merits of Plaintiff's individual claim, issues raised by Defendant's motion to dismiss and class certification issues. While Defendant believes that *only* Plaintiff should be required to produce documents relevant to his claims prior to the hearing on Defendant's motion to dismiss, Plaintiffs contends that Initial Disclosures should be mutual. Plaintiff recognizes, however, that some information and/or documents may be relevant to both certification and the merits. In such instances, Plaintiff believes that the parties should agree that the fact that such documents or information pertain to both will not be a bar to seeking the same with respect to certification, while leaving its relevance to the merits for a later time. Specific types of discovery that Plaintiff will seek include:

- Plaintiff expects to take the depositions of several witnesses employed by Defendant pursuant to FRCP 30(b)(6).
- Interrogatories
- Document Production demands

In addition, Plaintiff believes that the parties should exchange the following categories of information along with their Initial Disclosures, on or before February 22, 2008:

- All documents reflecting steps taken by Home Depot to obtain the required municipal permit related to the installation of the water heater in Plaintiff's residence.
- Names, address and telephone numbers of all members of the Class (since Plaintiff possesses a constitutionally protected right to communicate with the putative class members prior to class certification).
- Rates charged by Defendant for municipal water heater permits throughout California during the Class Period
- Regarding Defendant's water heater installation advertisements and website pages, all iterations of the postings and dates of iterations.
- Copies of any policies regarding water heater installation services and charges and/or municipal permit fees and the tables of contents of the manuals.
- Copies of any e-mail/document retention or destruction policy of Defendant.

**DEFENDANT'S POSITION:** Defendant believes that it is premature at this early stage of the case to propose or establish a discovery plan that would control all stages of the litigation because the Court's ruling on Defendant's motion to dismiss could dispose of the case entirely or narrow the issues significantly. Contrary to Plaintiff's assertion above, no discovery is necessary or appropriate with respect to the issues raised in Defendant's motion to dismiss because the Court will rule on that motion as a matter of law. Defendant does not believe that discovery should proceed while Defendant's motion to dismiss is pending, which one exception: Defendant believes the parties should exchange documents and cooperate to resolve any issues or discrepancies regarding Plaintiff's invoice. After the Court rules on Defendant's motion to dismiss, if any of Plaintiff's claims survive, Defendant believes the parties should meet and confer regarding a plan for conducting phased discovery on class certification and on the merits.

**C. Issues Relating To Disclosure Or Discovery Of Electronically Stored Information, Including The Form Or Forms In Which It Should Be Produced.**

The parties discussed electronically stored information. The parties agreed that electronically stored information would be disclosed at the appropriate time, to the extent such electronically stored information is reasonably accessible and responsive to discovery requests to which no objections are pending, and to the extent that production of such electronically stored information would not impose an undue burden or expense on any of the parties. The parties further agreed to take reasonable steps to preserve electronically stored information relevant to Plaintiff's claims, the claims of the putative class, and Defendant's defenses. The parties agreed to continue discussions about electronically stored information, including the form or forms in which it should be produced.

**D. Any Issues Relating to Claims Of Privilege or Protection As Trial Preparation Material, Including—If the Parties Agree On A Procedure To Assert Such Claims After Production—Whether To Ask The Court To Include Their Agreement In An Order.**

The parties agreed that a producing party's inadvertent production of material subject to a claim of privilege or other protection shall not be a ground on which the receiving party may claim that the privilege or other protection does not apply.

**E. What Changes Should Be Made To The Limitations On Discovery Imposed Under These Rules.**

The parties agreed that it is premature to discuss any possible changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure. Plaintiff believes that, as discovery progresses, these presumptive limits will be inadequate, and Defendant believes that any such changes should be discussed and evaluated after the Court rules on Defendant's motion to dismiss. The parties agreed to continue the discussion of this topic at that time and to meet and confer as necessary with a strong commitment to resolve such matters without the need for Court intervention.

**F. Other Orders That Should Be Entered By The Court Under Rule 26(c) Or Under Rule 16(b) And (c).**

The parties will negotiate an appropriate protective order governing disclosure of confidential information and, when final, submit it to the Court for approval and entry.

DATED: February 7, 2008

KEEGAN & BAKER, LLP

Patrick N. Keegan
Counsel for Plaintiff
Richard Stanford
E-mail: pkeegan@kmb-law.com

DATED: February 7, 2008

KIRKLAND & ELLIS LLP

Mark T. Cramer
Counsel for Defendant
Home Depot U.S.A., Inc.
E-mail: mcramer@kirkland.com

**F. Other Orders That Should Be Entered By The Court Under Rule 26(c) Or Under Rule 16(b) And (c).**

The parties will negotiate an appropriate protective order governing disclosure of confidential information and, when final, submit it to the Court for approval and entry.

DATED: February 7, 2008

KEEGAN & BAKER, LLP

______________________________

Patrick N. Keegan
Counsel for Plaintiff
Richard Stanford
E-mail: pkeegan@kmb-law.com

DATED: February 7, 2008

KIRKLAND & ELLIS LLP

Mark T. Cr

Mark T. Cramer
Counsel for Defendant
Home Depot U.S.A., Inc.
E-mail: mcramer@kirkland.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing **JOINT REPORT OF COUNSEL PURSUANT TO FED. R. CIV. P. 26(f)** with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Patrick N. Keegan, Esq.
Brent Jex, Esq.
KEEGAN & BAKER, LLP
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122

Phone: (858) 552-6750
Fax : (858) 552-6749
Email : pkeegan@kmb-law.com; patricknkeegan@adelphia.net

Executed February 7, 2008 at Los Angeles, California.

/s/ Mark Cramer
Mark Cramer