Patrick N. Keegan, Esq. (SBN: 167698)
Brent Jex, Esq. (SBN: 235261)
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, California 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749

Attorneys for Representative Plaintiff
RICHARD STANFORD

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

RICHARDRICHARD STANFORD, individually and onon behalf of all other on behalf of all other on behalf of all other persons simila situatedsituated andsituated and on behalf of the general public,

Plaintiff,

vs.

HHOMEHOME DEPOT U.S.A., INC., a Delaware corporation;

Defendant.

) Case No. 07-CV-2193 LAB (WMC)
) CLASS ACTION
) Assigned to: The Hon. Larry A. Burns
)
) **PLAPLAINTIFF SPLAINTIFF S SUPPL**
) **MEMORANDUMMEMORANDUM OF POIN**
) **AUTHORITIESAUTHORITIES IN OPPOSITI**
) **DEFENDANT SDEFENDANT S DEFE**
) **DISMISSDISMISS PURDISMISS PURSUA**
) **12(B)(6)**
)
) Date: March 17, 2008
) Time: 10:30 a.m.
) Place: Courtroom 9

**I. Plaintiff s Due Process Rights Require Leave to Conduct Relevant Discovery.**

TheThe Court s April 8th Order requiring additional briefingOrder requiring additional brief toto apply Rule 56 standards to decide Defendantto apply Rule 56 standards to decide Defendant Ho MotionMotion To Dismiss the First AmendMotion To Dismiss the First Amended ComplaMotio and charges for Plaintiff Richard Stanford s hotand charges for Plaintiff Richard Stanford s hot w mattemattermatter of this lmatter of this litigation. However, Plaintiff has not had the opp informationinformation essential to its opposition before this converted Rule 56 motioninforma therebythereby effectively depriving Plaintiff of procedural rigthereby effectively depriving Pla conductconduct further discovery, or in this case, ***any*** discovery.[1] *Metabolife Int l,Metabolife Int*

---

[1] If the CourtIf the Court decides this motion under a Rule 56 standard, withoutIf the Court de asas the nonmoving party the procedural safeguards codifiedas the nonmoving party the procedura thethe U.S. Supreme Court, the Court would the U.S. Supreme Court, the Court would be dep safeguardssafeguards and his dsafeguards and his due processsafeguards and his due process rig devicedevice for litigants to avoid summary judgment whedevice for litigants to avoid summary

264264 F.3d 83264 F.3d 832,264 F.3d 832, 264 F.3d 832, 846264 F.3d 832, 846 264 F.3d 832, 846 (9t thethe 9th Circuit held it was Circuit held it was an abuse of Circuit held it was an abuse of discret judgmentjudgment motion before granting the nonmoving party anjudgment motion before grantin *Id.* 323 F.3d at p. 774.

AlthAlthoughAlthough Plaintiff contends that he has standing to bring this representative PlaiPlaintiffPlaintiffPlaintiff shPlaintiff should be allowed ample opportunity to conduct discovery t documentationdocumentation essential to this opposition. (*See* Suppl. Keegan Decl., ¶4.) Suppl. Ke CourtCourt should either return to applying Rule 12(b)(6) standards in adjudicatingCourt shou 12(b)(6)12(b)(6) motion, *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-3, 80 F.3d 336, 337- continuecontinue the hearing on this mcontinue the hearing on this moticontinue the hearing essential to oppose this motion.[3]

**II. Plaintiff Has Standing To Bring Representative Claims.**

Plaintiff sPlaintiff s FAC alleges and hisPlaintiff s FAC alleges and his declaration states becausebecause Home Depot (1)because Home Depot (1) failed to obtain permits;because Home D deceptivedeceptive statements about obtaining permits and the price of permitsdeceptive statemen for its water heater installation services. (Suppl. Stanford Decl., ¶2 & Exhibit 1.)

NeitherNeither Home Depot, the its local store,Neither Home Depot, the its local store, nor aa copy of an issued permit or provided notification of the issuance of the pera copy of an issue

---

developdevelop affirmative evidence. *Bulington Northern Santa Fe RBulington Norther AssiniboineAssiniboine And Sioux Tribes OfAssiniboine And Sioux Tribes Of The Fort Peck Rese* citing *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002).

[2] Citing *Anderson v. LibertyAnderson v. Liberty LAnderson v. Liberty Lobby, Inc.*, 477 U. that adequate discovery will occur before summary judgment is considered. *Ibid.*

[3] The Court may also orderThe Court may also order expeditedThe Court may also order ex aa showing of good cause. *Semitool, Inc. v. Tokyo Electron America, Inc.,* 2 208 F.R.D. 27 208 F 276276 (N.D.Cal.2002). Plaintiff contends that good276 (N.D.Cal.2002). Plaintiff contends that inin the ein the evin the event that the Court finds Plaintiff to lack standing since ÿÿourts hav plaintiffsplaintiffs who have been determplaintiffs who have been determined plaintiffs who ha complaint was filed, to substitute as plaintiffs the true real parties in interest. [Citations.]ÿÿ *Branick v. DowneyBranick v. Downey Savings & Loan Assn.,* 39 Cal.4th 235, 243 (2006) and *Ca Sup. Ct.,* 159 Cal.App.4th 273, 290 (2008).

StanfordStanford DeStanford Decl.,Stanford Decl., ¶4.) As a result, the existence of an issue p Report Report is contested. Indeed, given the fact that Home Depot has now concede in its Repo briefbrief that abrief that a receiptbrief that a receipt which Home Depot s counsel declared under PlaintPlaintiff sPlaintiff s original invoice that lacked the $19.00 overcharge was, in fact, not a document,document, and Defendant now wdocument, and Defendant now withdrawdocumen lackedlacked the $19 charge , (Def. Reply, p. 3), calls into doubt the authenticity of *any* document submitted by Home Depot as supporting evidence.

ContraryContrary to Home DepotContrary to Home Depot s asseContrary to Home Depo overchargeovercharge and voluntarily *refunded* ththe amount the amount of the overcharge th Plaintiff sPlaintiff s lawsuit moPlaintiff s lawsuit mooPlaintiff s lawsuit moot since refunds demonstratesdemonstrates that its advertisements were deceptive,[5] and confers standing and co bring this representative action on behalf of himself and all others similarly situated.[6]

Furthermore,Furthermore, theFurthermore, the Status Report Furthermore, the Status Re injuredinjured and continues toinjured and continues to be injured by the unreasonable delay in th Specifically,Specifically, the Status Report sets forth an Inspection Plan Specifically, the Stat inspectionsinspections to be completed in order for his projecinspections to be completed in o noticenotice was given that any permit for the removal and replacement of a gas notice was give PPlaintiff sPlaintiff s residence had been given and, as a consequence, no inspectioPlainti completed,completed, Plaintiff s continues to be injured sincecompleted, Plaintiff s continues to be its passes the final inspection. (See Def. Exhibit C, p. 10.)

Dated: April 30, 2008

s/Patrick N. Keegan
Patrick N. Keegan, Esq.

---

[4] *See, e.g., Allee v. Medrano* (1974) 416 U.S. 802, 810-811 (claim for injunction not moot if possibility of recurrence).

[5] MoreovMoreover, proof of deceptive ads entitles Plaintiff to damages under the CLR becausebecause he sent by certified mail hisbecause he sent by certified mail his pre-filing deman and received no reply from Defendant. (Suppl. Keegan Decl., ¶3 & Exhibit 1.)

[6] *Kagan v. Gibraltar SavingsKagan v. Gibraltar Savings and LoanKagan v. Gibraltar Savi La Sala v. American Sav. & Loan Assn.,* 5 Cal.3d 864 (1971).

Attorney for Representative Plaintiff