Patrick N. Keegan, Esq. (SBN: 167698)
Brent Jex, Esq. (SBN: 235261)
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, California 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749

Attorneys for Representative Plaintiff
RICHARD STANFORD

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD STANFORD, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation;<br><br>Defendant.<br>_________________________________ | ) Case No. 07-CV-2193 LAB (WMC)<br>) CLASS ACTION<br>) Assigned to: The Hon. Larry A. Burns<br>)<br>) **PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**<br>)<br>) Date: March 17, 2008<br>) Time: 10:30 a.m.<br>) Place: Courtroom 9 |

## I. Plaintiff's Due Process Rights Require Leave to Conduct Relevant Discovery.

The Court's April 8th Order requiring additional briefing states that the Court intends to apply Rule 56 standards to decide Defendant Home Depot U.S.A., Inc.'s ("Home Depot") Motion To Dismiss the First Amended Complaint issues associated with the permitting of and charges for Plaintiff Richard Stanford's hot water heater purchase forming the subject matter of this litigation. However, Plaintiff has not had the opportunity to discover information essential to its opposition before this converted Rule 56 motion is decided, thereby effectively depriving Plaintiff of procedural rights under Rule 56(f) for leave to conduct further discovery, or in this case, ***any*** discovery.[1] *Metabolife Int'l, Inc. v. Wornick*,

[1] If the Court decides this motion under a Rule 56 standard, without affording Plaintiff as the nonmoving party the procedural safeguards codified in Rule 56(f) and recognized by the U.S. Supreme Court, the Court would be depriving Plaintiff of important procedural safeguards and his due process rights. "Federal Rule of Civil Procedure 56(f) provides a device for litigants to avoid summary judgment when they have not had sufficient time to

264 F.3d 832, 846 (9th Cir. 2001)(emphasis added.)[2] Similarly, in *Bulington Northern*, *supra*, the 9th Circuit held it was "an abuse of discretion for the district court to decide the summary judgment motion before granting" the nonmoving party an opportunity to conduct discovery. *Id.* 323 F.3d at p. 774.

Although Plaintiff contends that he has standing to bring this representative action, Plaintiff should be allowed ample opportunity to conduct discovery to obtain information and documentation essential to this opposition. (*See* Suppl. Keegan Decl., ¶4.) Accordingly, the Court should either return to applying Rule 12(b)(6) standards in adjudicating this Rule 12(b)(6) motion, *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996), or continue the hearing on this motion 120 days and permit Plaintiff to conduct discovery essential to oppose this motion.[3]

**II. Plaintiff Has Standing To Bring Representative Claims.**

Plaintiff's FAC alleges and his declaration states that he and the class were harmed because Home Depot (1) failed to obtain permits; (2) over charged for permits; and (3) made deceptive statements about obtaining permits and the price of permits in its advertisements for its water heater installation services. (Suppl. Stanford Decl., ¶2 & Exhibit 1.)

Neither Home Depot, the its local store, nor the City of San Diego has ever provided a copy of an issued permit or provided notification of the issuance of the permit. (Suppl.

---

develop affirmative evidence." *Bulington Northern Santa Fe Railroad Co. v. The Assiniboine And Sioux Tribes Of The Fort Peck Reservation*, 323 F.3d 767 (9th Cir. 2003), citing *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002).

[2] Citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5. Rule 56 "ensures that adequate discovery will occur before summary judgment is considered." *Ibid.*

[3] The Court may also order expedited discovery before a Rule 26(f) conference upon a showing of good cause. *Semitool, Inc. v. Tokyo Electron America, Inc.,* 208 F.R.D. 273, 276 (N.D.Cal.2002). Plaintiff contends that "good cause" to expedited discovery, especially in the event that the Court finds Plaintiff to lack standing since "courts have permitted plaintiffs who have been determined to lack standing, or who have lost standing after the complaint was filed, to substitute as plaintiffs the true real parties in interest. [Citations.]", *Branick v. Downey Savings & Loan Assn.,* 39 Cal.4th 235, 243 (2006) and *Cashcall, Inc. v. Sup. Ct.,* 159 Cal.App.4th 273, 290 (2008).

Stanford Decl., ¶4.) As a result, the existence of an issue permit and authenticity "Status Report" is contested. Indeed, given the fact that Home Depot has now concede in its reply brief that a receipt which Home Depot's counsel declared under the penalty of perjury was Plaintiff's original invoice that lacked the $19.00 overcharge was, in fact, not a truthful document, and "Defendant now withdraws its contention that Plaintiff's *original* invoice lacked the $19 charge", (Def. Reply, p. 3), calls into doubt the authenticity of *any* document submitted by Home Depot as supporting evidence.

Contrary to Home Depot's assertion, the fact that Home Depot has *admitted* to the overcharge and voluntarily *refunded* the amount of the overcharge that does not render Plaintiff's lawsuit moot since refunds have not been made to other class members,[4] demonstrates that its advertisements were deceptive,[5] and confers standing on Plaintiff to bring this representative action on behalf of himself and all others similarly situated.[6]

Furthermore, the "Status Report" demonstrates on its face that the Plaintiff has been injured and continues to be injured by the unreasonable delay in the issuance of the permit. Specifically, the "Status Report" sets forth an "Inspection Plan" that requires that lists three inspections to be completed in order for his project to be "legally completed." Since no notice was given that any permit for the removal and replacement of a gas water heater at Plaintiff's residence had been given and, as a consequence, no inspection has been completed, Plaintiff's continues to be injured since his "project is not legally completed until its passes the final inspection." (See Def. Exhibit C, p. 10.)

Dated: April 30, 2008

s/Patrick N. Keegan
Patrick N. Keegan, Esq.

---

[4] *See, e.g., Allee v. Medrano* (1974) 416 U.S. 802, 810-811 (claim for injunction not moot if possibility of recurrence).

[5] Moreover, proof of deceptive ads entitles Plaintiff to damages under the CLRA because he sent by certified mail his pre-filing demand letter to Defendant on July 2, 2007, and received no reply from Defendant. (Suppl. Keegan Decl., ¶3 & Exhibit 1.)

[6] *Kagan v. Gibraltar Savings and Loan Assoc.,* 35 Cal.3d 582, 593, 595 (1984); and *La Sala v. American Sav. & Loan Assn.,* 5 Cal.3d 864 (1971).