Patrick N. Keegan, Esq. (SBN: 167698)
Brent Jex, Esq. (SBN: 235261)
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, California 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749

Attorneys for Representative Plaintiff
RICHARD STANFORD

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD STANFORD, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation;<br><br>Defendant. | Case No. 07-CV-2193 LAB (WMC)<br>CLASS ACTION<br>Assigned to: The Hon. Larry A. Burns<br><br>**DECLARATION OF PATRICK N. KEEGAN IN SUPPORT OF SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date: March 17, 2008<br>Time: 10:30 a.m.<br>Place: Courtroom 9 |

I, Patrick N. Keegan, declare as follows:

1. I am an attorney at law duly authorized to practice law in the State of California. I am a member of the law firm of Keegan & Baker, LLP, counsel for Plaintiff Richard Stanford herein. I have personal knowledge of the following facts and if called upon as a witness I could and would competently testify to the matters stated herein. Pursuant to the Court's April 8th and April 23rd Orders, I submit this Declaration in support of Plaintiff Richard Stanford's supplemental memorandum of points and authorities in opposition to Defendant Home Depot U.S.A., Inc.'s ("Home Depot") motion to dismiss.

2. Notwithstanding Mr. Cramer's promise to provide me with a copy of any issued permit on Monday, November 19, 2007, neither I nor my firm nor Plaintiff Richard Stanford ever received a copy of a permit for the installation of Plaintiff's hot water heater installed in his residence. Instead, I was served with "Status Report", which purports that a "Plumbing Permit" was issued on "09/13/2007", more than 105 days after the installation of

Plaintiff's gas water heater in his residence, with Home Depot's instant motion papers on January 7, 2008.

3. On July 2, 2007, I sent by certified mail, return receipt requested copies of a letter addresses to both Home Depot and the Home Depot store located at 4255 Genesee Avenue, San Diego, California (the "Store") in satisfaction of the requirements set forth in California Civil Code § 1782. Home Depot never responded in any way to my July 2, 2007 letter. The Store never responded in any way to my July 2, 2007 letter.

4. Prior to the Court's conversion of Home Depot's motion to dismiss, Plaintiff needs leave and time to obtain documents solely in the possession of Home Depot and beyond the control of Plaintiff relevant to issues raised by Home Depot's motion. Specifically, Plaintiffs needs to be allowed to conduct the following types of discovery:

> (1) Depositions of witnesses employed by Home Depot and the City of San Diego pursuant to FRCP 30(b)(6); (2) Interrogatories; and (3) Document Production demands.

In addition, Home Depot has the following documents and information its possession relevant to Plaintiff's claims which should produce prior to the Court's conversion of Home Depot's motion to dismiss:

> (1) All documents reflecting steps taken by Home Depot to obtain any required permits for the installation of water heaters during the Class Period; (2) Rates charged by Home depot for municipal water heater permits throughout California during the Class Period; (3) Home Depot's policies regarding water heater installation services and charges and/or municipal permit fees during the Class Period; (4) All iterations of the postings regarding Defendant's water heater installation advertisements and website pages during the Class Period; and (5) Names, address and telephone numbers of all persons who purchased water heater installation services from Home Depot during the Class Period.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct and this declaration is executed this 30th day of April, 2008, in San Diego, California.

/s/ Patrick N. Keegan
Patrick N. Keegan, Esq.