Martin R. Boles (S.B.N. 124159)
mboles@kirkland.com
Mark T. Cramer (S.B.N. 198952)
mcramer@kirkland.com
Linda Bassett (S.B.N. 250279)
lbassett@kirkland.com
KIRKLAND & ELLIS LLP
777 South Figueroa Street, Suite 3700
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STANFORD, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 07-CV-2193 (LAB)(WMC)<br><br>**Class Action**<br><br>**DEFENDANT HOME DEPOT U.S.A., INC.'S SUPPLEMENTAL BRIEF REGARDING PLAINTIFF'S LACK OF STANDING; DECLARATION OF LINDA C. BASSETT**<br><br>HONORABLE LARRY A. BURNS<br>COURTROOM: 9<br>HEARING DATE: March 17, 2008<br>TIME: 10:30 a.m. |

## INTRODUCTION

This Court ordered supplemental briefing as to four questions pertaining to Plaintiff's standing. *See* April 9 Order. On April 22, the Court rejected Plaintiff's supplemental brief as non-responsive and provided a final opportunity for further submission. *See* April 22 Order. Plaintiff's final submission remains non-responsive. It does not squarely address the Court's four questions. It also fails to abide by the Court's directive that the submission be supported by evidence. Plaintiff has neither submitted evidence nor formulated legally-supported arguments demonstrating standing on any of the four issues posed by the Court.

**1. Refund Of The Alleged $19.00 Overcharge.**

The first question that Plaintiff was ordered to address is "whether he received a refund of the $19.00 overcharge for the permitting of the water heater, as defendant contends . . . ." *See* April 9, 2008 Order Requiring Additional Briefing at 1 ("April 9 Order").

Plaintiff's supplemental brief does not squarely admit or deny that he received the refund. Instead, Plaintiff exhumes the innuendo of falsified evidence from his original briefing. *See* Pl.'s Suppl. Mem. at 3. Defendant rebutted that insinuation in its original Reply Brief and will not repeat that rebuttal here.[1] Indeed, it took four months after Defendant first asserted that Plaintiff was not overcharged, two months after the underlying motion was first submitted for the Court's decision, and prodding by two Court Orders for Plaintiff to finally acknowledge—albeit buried within a supplemental declaration—that he was told the day after his initial purchase that Defendant "agreed to issue me a credit."[2] Plaintiff does not contend, let alone prove, that he did not receive this credit. Therefore, he has failed to rebut Defendant's evidence that he was refunded the $19.00. *See* Def.'s Reply Br. at 2-3.

The Court correctly surmised that "plaintiff's standing to represent the putative class can be established or disproved . . . through substantiation whether he received a refund of the $19.00

---

[1] *See* Def.'s Reply In Support of Its Mot. to Dismiss ("Def.'s Reply Br.") at 2; Decl. of Mark T. Cramer; Decl. of Brian Korhummel.

[2] *See* Decl. of Richard Stanford In Support of Suppl. Mem. of P. & A. In Opp'n to Def.'s Mot. to Dismiss Pursuant to Rule 12(b)(6) ¶ 3.

overcharge for the permitting of the water heater, as defendant contends . . . ." *See* April 9 Order at 1. Since the evidence of that refund is unrebutted by Plaintiff's supplemental submission, he lacks standing, and this case should be dismissed.

**2. The Permit.**

The second question that Plaintiff was ordered to address is "whether he concedes or can disprove his hot water heater was actually permitted before he filed his Complaint . . . ." *See* April 9 Order at 1.

Despite the clarity of the Court's directive, Plaintiff neither "concedes" nor "disproves" the existence of a permit, which Defendant has already proved was issued prior to this lawsuit, as evidenced by a public record.[3]

Instead, Plaintiff again resorts to innuendo to insinuate the public record's inauthenticity. *See* Pl.'s Suppl. Mem. at 3. Plaintiff does not make this contention directly, no doubt because Plaintiff himself cites the document later in his brief to try to rescue his standing on the "delay" issue. *See infra* Part 3; Pl.'s Suppl. Mem. at 3 (citing public record submitted by Defendant). In any event, Plaintiff submitted no evidence to support an objection to authenticity, nor do such facts exist.[4] Thus, Plaintiff lacks standing on the second issue raised by the April 9 Order.

**3. Injury From Alleged Delay In Obtaining Permit.**

In the April 9 Order, the Court instructed Plaintiff to substantiate "whether he was actually injured by any delay in obtaining the permit . . . ."

Plaintiff asserts that he is "injured" because "no inspection has been completed" and his "project is not legally completed until it passes final inspection." *See* Pl.'s Suppl. Mem. at 3. But Plaintiff has provided no facts, let alone logic, to show how the alleged failure of the City of San Diego to inspect (or Plaintiff's failure to arrange such an inspection) is an "injury" caused by Defendant. *See* Cal. Bus. & Prof. Code § 17204 (standing requires that Plaintiff have "suffered injury in fact and has lost money or property *as a result of* " defendant's acts) (emphasis added); Cal.

---

[3] *See* Def.'s Mem. of P. & A. In Support of Its Mot. to Dismiss Pursuant to Rule 12(b)(6) at 3.

[4] *See* Decl. of Linda C. Bassett In Support of Def.'s Suppl. Brief.

Civil Code § 1780 (CLRA standing requires that plaintiff must have "suffer[ed] any damage *as a result of*" defendant's acts) (emphasis added); *see also Californians for Disability Rights v. Mervyn*'s, *LLC*, 39 Cal. 4th 223, 228 (2006) (Proposition 64 was approved by the voters to limit attorney abuses "by prohibiting private attorneys from filing lawsuits for unfair competition where they have no client who has been injured in fact.") (internal citations omitted); *O'Brien v. Camisasca Automotive Mfg., Inc.*, 73 Cal. Rptr. 3d 911, 919 (Cal. App. 2008) ("[A]fter Proposition 64, a plaintiff seeking to bring a representative lawsuit under the UCL and the FAL must show that (1) he or she has suffered actual injury in fact, and (2) such injury occurred *as a result of* the defendant's alleged unfair competition or false advertising." (emphasis in original)).

The vacuum in Plaintiff's evidentiary submission is increased by the further requirements that Article III imposes to establish standing.[5] Plaintiff must have "suffered an 'injury in fact' — an invasion of a legally protected interest which is (a) concrete and particularized," (b) "actual or imminent, not conjectural or hypothetical," (c) fairly traceable to the challenged conduct of the defendant, and (d) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations and internal quotations omitted). Plaintiff has met none of these criteria. There is no evidence that Plaintiff faces "imminent" "concrete and particularized" harm—such as, say, a City fine, or a decreased resale price—"traceable" to the challenged conduct. *See id.* Nor is there a showing of how any such harm would be "redressable by a favorable decision" rendered by this Court against Defendant (who, after all, cannot conduct the City's inspection). *See id.*

**4. Injury From Alleged Delay In Obtaining Permit.**

The fourth question posed by the Court's April 9 Order was "whether 'unreasonable delay' is a cognizable legal theory of recovery in these circumstances, with or without actual injury resulting from such delay."

Plaintiff's submission does not address this issue. This waiver, despite the Court's

---

[5] Plaintiff must satisfy Article III standing requirements despite the fact that he first brought the case in state court. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 & n.3 (2006).

admonitions in back-to-back orders, likely reflects the recognition of reasoning in prior cases that negates a cognizable legal theory.[6]

**DISCOVERY**

Plaintiff demands discovery. *See* Pl.'s Suppl. Mem. at 1-2. But Plaintiff's discovery demands, like his brief, are not tailored to the four questions posed by the Court's April 9 Order. As the Court noted in back-to-back orders, these questions are "narrow" and "discrete." Plaintiff's discovery demands are not.

Plaintiff makes no showing how the discovery is necessary to address the Court's questions. Indeed, the Court explained that the April 9 Order concerned "discrete issues uniquely within the knowledge of plaintiff or easily ascertainable by him . . . ." *See* April 22 Order at 1.

Plaintiff's request for virtually plenary discovery on the merits as opposed to addressing threshold standing requirements turns the Court's common sense approach on its head. Instead of facilitating an efficient, early adjudication of potentially dispositive issues in order to save the resources of the parties and the Court associated with potentially costly discovery, Plaintiff seeks to use such discovery to avoid facing these dispositive issues. *See Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1966 (2007) (a pleading "deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.").[7]

---

[6] For example, in *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939 (S.D. Cal. 2007), this Court found lack of standing under the CLRA and UCL, reasoning that even if plaintiff had been injured by the alleged false advertising, plaintiff had not established a cognizable theory of standing because there was no demonstration that the injury was likely to be "'redressed by a favorable decision'" or that plaintiff was "'realistically threatened by a *repetition* of the violation.'" *Id.* at 951-52 (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006)). Likewise, here, the permit has been issued, and even if Plaintiff demonstrated that the City's alleged failure to inspect caused injury which was "likely, as opposed to merely speculative" (which he has not), he still has not alleged that he would be "realistically threatened by a repetition of the violation." *Id.*

[7] Plaintiff cites the inapposite cases of *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) and *Burlington Northern Santa Fe R. Co. v. The Assiniboine and Sioux Tribes*, 323 F.3d 767 (9th Cir. 2003), which did not involve the narrow *threshold* issue of standing to sue. On such an issue the Court need not afford any evidentiary submission at all. *See Rainwater v. Alarcon*, 2008 WL 510546 at *1 (9th Cir. Feb. 26, 2008) (affirming the district court's dismissal of injunctive claims under Rule 12(b)(6) because plaintiff did not have standing to sue); *see also J.F. Shea Co. v. City of Chicago*, 992 F.2d 745, 750 (7th Cir. 1993) (defendants can properly move to dismiss for lack of standing because "[t]o prevent courts from ever dismissing a case for
(Continued…)

**CONCLUSION**

Plaintiff has had several chances to establish that he has standing to bring the claims asserted in this case. He has chosen not to do so. Accordingly, for all the reasons stated above and in the briefs and other documents submitted in support of Home Depot's motion to dismiss, this case should be dismissed in its entirety.

Respectfully submitted,

DATED: May 7, 2008

KIRKLAND & ELLIS LLP

By: /s/ Mark T. Cramer

Martin R. Boles (S.B.N. 124159)
Mark T. Cramer (S.B.N. 198952)
Linda Bassett (S.B.N. 250279)

Attorneys for Defendant
HOME DEPOT, INC.

---

lack of standing would cause both courts and parties to waste precious resources"); *McNair v. U.S. Postal Serv.*, 768 F.2d 730, 737 (5th Cir. 1985) (holding that the district court erred in granting defendant's motion for summary judgment, as opposed to granting defendant's motion to dismiss where plaintiff's lack of standing was clear from the face of the complaint); Wright, Miller & Cooper, 13A FEDERAL PRACTICE & PROCEDURE; JURISDICTION & RELATED MATTERS § 3531.15 ("As the plaintiff must plead standing, so it is clear that the defendant can challenge the allegations by motion to dismiss" either under Rule 12(b)(6) or Rule 12(b)(1)).