Patrick N. Keegan, Esq. (SBN: 167698)
Brent Jex, Esq. (SBN: 235261)
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, California 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749

Attorneys for Representative Plaintiff
RICHARD STANFORD

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD STANFORD, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation;<br><br>Defendant.<br>_________________________________ | Case No. 07-CV-2193 LAB (WMC)<br>CLASS ACTION<br>Assigned to: The Hon. Larry A. Burns<br><br>**PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**<br><br>Date: March 17, 2008<br>Time: 10:30 a.m.<br>Place: Courtroom 9 |

## I. Plaintiff Has Standing to Assert Claims for Damages and Injunctive Relief.

"A plaintiff's standing is evaluated as of the date the complaint was filed." *Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 774 (9th Cir. 2006). To establish Article III standing, a plaintiff must demonstrate (1) it has suffered a personal injury or suffers the threat of injury, (2) that the alleged injury is fairly traceable to the defendant's conduct, and (3) that the injury would likely be redressed by the requested relief. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).

The allegations in the the First Amended Complaint ("FAC"), as well as the uncontested facts as of the time of the filing of the FAC, are sufficient for Article III standing, because (1) Plaintiff and the "more than 60,000 water heater installations"[1]

[1] See Def.'s Notice of Removal ¶9.

customers have suffered injury in fact by being overcharged for municipal permits by Home Depot, by Home Depot's failure to obtain permits, by Home Depot's failure to notify its customers when permits are issued, and by Home Depot's failure to schedule inspections of water heater installations in order for the installation projects to be "legally completed" and allowing permits to become expired when inspections are not completed during the one year time expiration period following issuance of the permit; (2) Plaintiff's and "more than 60,000 water heater installations" customers' injuries were caused by Home Depot's unfair business practices; and (3) Plaintiff's and the "more than 60,000 water heater installations" customers' injuries can be redressed by injunctive relief and/or by restitution of permit fees and installation service fees, by requiring Home Depot to obtain permits for all of its more than 60,000 water heater installations" customers, by requiring Home Depot to notify Plaintiff and more than 60,000 water heater installations" customers when permits are issued, and by requiring Home Depot to schedule inspections of water heater installations in order for the installation projects to be "legally completed" during the one year time expiration period following issuance of the permit. *See G&C Auto Body, Inc. v. Geico General Insurance Company*, 2007 WL 5150136, *33 (N.D. Cal. 2007).

Defendant cites to *Cattie v. Wal-Mart Stores, Inc.,* 504 F.Supp.2d 939 (S.D. Cal. 2007), alleging that this Court found lack of standing under the CLRA and UCL, reasoning that even if plaintiff had been injured by the alleged false advertising, plaintiff had not established a cognizable theory of standing because there was no demonstration that the injury was likely to be "redressed by a favorable decision" or that plaintiff was "realistically threatened by a *repetition* of the violation." Defendant also cites *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) for this proposition. *Cattie* is readily distinguishable on the facts. In *Cattie,* the plaintiff sued Wal-Mart Stores, Inc., alleging she bought bed linens from a website operated by Defendant, and that the thread count of the linens was lower than advertised. *Cattie*, supra, at p. 941. However, Plaintiff admitted during the briefing on the motion to dismiss that she never bought bed linens from Wal-Mart Stores, Inc., or had any business relationship at all with Wal-Mart Stores. *Id.* at p. 944. Based on this obvious lack

of causal connection, the Court held that plaintiff's allegations and proffered evidence were insufficient to show Wal-Mart Stores was involved in the alleged wrongdoing against Plaintiff. *Id.* at p. 943.

Here, there is no question or issue whether Plaintiff has named the correct Defendant, or whether Defendant's actions are causally-connected to the harm alleged by Plaintiff. As alleged in the FAC, Home Depot disseminated the allegedly misleading advertisements, and received monies from Plaintiff and Class members who purchased the bundled package of goods and services (water heater, permit, and installation). As such, *Cattie* is inapposite because there is no question that Home Depot actively participated in the actions and events that Plaintiff allege caused him harm, e.g. Defendant has not argued that Plaintiff purchased his water heater from Lowes, and not Home Depot.

Rather, this case is similar to *Shersher v. Sup. Ct.* (2007) 154 Cal.App.4th 1491, 1499-1500, wherein the Court found the plaintiff had standing under UCL because plaintiff previously had ownership interest in money paid to retailer for software that did not perform as expected. In fact, restitution under the UCL is not limited to the return of money or property that was once in the defendant's possession; it is "broad enough to allow a plaintiff to recover money or property in which he or she has a vested interest." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1149 (2003) (quoting *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 178 (2000). Here, Plaintiff has a vested interest in the property that comprises having a properly installed, permitted, inspected, and approved hot water heater that meets all applicable municipal codes. The facts are clear that Defendant has failed to notify the Plaintiff at the time the FAC was filed that a permit was issued and failed to take the necessary steps to get Plaintiff's hot water heater inspected and approved by the local City agencies at the time the FAC was filed. (Suppl. Stanford Decl. at ¶¶2-4.) See also *In re Conseco Life Ins. Co. Cost Of Ins. Lit.*, 2005 WL 5678790 at *2 (plaintiff had standing to bring 17200 claim because he alleged he "suffered a diminution in the level of his insurance coverage (lost property)").

Further, there is substantial evidence that there will be a repetition of the unlawful acts

alleged in the Complaint. Defendant admitted in its Notice of Removal that "from January 31, 2005 to October 28, 2007 alone, Home Depot sold more than 60,000 water heater installations in California." See Def.'s Notice of Removal ¶9. Based on the substantial volume of past sales, it is reasonable to infer that Home Depot continues to sell a large volume of water heater installations in California. Moreover, Home Depot has *never* argued or offered any evidence that it caused permits to be issued for every one of its "more than 60,000 water heater installations" customers at the time the FAC was filed or that Home Depot *refunded* the amount of the permit overcharged every one of its "more than 60,000 water heater installations" customers at the time the FAC was filed. As such, there is substantial evidence that, in the absence of declaratory and injunctive relief, the unlawful acts and practices alleged in the FAC will continue.

In *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006), plaintiffs brought a 42 U.S.C. § 1983 action for declaratory and injunctive relief against Oregon's Secretary of State that would prohibit the Secretary of State from applying any new, currently nonexistent, unwritten rules to future initiative petitions. *Id.* at p. 1181. Similar to *Cattie*, the Court found "there was no causal connection between the failure of the...petition to qualify for the ballot and the Secretary of State's allegedly unlawful conduct." *Id.* at p. 1182. The Court also found that the plaintiffs "ha[d] not demonstrated a likelihood that, in the absence of declaratory and injunctive relief, the Secretary will apply unwritten rules for circular certifications in the future." *Id.* at p. 1182. As discussed above, there is no question whether Defendant's actions are causally-connected to the harm alleged by Plaintiff, and this matter is distinguishable because there is substantial evidence that, in the absence of declaratory and injunctive relief, the unlawful acts and practices alleged in the FAC will continue. See Def.'s Notice of Removal ¶9 [Defendant sold more than 60,000 water heater installations in California from January 31, 2005 to October 28, 2007 alone].

Defendant cites *Rainwater v. Alarcon*, 2008 WL 510546 at *1 (9th Cir. Feb. 26, 2008)(affirming the district court's dismissal of injunctive claims under Rule 12(b)(6) because plaintiff did not have standing to sue); and *J.F. Shea Co. v. City of Chicago*, 992

F.2d 745, 750 (7th Cir. 1993) (defendants can properly move to dismiss for lack of standing because "[t]o prevent courts from ever dismissing a case for lack of standing would cause both courts and parties to waste precious resources") for the proposition that the Court need not afford any evidentiary submission at all on the issue of standing to sue.

Defendant further relies on *Rainwater v. Alarcon*, 2008 WL 510546 at *1 (9th Cir. Feb. 26, 2008), in which Plaintiff brought a civil rights action against state hospital officials alleging he was given medication without his informed consent. The district court determined Plaintiff did not have standing the officials for prospective injunctive relief because Plaintiff no longer received the medication, and there was no future threat that his right to informed consent would again be violated. *Id.* at *1. Again, this matter is distinguishable because there is substantial evidence that, in the absence of declaratory and injunctive relief, the unlawful acts and practices alleged in the FAC will continue. See Def.'s Notice of Removal ¶9 [Defendant sold more than 60,000 water heater installations in California from January 31, 2005 to October 28, 2007 alone].

Lastly, Defendant relies upon *J.F. Shea Co. v. City of Chicago*, 992 F.2d 745, 750 (7th Cir. 1993), in which the plaintiff brought claims under the Privileges and Immunities Clause of the U.S. Constitution. The Court found plaintiff lacked standing because he was merely an employee of a corporation that allegedly failed to procure contracts due to a city government's local business preference. The Court found his claim was not based on any injury suffered directly by plaintiff. *J.F. Shea* is factually distinguishable because it involved a plaintiff that did not have a direct connection to the defendant. By contrast here, Plaintiff is in privity with Defendant because Plaintiff purchased the bundled package of goods and services directly from Defendant.

Dated: May 14, 2008

KEEGAN & BAKER, LLP

s/Patrick N. Keegan
Patrick N. Keegan, Esq.
Attorneys for Representative Plaintiff
RICHARD STANFORD