# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

RICHARD STANFORD, individually and on behalf of all other persons similarly situated and on behalf of the general public,

Plaintiffs,

vs.

HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1 through 100, inclusive,

Defendants.

CASE NO. 07cv2193-LAB (WMc)

**ORDER RE STANDING OF PUTATIVE CLASS REPRESENTATIVE AND DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE BUT WITHOUT LEAVE TO AMEND**

[Dkt Nos. 10, 14]

This dispute arises from plaintiff Richard Stanford's ("Stanford") purchase from Defendant Home Depot U.S.A., Inc. ("Home Depot") of a water heater for his La Jolla, California residence and the permitting of its installation. Home Depot removed this putative class action from state court on November 16, 2006, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. §§ 1332(d) and 1453(b). Stanford filed a First Amended Complaint ("FAC") after removal. The matter is before the court on Home Depot's Motion To Dismiss for failure to state a claim, pursuant to FED.R.CIV.P. ("Rule") 12(b)(6) ("Motion"). Stanford filed an Opposition and a Motion For Leave To Amend should dismissal be granted, and Home Depot filed a Reply.

The court identified a concern with the putative class representative's standing to represent the class defined in the FAC and ordered additional briefing to address four discrete questions associated with that threshold question. Its decision to look beyond the pleading for an early determination of the standing issue requires the court to apply Rule 56 standards to resolution of that issue rather than Rule 12(b)(6) standards, and the court so informed the parties in soliciting supplemental briefs. Dkt No. 22. Stanford filed supplemental briefing on the standing issue. Dkt No. 27. Home Depot filed a responsive Supplemental Brief. Dkt No. 30. Stanford filed a Reply. Dkt No. 31. The court finds the issues presented appropriate for decision on the papers and without oral argument, pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Motion To Dismiss is **GRANTED** on the ground the court finds the named class representative lacks standing to represent the putative class, and the Motion For Leave To Amend is **DENIED**.

## I. BACKGROUND

The FAC alleges, among other things, Home Depot did not provide Stanford and others similarly situated with a required municipal permit for his water heater purchase for which they paid, or "unreasonably delayed" obtaining the permits, and charged more for the permit than its actual cost. The FAC asserts four causes of action: breach of contract; breach of the implied covenant of good faith and fair dealing; deceptive trade practices in violation of CAL. CIV. CODE §§ 1750, *et seq.*; and unlawful, fraudulent and unfair business practices in violation of CAL. BUS. & PROF. CODE §§ 17200, *et seq.*

Stanford alleges he went to a Home Depot store in May 2007 with the intention of purchasing a hot water heater for his home. FAC ¶ 6. While there, he saw and read two "uniformed advertisements" for water heaters and their installation posted in an aisle of the store. FAC ¶ 7. He transcribes in the FAC the two "uniform advertisement" texts, one of which listed the components of "Basic Installation" for "$299.00 plus permit fee,"[1] and the

[1] The components were listed as: delivery of water heater; haul away of old water heater; installation up to 50 gallons size; installation kit; earthquake straps and foam insulation; and "Service Protection Plus." "Permit fee additional" was also noted in the advertisement. FAC 7:26-8:12.

second described, among other things, the likelihood a municipal permit would be required.[2] FAC ¶ 19. Stanford characterizes the advertisements as offering a bundle of goods and services associated with hot water heater purchases: delivery, installation, and procurement of any required municipal permits relating to installation, with Home Depot to take all necessary steps to acquire the permits and cause them to be recorded with the city of San Diego. FAC ¶ 8. Stanford represents he "paid a total sum of $835.01[[3]] to Home Depot"he identifies by model and SKU number, a $112.00 charge for a "Permit Fee," and $25.00 for a "Sediment Trap (Drip Tee)." Id. He does not dispute Home Depot promptly delivered and installed the hot water heater in his residence.

Stanford alleges in both his original Complaint, filed November 16, 2007, and in his FAC, filed December 17, 2007 (after removal to federal court): "As of the filing of this complaint and notwithstanding his payment of the 'permit fee,' Home Depot has never prepared, filed, applied for, or otherwise caused to [be] recorded with the city of San Diego any 'required' municipal permit relating to the installation of the hot water heater in Plaintiff's residence." FAC ¶ 9, Compl. ¶ 11. Moreover, Stanford alleges "the amount the City of San Diego would actually charge for all 'required' municipal permits relating to the installation of a hot water heater in Plaintiff's residence is only $93.00 not $122.00, resulting in an overcharge by Home Depot of $19.00." FAC ¶ 9.

Stanford purports to represent a class composed of: "All persons in California who purchased hot water heaters from defendant Home Depot U.S.A., Inc. for delivery and installation and paid a municipal permit fee ('the Class') from October 15, 2003 to the date

---

[2] These were: a "local permit is required in most cities and counties;" a "temperature and pressure relief line must be installed;" replacement of any water shut-off valve that does not operate properly; and venting of the water heater, with notice that "additional costs may occur" associated with specific requirements of the particular installation.

[3] Stanford alludes specifically to his "receipt and written contract with Home Depot dated 05/29/07," although he attaches no exhibits to his complaint. The court applying Rule 12(b)(6) standards may consider documents necessarily relied on in a complaint even if not attached to the complaint, but only if authenticity is not contested. Stanford disputes the authenticity of the receipt Home Depot produced in support of its Motion. Accordingly, the court must accept as true the FAC allegations regarding the contents of Stanford's receipt in any particular where the parties' representations about the receipt and associated papers are disputed.

of the trial (the 'Class Period')." FAC ¶ 11. The gravamen of the class complaint relates to the permitting promises and process, as articulated in FAC ¶ 14: "During the Class Period, defendant Home Depot made uniform written statements to Plaintiff and the Class misrepresenting that Plaintiff and class members would receive both the purchase, delivery and installation of a hot water heater [goods and services Stanford does not dispute he received], and any and all 'required' municipal permits relating to the installation of the hot water heater in the class members' residences**, but actually did not include the municipal permit at all or in a reasonable time**, **and included an undisclosed or hidden surcharge**." FAC ¶ 14 (emphasis added); *see also* FAC ¶¶ 19, 21.

Stanford pleads the portion of the contract at issue as consisting of: (a) charging an agreed price "to acquire any and all 'required' municipal permits relating to the installation of the hot water heater in the purchaser's residence;" (b) agreeing to "[p]repare, file, apply for, or otherwise cause to be recorded the 'required' municipal permits for the installation of the hot water heater in the purchaser's residence with the applicable municipal government in California." FAC ¶ 24. Stanford pleads the breach as Home Depot: (a) charging permit fees greater than the actual permit fee charged by the municipalities; (b) charging permit fees for acquiring municipal permits "Home Depot neither intended to obtain[], acquire[], prepare[], file[] appl[y] for, or otherwise cause[] to be recorded with the applicable municipality. . . nor intended to obtain in a reasonable time;" (c) taking no such actions regarding the permits; (d) "[f]ailing to obtain within a reasonable time all 'required' municipal permits;" and (e) failing to refund the fees charged for the permits "never actually obtained within a reasonable time after installation." FAC ¶ 26. He seeks statutory, general, special, compensatory, and consequential damages, as well as injunctive relief, disgorgement of allegedly ill-gotten gains, and attorneys' fees.

Home Depot argues the "cornerstone allegations of this lawsuit are untrue, and their falsity can be readily ascertained from factual sources that are judicially noticeable." Mot. 1:2-3. Home Depot moves for dismissal of the action on grounds the core allegations related to the class representative are contradicted by judicially noticeable facts, in particular

the actual water heater installation permit Home Depot obtained for Stanford. Home Depot contends Stanford does not have standing to bring his CLRA or UCL claims, the CLRA cause of action as pled "merely parrot[s]" the statutory language without alleging facts to support the claim, on their face the advertisements alleged in the FAC are not likely to deceive a reasonable consumer, Stanford failed to plead reliance, and the class allegation contradictions "underscore the need for dismissal." Mot. P&A.

In Opposition, Stanford challenges the authenticity of Home Depot' version of his receipt provided in support of its Motion and of which it asks the court to take judicial notice. He also defends his standing to bring and his pleading of the UCL and CLRA claims on grounds he was allegedly overcharged by Home Depot for the permit and did not receive his permit in a reasonable time. He argues Home Depot cannot "pick off" the class representative by taking corrective measures after receiving the CLRA Notice letter. He separately asks the court grant him leave to amend the FAC should it grant Home Depot's Motion. Dkt No. 14. When a Rule 12(b)(6) motion is granted, leave to amend is ordinarily denied only when it is clear that the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

## II. DISCUSSION

### A. Legal Standards

#### 1. Failure To State A Claim

A Rule12(b)(6) motion to dismiss tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S.Ct. 1955, 1964 (May 21, 2007), *quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations; . . . a plaintiff's obligation to provide "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

> Factual allegations must be enough to raise a right to relief above the speculative level . . . .

Bell Atlantic, 127 S.Ct. at 1964-65 (citations omitted).

"[S]ome threshold of plausibility must be crossed at the outset" before a case is permitted to proceed. Bell Atlantic, 127 S.Ct. at 1966 (citation omitted), *abrogating the formulation in* Conley, 355 U.S. at 45-46. Rule 12(b)(6) dismissal does not require appearance, beyond a doubt, that plaintiff can prove *no set of facts* in support of a claim that would entitle plaintiff to relief.[4] Rather, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief,' "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' "" Id. (citations omitted). Dismissal is thus warranted where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc.,749 F.2d 530, 534 (9th Cir. 1984); *see* Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory, but fails to plead essential facts under that theory. Robertson, 749 F.2d at 534; *see* Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). In determining whether the complaint states a claim, the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party, including all reasonable inferences to be drawn from the facts alleged. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996); Cedars-Sinai Medical Center v. National League of Postmasters, 497 F.3d 972, 975 (9th Cir. 2007). However, legal conclusions need not be taken as true "merely because they are cast in the form of factual allegations." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); *see also* Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); *see also* Transphase Systems, Inc. v. Southern California Edison Co., 839 F.Supp. 711, 718

---

[4] Conley's "no set of facts" language "has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic, 127 S.Ct. at 1969. "It is not . . . proper to assume that [the plaintiff] can prove facts that it has not alleged or that the defendants have violated the [laws] in ways that have not been alleged." Id. at 1969 n.8 (citation omitted).

(C.D. Cal. 1993) (the court does not "need to accept as true conclusory allegations . . . or unreasonable inference") (citation omitted).

"Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006), *citing* Warren, 328 F.3d at 1141 n. 5. However, the "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." Id. (citation omitted); *see also* Warren, 328 F.3d at 1141 n. 5; MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) ("On a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings"). "The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" Marder, 450 F.3d at 448, *quoting* United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). If matters outside the pleadings are presented and not excluded by the court on a motion under Rule 12(b)(6) or 12(c), "the motion must be treated as one for summary judgment under Rule 56," with all parties "given a reasonable opportunity to present all the material that is pertinent to the motion." Rule 12(d).

**2. Judicial Notice**

In deciding a Rule 12(b)(6) motion, in addition to documents attached to the complaint or necessarily relied on in pleading the causes of action *when authenticity is not contested,* the court may consider judicially-noticeable facts without converting the motion into one for summary judgment requiring the application of Rule 56 standards. *See* Ritchie, 342 F.3d at 907; MGIC Indemnity, 803 F.2d at 504. The requirement that a court deciding a Rule 12(b)(6) motion must accept as true all material allegations in the complaint does not apply to "allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Judicial notice of adjudicative facts may be taken "at any stage of the proceeding," and must be taken "if requested by a party and supplied with the necessary information." FED. R. EVID. 201(f), (d).

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).

Home Depot asks the court to judicially notice: (1) a copy of the City of San Diego Development Services Approval Status for 5961 La Jolla Scenic S Drive for parcel owners Richard Stanford and Doris Tauner, a printed report dated December 20, 2007 recording "Approval Nbr 4 86078" to "Remove and Replace Gas Water Heater **epermit**" issued "9/13/2007" (Dkt No. 10-2, Exh. A); a reprint of a Home Depot Special Services Customer Invoice purporting to reflect the purchase of Stanford's gas water heater and payment of permit fees (Dkt No. 10-2, Exh. B); and a copy from the City of San Diego's web site of a four-page "Frequently Asked Questions" describing No-Plan On-Line Permits and instructing how to obtain them (Dkt No. 10-2, Exh. C). All three exhibits are authenticated by counsel Mark T. Cramer, Esq.'s Declaration. Dkt No. 10-6.

Stanford objects to the request for judicial notice. Dkt No. 16. First, he disputes the authenticity of Home Depot's Exhibit B, purporting to be a copy of Stanford's Customer Invoice for his purchase of the gas water heater, permit, and installation. Dkt Nos. 16, 14. His Declaration in Opposition to the Motion attaches two exhibits, one purporting to be a copy of the cash register receipt reflecting a $835.01 purchase and an 11-page Special Services Customer Invoice he asserts is the actual Customer Service Invoice he received (identified as "Exhibit 1" in the text of his Declaration, but attached as "Exhibit A"), and the second the three-page Special Services Customer Invoice relied on by Home Depot, reflecting a total amount of $816.01 (identified as "Exhibit 2" in the text of his Declaration, but attached as "Exhibit B"). He denies he ever received Home Depot's version of the invoice. Inasmuch as Stanford challenges the authenticity of Home Depot's Exhibit B invoice, the court declines to take judicial notice of that document in deciding this Motion.[5]

---

[5] The also declines to address counsel's allegedly mutual document production commitments and allegedly unilateral disavowal associated with their communications about the Motion and Opposition exhibits. *See* Cramer Decl. in support of Reply, Dkt No. 18. Similarly, the

*See* Ritchie, 342 F.3d at 907. Moreover, as the court decides this Motion solely on the standing issue, Home Depot's Exhibit B is not necessary to its disposition.

The court takes judicial notice of Home Depot's Exhibit A and Exhibit C,[6] as Stanford does not object to their authenticity and they are presented as documents on file with the City the authenticity of which cannot be reasonably questioned. *See* Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006). Exhibit A purports to be an e-permit for the water heater at Stanford's property. In so doing, the court notices the adjudicative facts that Stanford *actually received* municipal approval for the gas water heater removal and replacement at his residence, and the permit was issued on September 13, 2007, before he filed his Complaint. Stanford advances no objection to the authenticity of that document and does not appear to dispute Home Depot actually procured the required a permit, leaving only the inference from the FAC allegations that the time period within which Home Depot arranged for the permit to issue was "unreasonable," although he alleges no adverse consequence to him of the delay.

**3. Rule 56 Applied To Standing Issue**

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under rule 56," with all parties "given a reasonable opportunity to present all material that is pertinent to the motion." Rule 12(d). The court notified the parties in an April 9, 2008 Order Requiring Additional briefing of its intention preliminarily to address the standing issue component of the Motion To Dismiss in consideration of materials outside the pleading. The court ordered supplemental briefing on issues associated with Stanford's standing to

---

court notes but does not rely for its ruling on the explanation for the Invoice discrepancy provided in the Korhummel Declaration in support of Home Depot's Reply. Mr. Korhummel, a manager of the Genesee Home Depot store, represents Home Depot's version of the invoice obtained from its computer system and printed out as its Request For Judicial Notice, Exhibit B, Special Services Invoice for Richard Stanford, "accurately reflects that Richard Stanford ultimately paid $816.01 for the water heater and related services," and the Invoice reprint system only retains "the total amount ultimately paid by the customer." Korhummel Decl. ¶¶ 4-6.

[6] Home Depot's Exhibit C for judicial notice merely substantiates the City's procedures for obtaining such permits electronically and the City's requirement that a plumbing and gas permit is required for installation or replacement of water heaters.

represent the putative class defined in the FAC. Stanford was asked to substantiate with evidence within his personal knowledge (thus not requiring the extensive discovery he asserts he needed in order to respond to the Order and to resist dismissal on the standing ground) and authority: whether he received a refund of the $19.00 overcharge for the water heater permit; whether he concedes or can disprove his hot water heater was actually permitted before he filed his Complaint; whether he suffered any actual injury caused by any delay in obtaining the permit; and whether "unreasonable delay" is a cognizable legal theory of recovery in these circumstances, with or without actual injury resulting from such delay.

Plaintiff bears the burden of proof on the issue of Article III standing. Standing is a threshold inquiry that does not decide the merits of the claims advanced, but only the propriety of permitting a particular plaintiff to obtain an adjudication of the merits of his or her claims in federal court. Article III requires the plaintiff show: (1) he has suffered an "injury in fact" that is concrete, particularized, and actual (or imminent) rather than conjectural or hypothetical; "(2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, and that the injury will be redressed by a favorable decision."[7] Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc., 528 U.S. 167, 180-81 (2000); *see* Lujan v. Defenders Of Wildlife, 504 U.S. 555, 560-61 (1992). Summary adjudication in favor of the defendant is appropriate if the defendant shows that there is an absence of evidence to support the plaintiff's right to seek relief in federal court. If the movant meets his or her burden, the burden then shifts to the non-movant to show that summary adjudication of the issue is not appropriate. Celotex v. Catrett, 477 U.S. 317, 324 (1986). If the non-movant fails to make a sufficient showing of an element of his or her case, the movant is entitled to a judgment as a matter of law. Celotex, 477 U.S. at 325.

**B. Stanford Lacks Standing**

All class actions in federal court must meet the four prerequisites of Rule 23(a), with the burden on the plaintiff to demonstrate satisfaction of each element: numerosity;

---

[7] A plaintiff in a federal action, even one first brought in state court, must satisfy Article III standing requirements to prosecute the litigation. *See* DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 & n.3 (2006).

commonality; typicality; and adequacy of representation. As pertinent here, the person representing the class must be able "fairly and adequately to protect the interests" of all members in the class. Rule 23(a)(4). The putative class representative must demonstrate he or she is in fact a member of the class sought to be certified, a requirement that overlaps with Rule 23's "typicality" element. General Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 157 (1982). The purpose of that requirement is to ensure due process for the unnamed class members who will be bound by the judgment in an action prosecuted by a representative. *See* Richards v. Jefferson County, Ala., 517 U.S. 793, 801 (1996); Crawford v. Honig, 37 F.3d 485, 487 (9th Cir. 1994). "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003) (vacating class certification due to the class representative's personal lack of a viable claim under state law), *quoting* O'Shea v. Littleton, 414 U.S. 488, 494 (1974). Absent standing of the putative class representative, the court cannot reach the merits of the claims.

> [S]tanding is the threshold issue in any suit. If the individual plaintiff lacks standing, the court need never reach the class action issue. . . . [I]n class actions, the named representatives **must allege and show that they personally have been injured**, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.

Lierboe, 350 F.3d at 1022 (quotations and citation omitted) (emphasis added).

To satisfy normal Article III "case or controversy" requirements, if the individual claim of the putative class representative becomes moot before class certification, the action may be dismissed for lack of subject matter jurisdiction. *See* Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 135-36 (3rd Cir. 2000); Comer v. Cisneros, 37 F.3d 775, 798-99 (2nmd Cir. 1994); Grant *ex rel.* Family Eldercare v. Gilbert, 324 F.3d 383, 389 (5th Cir. 2003). However, if the claims are so inherently transitory that the proposed representative's individual interest expires before the court can rule on a motion for class certification, it is enough to permit the representation to continue if the claims were not moot

when the representative commenced the class action. *See, e.g.*, County of Riverside v. McLaughlin, 500 U.S. 44, 51 (1991). Nevertheless, when defective standing exists at the time the plaintiff files the action, the court is aware of no mootness exception that could save the representation. If the named putative class representative lacked standing at the inception of the action, the complaint cannot be saved on the required element of adequacy of representation because the "case or controversy" requirement of Article III was not satisfied with respect to that plaintiff from the outset.

Home Depot contends its investigation after the initial Complaint was filed revealed Stanford in fact has had a permit for the water heater installed in his La Jolla home since September 13, 2007, as supported by the permit approval it obtained from the City of San Diego provided as Exhibit A to its Request For Judicial Notice. Stanford filed his initial Complaint in state court a full month thereafter, although his December 17, 2007 FAC, filed a month after removal to federal court on November 16, 2007, continues to allege his water heater was never permitted. He appears to rely for that erroneous representation on his contention neither Home Depot nor the City ever *told him* the permit had issued.[8] Home Depot observes the FAC adds other contentions (such as the claim the permit fee was too high and the apparent inference Stanford means to suggest Home Depot charges fees for "required" permits that are not actually required or fails to obtain required permits in a "reasonable time"), but insists "the core allegation" asserting Stanford never received a permit remained unchanged from the Complaint through the FAC. Home Depot thus undertakes to negate "a factual allegation essential to plaintiff's claims" which "warrants dismissal under Rule 12(b)(6)." Mot. 1:21-25. Home Depot also contends the FAC is deficient in its failure to plead Stanford relied at all, let alone to his detriment, on a more

---

[8] Stanford's permit-related allegations depend on his contention he was "not informed by" Home Depot or by the City of San Diego that a permit had actually issued on September 13, 2007. However, Stanford's own Declaration substantiates he knew the number to call at the City for information regarding permitting of water heater replacements months prior to the filing of this lawsuit, but apparently neglected to investigate the validity of his Complaint representation Home Depot failed to procure the promised municipal permit before filing the action. The federal rules require that the presentation of any factual contention in a pleading have evidentiary support, with the claims supported by the pleader's best knowledge, information, and belief "formed after an inquiry reasonable under the circumstances." FED. R. CIV. P. 11(b).

timely procurement of the municipal permit, so the FAC fails to state a claim under that theory as well.

The court finds Home Depot actually obtained the subject permit for Stanford's gas water heater replacement before the date he filed his Complaint. Stanford is accordingly not a proper putative class representative for persons for whom Home Depot allegedly never obtained the promised and purchased permit. The court also finds the absence of any allegations of injury due to delay in obtaining the permit prevents Stanford from serving as a class representative on behalf of persons who may have been injured by some dilatory practice he infers Home Depot allegedly follows. Moreover, Standford failed to provide the court with any legal argument or authority in response to its Order soliciting supplemental briefing going to the injury and the unreasonable delay issues.

Home Depot also argues Stanford does not have standing to bring the UCL or CLRA claims because he was not overcharged. Stanford's own Declaration in support of his supplemental brief on the standing issue substantiates he returned to the Home Depot store where he had purchased the hot water heater on May 30, 2007, after its installation, because he had learned from his telephone call to the City of San Diego "the true price of a permit for the removal and replacement of a gas water heater was $93.00 and not $112.00 as charged" and that a store manager "conceded that I had been overcharged for the permit fee and agreed to issue me a credit." Dkt No. 27-3, ¶ 3. He makes no claim the credit was not made.[9] His showing thus falls short of raising a triable issue of fact to save his standing to represent the putative class.

In summary, Home Depot's demonstration it actually obtained a permit for Stanford's water heater installation from the City before he filed his lawsuit, Stanford's own admission Home Depot immediately offered to credit him the $19.00 overcharge for that permit when

---

[9] With respect to the permit price discrepancy, Home Depot provides an explanation through the Korhummel Declaration in support of its Reply, with two exhibits purporting to document the order and payment history and reflecting a refund entered the day after Stanford purchased his hot water heater, noting the documents show Stanford had notified Home Depot it was charging $19.00 more than the actual $93.00 municipal permit fee, and Home Depot credited his American Express card accordingly.

he brought the matter to its attention, Home Depot's evidence the credit was made to Stanford's credit card and his own avoidance of a direct response to the question whether he received the $19.00 credit for the permit cost overcharge, and Stanford's failure to brief the injury component of his standing the court formulated as a question for supplemental briefing cause the court to find he has not carried his shifted burden to create a triable issue of fact on elements essential to establish his standing to prosecute this litigation, personally or as a class representative. He produces no evidence to refute Home Depot actually procured the permit. He fails to brief the legal issue the court raised regarding whether "unreasonable delay" is a cognizable legal theory of recovery in these circumstances. He makes no showing court intervention is required to effectuate an inspection of the installation. He identifies no injury occasioned by the delay in obtaining the permit or in any other cognizable manner. Absent an "injury in fact" that is concrete, actual, particularized, and redressable by a favorable decision, a plaintiff lacks standing to litigate his claims personally, or on behalf of others. *See* Friends of the Earth, 528 U.S. at 180-81. Finally, he has not made any showing permitting the inference he is realistically threatened by any repetition of the alleged wrongdoing. As it appears to this court the opportunity to plead additional facts in a third iteration of the claims by this plaintiff cannot cure his fundamental standing deficiencies, leave to amend through a Second Amended Complaint is not warranted.

## III. CONCLUSION AND ORDER

For all the foregoing reasons, the Motion To Dismiss the FAC in its entirety is **GRANTED** on the ground the named putative class representative lacks standing to prosecute the action. The dismissal is without prejudice, but leave to amend is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 23, 2008

Larry A. Burns

HONORABLE LARRY ALAN BURNS
United States District Judge