UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 06 2010

MOLLY C. DWYER, CLERK OF COURT
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD STANFORD, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>HOME DEPOT U.S.A, INC.,, a Delaware corporation,<br><br>    Defendant - Appellee. | No. 08-56101<br>D.C. No. 3:07-cv-02193-LAB-WMC<br>Southern District of California, San Diego<br><br>MANDATE |



The judgment of this Court, entered 11/24/09, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

Molly C. Dwyer
Clerk of Court

By: Rhonda Roberts
Deputy Clerk

FILED

NOV 24 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD STANFORD, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>HOME DEPOT USA, INC., a Delaware corporation,<br><br>Defendant-Appellee. | No. 08-56101<br><br>D.C. No. CV-07-02193-LAB-WMC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted November 5, 2009
Pasadena, California

Before: GOULD and BEA, Circuit Judges, and HART, District Judge.**

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*   The Honorable William T. Hart, District Judge for the Northern District of Illinois, sitting by designation.

Plaintiff Richard Stanford alleges that he purchased a hot water heater at a retail store of defendant Home Depot U.S.A., Inc. located in California. He asserts that he contracted with and paid defendant to have the heater installed and appropriate permits obtained, but that defendant failed to obtain the necessary permit and, contrary to the parties' contract, charged him more for the permit than the local municipality actually charged. Plaintiff brought his action on behalf of a putative class of similarly situated California residents. After removing this case from state court, defendant raised a question of whether plaintiff lacked standing, which the district court resolved on summary judgment. On summary judgment, there was no genuine factual dispute that the alleged excess permit charge was refunded on the day after the purchase and that a permit was issued a few months after the installation and prior to plaintiff filing his lawsuit. Holding there was no evidence of any injury caused to plaintiff by a delay, the district court dismissed the case without prejudice for lack of standing.

On appeal, plaintiff contends his individual claim still existed because the inspection necessary to complete the permit process had not occurred. Plaintiff also contends that the permit was not issued until after he sent defendant notice of a state consumer law violation and that defendant may not "pick off" the named plaintiff of a putative class action by providing relief only to that person. It is further

contended that the district court violated Fed. R. Civ. P. 56(f) by not allowing plaintiff an opportunity for discovery prior to ruling on summary judgment. Alternatively, plaintiff contends the district court should have permitted discovery as to contact information for putative class members so that a new named plaintiff could have been substituted for plaintiff.

A district court's summary judgment ruling is reviewed *de novo*. *Sprint PCS Assets, L.L.C. v. City of Palos Verdes Estates*, 583 F.3d 716, 720 (9th Cir. 2009). As to the Rule 56(f) issue, "[d]istrict courts have wide latitude in controlling discovery, and decisions not to permit further discovery in response to motions made pursuant to Federal Rule of Civil Procedure 56(f) are reviewed for abuse of discretion." *United States v. Johnson Controls, Inc.*, 457 F.3d 1009, 1023 (9th Cir. 2006).

Article III standing goes to a court's subject matter jurisdiction. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). Article III requires that a plaintiff "show that (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a

3

favorable decision." *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)).

Plaintiff contends he was still suffering an injury at the time he brought this action on October 12, 2007 because his permit was not legally complete. Uncontested evidence established that a "no-plan permit" was required for plaintiff's hot water heater. It was not required that a plan be "reviewed" before construction, but municipal rules provided the water heater installation still had to be inspected after completion and "[t]he project is not legally complete until it passes the final inspection." That inspection, however, need only be completed prior to the expiration of the permit. Undisputed evidence establishes the water heater was installed on May 30, 2007, a permit issued September 13, 2007 before suit was filed, and the permit did not expire until September 7, 2008. It is also undisputed that, by no later than January 2008, plaintiff learned a permit had been issued. There is no contention that the City's rules or the parties' contract required that defendant's installer schedule or be present for the inspection--plaintiff was responsible for scheduling the inspection at his residence. Any delay in informing plaintiff that a permit had been issued did not cause a "legal completeness" injury. When this action was filed, when it was removed to federal court, and when plaintiff learned of a permit in January 2008, he still had months to schedule and

4

complete the required inspection.¹ Plaintiff did not satisfy his burden of establishing the existence of an actual injury at the time this action was brought.

Although there was no existing injury when this case was brought, plaintiff contends it was nevertheless improper to "pick him off" by applying for the permit after he had sent the notice required for one of his state law claims. *See* Cal. Civ. Code § 1782(a); *see also id.* §§ 1782(b)-(c). But even if state law provides a litigant in plaintiff's situation has statutory standing to continue to act as a private attorney general in state court, in federal court he must also satisfy Article III standing requirements. *Lee v. American Nat'l Ins. Co.*, 260 F.3d 997, 1001-02 (9th Cir. 2001); *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021-22 (9th Cir. 2004); *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 942 (S.D. Cal. 2007). Since he had no injury when this action was brought, plaintiff did not satisfy Article III standing requirements. Also, since plaintiff had no live claim and therefore no standing when the case was first brought, this is not a situation in

---

¹At oral argument, for the first time, plaintiff contended he was also injured because he was potentially subject to being fined for having the water heater installed prior to the issuance of a permit. That contention is waived for failure to raise it earlier. In any event, while City rules do permit a fine for such conduct, there was no evidence submitted supporting that, as of the filing of this action or any other time, any actual and imminent threat of being fined existed. *See generally Stormans, Inc. v. Selecky*, ___ F.3d ___, ___, 2009 WL 3448435 *12 (9th Cir. Oct. 28, 2009); *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1140-41 (9th Cir. 2000).

which the case can continue with a putative class member substituted as the named plaintiff. *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022-23 (9th Cir. 2003); *Blackwell v. SkyWest Airlines, Inc.*, 245 F.R.D. 453, 463 (S.D. Cal. 2007); Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Fed. Prac. & Proc. Civil 3d* § 1785.1 at 418 & n.44. (2005). *Compare Sosna v. Iowa*, 419 U.S. 393 (1975) (named plaintiff's individual claim became moot after action was commenced); *Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924-25 (9th Cir. 2007) (same); *Fed. Prac. & Proc. Civil 3d* § 1785.1 at 405-15, 427-28 (same).

In order to prevail on the Rule 56(f) issue, plaintiff must establish on appeal that the denial of a continuance to engage in discovery resulted in "actual and substantial prejudice." *See Martel v. County of Los Angeles*, 56 F.3d 993, 995 (9th Cir. 1995) (en banc). *See also Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes*, 323 F.3d 767, 774 (9th Cir. 2003) (district court did not err when it refused to grant additional discovery under Rule 56(f) since additional discovery would be futile). A remand could only be appropriate if plaintiff was improperly denied the opportunity to obtain discovery that potentially would have enabled him to avoid dismissal by showing that he suffered and continued to suffer an injury

6

that would have supported standing.  The facts plaintiff was required to establish were facts that generally are within the knowledge of the plaintiff, not the defendant.  The additional briefing that was ordered in the district court concerned "discrete issues uniquely within the knowledge of plaintiff or easily ascertainable by him."  To the extent plaintiff could not establish claimed injuries through his own declaration or obtain other competent support, he should have been capable of both describing his injuries and the additional discovery he would need in order to submit competent proof.  On appeal, however, plaintiff does not point to any material facts favorable to him that would potentially have been provable by additional discovery, so it cannot be held that it was reversible error to have denied further discovery.  *See Nicholas v. Wallenstein*, 266 F.3d 1083, 1088-89 (9th Cir. 2001); *id.* at 1089 (Tashima, J., concurring); *Applied Info. Sci. Corp. v. eBAY, Inc.*, 511 F.3d 966, 969 n.1 (9th Cir. 2007) (plaintiff did not make clear on appeal how additional time to file its brief opposing summary judgment would have precluded summary judgment).

Last, plaintiff contends he should have been permitted discovery as to contact information for putative class members.  However, since plaintiff lacked standing when the case was first brought, dismissal could not have been avoided by

7

substituting a different named plaintiff. It was not error to deny such discovery.

*See Lierboe*, 350 F.3d at 1023; *Blackwell*, 245 F.R.D. at 463.

**AFFIRMED.**